Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:  (310) 693-0775
Facsimile:   (310) 627-0172
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.<br><br>Defendant. | Case No.: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINSTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO SERVE WITNESS JASON ASTON THROUGH ALTERNATIVE SERVICE**<br><br>**Local Rule 233**<br><br>Action Filed: January 8, 2025<br>Trial Date: April 20, 2027 |

Defendant Sweetener Products, Inc. ("Defendant") respectfully opposes Plaintiff Central Valley Eden Environmental Defenders, LLC's ("Plaintiff") (collectively, the "Parties") Administrative Motion to Continue the Hearing on Defendant's Motion to Serve Witness Jason Aston through Alternative Service (the "Motion to Continue"). Dkt. 99. Plaintiff's Motion to Continue is an unwarranted delay tactic that seeks to limit Defendant's ability to depose Plaintiff's sole standing witness. There is no legitimate basis to continue the hearing. While Plaintiff argues that it needs testimony and documents from Defendant's investigator, Shannon Brown, these are protected by privilege and irrelevant to Defendant's underlying Motion to Serve Witness Jason Aston through Alternative Service ("Motion for Alternative Service"). Accordingly, Plaintiff's Motion to Continue should be denied, and the hearing should proceed as scheduled for May 26, 2026.

## I.    BACKGROUND

Defendant has been attempting to depose Plaintiff's standing witness, Jason Aston, since August 2025, nearly nine months ago. Mr. Aston initially authorized Plaintiff to accept a subpoena on his behalf, however, since the Court lifted the litigation stay in March, Plaintiff has insisted that Defendant must personally serve Mr. Aston. Dkt. 88, Novak Declaration, Exhibits D and E.  However, Plaintiff will only provide outdated witness information, as Mr. Aston himself confirmed in his declaration. Dkt. 94-2, Aston Declaration, ¶¶ 7-9. When Defendant sought updated information for the witness, Plaintiff's legal team claimed to have no additional information on his whereabouts. Dkt. 88, Novak Declaration, Exhibit E.

Mr. Aston's declaration demonstrates why Defendant needs the requested relief. Rather than allow Plaintiff's counsel to accept a subpoena, or to update his contact information, he confirmed that he will not give defense counsel his contact information. Dkt. 94-2, Aston Declaration, ¶¶ 8-9. Consequently, to adhere to Plaintiff's personal service requirement, Defendant justifiably retained private investigator Shannon Brown

Def's Oppo to Plaintiff's Motion
to Continue Hearing on Aston Service
2
Case No.: 2:25-cv-00078-WBS-CSK

to locate and serve Mr. Aston. When Ms. Brown could not serve Mr. Aston, Defendant was forced to bring its Motion for Alternative Service. Dkt. 87.

Plaintiff's Motion to Continue is an effort to delay Defendant's ability to depose Plaintiff's only standing witness. Plaintiff requests the continuance so that it can locate and serve Ms. Brown with a subpoena for documents related to her work on Defendant's behalf and to testify at the hearing. Dkt. 99, at p. 2:21-26. Plaintiff also baselessly suggests that Ms. Brown lacks a valid private investigator's license. Dkt. 99, at p. 2:7-11. Neither issue has any bearing on Defendant's Motion for Alternative Service. The Motion for Alternative Service considers whether Defendant has made diligent efforts to serve Mr. Aston and remains unable to do so. Plaintiff's pursuit of discovery from Ms. Brown is a distraction and an attempt to further delay actual discovery from proceeding in this litigation.

## II.    ARGUMENT

Jason Aston is Plaintiff's only standing witness. Dkt. 88, Novak Declaration, Exhibit A. As an organization, Plaintiff must demonstrate standing to establish that it may legally proceed with this lawsuit. See *Sierra Club v. SCM Corp.,* 747 F.Supp.2d 99, 107 (2nd Cir. 1984) (finding that organization must make concrete showing that members suffered harm); see also *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007-008 (7th Cir. 2021) (finding that organizations must identify members to establish standing).  On May 5, 2026, at a hearing on Defendant's Motion to Compel a Rule 30(b)(6) witness, the Honorable Chi Soo Kim acknowledged this point, specifically telling Plaintiff that without a standing witness, it is in "real trouble." Dkt. 100, Transcript at p. 37:17-18, (May 5, 2026).  The Court further suggested that it was in Plaintiff's interest to resolve Defendant's ability to serve Mr. Aston, and it was not appropriate to withhold his information.  *Id.* at pp. 38:13-20; 41:19-42:6.

Courts have the authority to permit alternative service of subpoenas. See *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.,* 2020 WL 4748324, at *5 (E.D. Cal. 2020); *Westgate LVH, LLC v. Trustees of the Nevada Resort Assoc.,* 2018 WL 11445543,

at *1-2 (D. Nev. 2018); *BBK Tobacco & Foods LLP v. Skunk Incorporated,* 2020 WL 619675, at *1-2 (D. Ariz. 2020). When ruling on motions seeking alternative service, courts consider whether a party has demonstrated diligent attempts at personal service. See *Fujikura Ltd. v. Finisar Corp.,* 2015 WL 5782351, at *5 (N.D. Cal. 2015). Here, Defendant has sought relief to serve Mr. Aston through alternative means after being unsuccessful in its multiple attempts to personally serve him.

The following factors are undisputed:

(1)    Defendant could not serve Mr. Aston with a deposition subpoena at the address Plaintiff provided (Dkt. 88, Novak Declaration, Declaration, ¶¶ 10-13; Dkt. 94-2, Aston Declaration, ¶¶ 7-9);

(2) Plaintiff would not provide a further address for service of Mr. Aston (Dkt. 88, Novak Declaration, ¶ 9).

(3) Defendant unsuccessfully attempted to serve Mr. Aston at multiple addresses associated with him. (Dkt. 88, Novak Declaration, ¶¶ 10-11; Novak Declaration, Exhibit F); and

(4) Mr. Aston has not authorized Plaintiff's counsel to accept a subpoena for him, nor provided updated contact information to allow defense counsel to serve him personally. (Dkt. 94-2, Aston Declaration, ¶¶ 7-9; Dkt. 88, Novak Declaration, ¶ 9).

These factors alone support Defendant's Motion for Alternative Service and the request to serve Mr. Aston through alternative means. Delaying the hearing on the Motion for Alternative Service will only prejudice Defendant and further delay discovery in the case on a critical jurisdictional issue.

Moreover, contrary to Plaintiff's suggestions, Ms. Brown holds a valid private investigator license under license numbers 189325 and 26921. Mantalis Declaration, Exhibit A, p. 2, ¶ 3. She also kept records of her investigation of Mr. Aston, including her attempts to serve him at a variety of addresses. *Id.* at pp. 2-4. Any other information that Plaintiff attempts to seek from Ms. Brown is not subject to disclosure. See *United States v. Nobles,* 422 U.S. 225, 238 (1975) (attorney-work product doctrine applies to

---

Def's Oppo to Plaintiff's Motion
to Continue Hearing on Aston Service

4

Case No.: 2:25-cv-00078-WBS-CSK

documents and materials created by agents of the attorney, including investigators). Even if not privileged, the information Plaintiff seeks from Ms. Brown is irrelevant to whether Defendant has made diligent efforts to serve Mr. Aston and whether alternative service is warranted.

The Court's inquiry on the Motion for Alternative Service should focus on Defendant's good faith attempts to locate and serve the witness. See *Fujikura Ltd.,* 2015 WL 5782351, at *5. Plaintiff's attempt to subpoena Ms. Brown for unrelated documents and testimony has no probative value, seeks privileged information, and only serves to delay these proceedings.  See Fed. R. of Evid. 403 (court may exclude evidence if probative value is outweighed by prejudice or it causes undue delay). Therefore, Plaintiff's request to continue the hearing on Defendant's Motion for Alternative Service should be denied.

## III.    CONCLUSION

Defendant respectfully requests that the Court deny Plaintiff's Administrative Motion to Continue the Hearing on Defendant's Motion for Alternative Service. Plaintiff's motion is a delay tactic based on irrelevant and privileged information that does not justify a further postponement in Defendant's ability to conduct necessary discovery. Thus, Defendant requests that the Court deny Plaintiff's Motion to Continue and allow the Motion for Alternative Service to be heard as scheduled on May 26, 2026.

Date: May 13, 2026                              LAW OFFICE OF JENNIFER F. NOVAK

/s/ Demetria Mantalis
Demetria Mantalis
Attorney for Defendant Sweetener Products, Inc.