UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, | Case No. 2:25-cv-00078-WBS-CSK |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 35, 65) |
| SWEETENER PRODUCTS, INC., | |
| Defendant. | |

Pending before the Court is Defendant Sweetener Products, Inc.'s motion to compel Plaintiff Central Valley Eden Environmental Defenders, LLC to identify and produce a witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) (ECF No. 35), and Plaintiff's motion for a protective order as to the same Rule 30(b)(6) deposition (ECF No. 65). A hearing was held on May 5, 2026. Adam Brumm appeared as counsel for Plaintiff; Jennifer Novak appeared as counsel for Defendant. (ECF No. 92.)

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to compel, and GRANTS IN PART and DENIES IN PART Plaintiff's motion for a protective order.

/ / /

1

## I.    BACKGROUND

### A.    Factual Allegations

Plaintiff is an environmental group whose "organizational purpose is the protection, preservation and enhancement of the rivers, creeks, streams, lakes and oceans (and their tributaries) in California." Compl. ¶ 12 (ECF No. 1). Plaintiff pursues this goal by litigating enforcement actions under the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and California's Industrial General Permit ("General Permit"). *Id.* ¶ 13. The General Permit, which is issued by the California Water Board, sets general requirements for how industrial facilities in California may discharge storm water pursuant to the Clean Water Act's regulatory framework for industrial storm water discharges—that is, the National Pollutant Discharge Elimination System. *Id.* ¶¶ 24-25, 31, 36. Plaintiff is composed of volunteer members who reside throughout Northern California. *Id.* ¶¶ 14-15.

Plaintiff alleges Defendant owns a facility that manufactures and distributes food products and beverage ingredients, including sweeteners. *Id.* ¶ 93; Joint Statement at 3 (ECF No. 89). Plaintiff alleges Defendant is required to obtain coverage under, and comply with, the General Permit. Compl. ¶ 99. Plaintiff alleges Defendant's facility ejects storm water that enters the Mokelumne River, a tributary of the Sacramento-San Joaquin River Delta Waterways. *Id.* ¶¶ 15, 100. Plaintiff makes this allegation "[b]ased on Plaintiff's investigation, including but not limited to a review of the Defendant's Notice of Intent to Comply with the Terms of the Industrial General Permit ("NOI"); SWPPP and Site Map, aerial photography and drone footage; federal, state and local regulatory agency mapping tools; and eyewitness reports." *Id.* ¶ 100. Plaintiff alleges the Mokelumne River is a "navigable Water of the United States." *Id.* Plaintiff alleges that some of its members reside, work, or recreate near the Mokelumne River and that these members' "use and enjoyment of these natural resources has been and continues to be adversely impaired by Defendant's failure to comply with the procedural and substantive requirements of the Industrial General Permit and the CWA." *Id.* ¶ 15.

Plaintiff brings a citizen suit under the Clean Water Act, alleging that Defendant violated multiple standard conditions of the General Permit. *Id.* ¶¶ 103-165. Plaintiff brings the following causes of action, each of which assert violations of the General Permit and the Act: (1) failure to prepare, implement, review, and update an adequate Storm Water Pollution Prevention Plan; (2) failure to develop and implement an adequate monitoring and reporting program for Defendant's facility; (3) submission of false annual reports to the Regional Water Board; (4) failure to implement Best Available Treatment and Best Conventional Treatment technologies and Best Management Practices at Defendant's facility for its discharges of pollutants; (5) discharge of contaminated storm water; (6) failure to comply with required Exceedance Response Actions; and (7) failure to properly train and establish a Pollution Prevention Team. *Id.* ¶¶ 171-74, 176-79, 181-83, 184-88, 190-98, 200-03, 205-07. Plaintiff seeks declaratory and injunctive relief, civil penalties accounted per violation per day, and attorney's fees and costs. *Id.* at Relief Requested.

Defendant answered the Complaint on January 30, 2025. (ECF No. 5.)

**B.      Background Relating to Discovery Dispute**

On June 26, 2025, Defendant served a Notice of Deposition pursuant to Rule 30(b)(6) on Plaintiff. Def. Mot. at 2 (ECF No. 35); Pl. Mot. at 1 (ECF No. 65). Defendant's Notice identified the following nine deposition topics:

1.      Any documentation, photographic, or videographic evidence in YOUR possession relating to conditions at the FACILITY alleged in the COMPLAINT.

2.      Any sampling, monitoring, inspection, or other investigative activities by YOU relating to the allegations in the COMPLAINT.

3.      The basis of the allegations in the COMPLAINT that SWEETENER has violated conditions of the PERMIT.

4.      The basis of the claim YOUR members have been injured as alleged in the COMPLAINT.

5.    The basis of the allegations in the COMPLAINT that SWEETENER DISCHARGES contaminated storm water.

6.    The impacts you allege in the COMPLAINT that SWEETENER has on the Mokelumne River.

7.    The basis of the allegation in the COMPLAINT that DISCHARGES of stormwater from the FACILITY reach a Water of the United States.

8.    The business purpose, mission, and organizational structure of YOUR organization, including membership of YOUR organization.

9.    Violations of the Water Quality Control Plan for the California Regional Water Quality Control Board, Central Valley Region, and Receiving Water Limitations as alleged in the COMPLAINT.

Declaration of Jennifer Novak (ECF No. 90), Exh. A (Notice of Deposition) (ECF No. 90-1). Plaintiff served multiple responses and objections on July 3, 2025, July 29, 2025, and August 4, 2025, respectively. Def. Mot. at 3; Novak Decl., Exh. B (Response and Objection) (ECF No. 90-2), Exh. E (Amended Response and Objection) (ECF No. 90-5), Exh. F (Second Amended Response and Objection) (ECF No. 90-6).

On July 11, 2025 and August 4, 2025, the parties met and conferred regarding Plaintiff's objections to the Rule 30(b)(6) deposition at large and to each of the deposition topics. Declaration of Adam D. Brumm ¶¶ 2-5 (ECF No. 89-1); Novak Decl. ¶ 2. The subject of a motion for a protective order was raised. Brumm Decl. ¶ 5, Exh. C (Def. Letter) at 6 ("If Eden is confident about the legitimacy of their objections, it should seek a protective order from the Court.").

Defendant filed a motion to compel for the first time on August 13, 2025. (ECF No. 13.) On August 18, 2025, Plaintiff filed a motion for a protective order. (ECF No. 15.) A hearing on both motions was set for September 16, 2025. 8/22/2025 Minute Order (ECF No. 17).

On September 9, 2025, the Court issued a minute order noting that the parties had filed multiple different documents comprising hundreds of pages related to these two

4

motions, including what appeared to be either duplicative filings or documents filed in error. 9/9/2025 Minute Order (ECF No. 28). In addition, the parties failed to follow the Court's order regarding page limits and deadlines. (*Id.*) The Court ordered the parties to file a single Joint Statement re: Discovery Disagreement addressing the discovery dispute as to the Rule 30(b)(6) deposition of Plaintiff. (*Id.*) The Court also vacated the September 16, 2025 hearing on Defendant's motion to compel and Plaintiff's motion for protective order. (*Id.*) On September 15, 2025, Plaintiff re-filed its motion for protective order, noticing a hearing date of October 21, 2025. (ECF No. 30.) Plaintiff filed an amended motion on September 19, 2025, with a re-noticed hearing date of October 28, 2025. (ECF No. 33.) Defendant then re-filed its motion to compel on September 22, 2025, also noticing a hearing date for October 28, 2025. Def. Mot. (ECF No. 35). The parties filed a Joint Statement re: Discovery Disagreement and accompanying declarations and exhibits on October 14, 2025. (ECF Nos. 39, 40, 42.) By minute order, the Court *sua sponte* reset the October 28, 2025 hearing on the parties' motions for November 4, 2025. 10/16/2025 Minute Order (ECF No. 47).

On October 23, 2025, the parties stipulated to stay the case pending settlement discussions. (ECF No. 51.) Settlement discussions failed and this litigation resumed. (ECF No. 63.) On March 24, 2026, Plaintiff re-filed its motion for a protective order. Pl. Mot. (ECF No. 65). Plaintiff noticed the motion to be heard on July 28, 2026. (ECF No. 70.) On April 1, 2026, Defendant filed an ex parte request to reschedule its September 22, 2025 motion to compel to be heard on April 28, 2026. (ECF No. 74.) The Court issued a minute order on April 9, 2026 resetting the hearing on both motions to May 5, 2026. 4/9/2026 Minute Order (ECF No. 79). The Court ordered the parties to file a new Joint Statement re: Discovery Disagreement such that the record before the Court would be clear as to Defendant's motion to compel and Plaintiff's amended motion for a protective order. (*Id.*) The parties filed the Joint Statement and accompanying declarations and exhibits on April 21, 2026. (ECF Nos. 89, 90.)

/ / /

The hearing on the parties' motions was held on May 5, 2026. (ECF No. 92.) At the hearing, the Court ordered (1) the parties to meet and confer in-person to discuss the parties' various pending disputes; (2) Plaintiff to file an updated list of legal authority cited in its portion of the Joint Statement; and (3) the parties to file a joint supplemental statement regarding Plaintiff's argument that Defendant's interrogatories were duplicative of the Rule 30(b)(6) deposition topics. *See* 5/5/2026 Minute Order (ECF No. 93). The Court further issued orders regarding future discovery motions. *See id*.

On May 7, 2026, Plaintiff filed its updated list of legal authorities. (ECF No. 96.) On May 8, 2026, the parties filed their joint supplemental statement regarding Plaintiff's objections based on Defendant's interrogatories. (ECF No. 97.) Briefing is now complete.

## II.   LEGAL STANDARDS

### A.   Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery. . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### B.   Rule 30(b)(6) Depositions

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1).

The Federal Rules also grant a party the power to depose "one or more officers, directors, or managing agents" of an organization "[or] other persons who consent to

testify on its behalf," as designated by the organization. Fed. R. Civ. P. 30(b)(6). This Rule requires the organization to "set out the matters on which each person designated will testify," and after a 2020 amendment, also requires the parties to confer about the matters for examination. *Id.*

Rule 30(b)(6) provides that the deposing party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "While 30(b)(6) topics cannot be vague, 'the reasonable particularity requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition.'" *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, 2019 WL 246628, at *2 (E.D. Cal. Jan. 17, 2019) (quoting *UniRAM Technology, Inc. v. Monolithic Sys. Tech., Inc.*, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007)). Nonetheless, "[b]ecause Rule 30(b)(6) places substantial responsibilities and burdens on corporate designees, for the rule to function effectively, a requesting party must 'designate with painstaking specificity, the particular subject areas that intended to be questioned.'" *Verduzco v. Con Agra Foods Packaged Foods, LLC*, 2024 WL 1796080, at *1 (E.D. Cal. Apr. 25, 2024) (quoting *Preservation Techs. LLC v. MindGeek USA, Inc.*, 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020)). "At the same time, a party responding to discovery has an obligation to construe discovery requests in a reasonable manner. . . . Therefore, a 30(b)(6) topic is not objectionable to the extent that it may be reasonably construed to seek relevant information capable of being addressed in a deposition." *Luna v. Universal City Studios LLC*, 2015 WL 13655668, at *6 (C.D. Cal. Feb. 10, 2015) (internal quotation marks and citations omitted).

"[T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition." *Sheikh v. Spinnaker Ins. Co.*, 2025 WL 1768090, at *4 (E.D. Cal. June 26, 2025)

(quoting *Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36-37 (D. Mass. 2001)). "It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." *Garcia v. LQ Mgmt., LLC*, 2022 WL 1115207, at *8 (C.D. Cal. Mar. 29, 2022). "If the entity no longer employs anyone knowledgeable about the designated matter, it must prepare a representative, using documents, former employees or other sources, to testify at the deposition." *Id.*; *see also Sunterra Corp. v. Perini Bldg. Co.*, 2009 WL 453054, at *2 (E.D. Cal. Feb. 23, 2009) ("Plaintiffs are not exonerated from their need to designate [Rule 30(b)(6) witnesses] simply because certain persons are no longer within Plaintiffs' control.").

### C.    Discovery Motions

"The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *DarbeeVision, Inc. v. C&A Mktg., Inc.*, 2019 WL 2902697, at *9 (C.D. Cal. Jan. 28, 2019) (citation and internal quotation marks omitted). Motions for protective orders are governed by Rule 26(c). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251. This Court's standing orders further require that conferring regarding discovery disputes must be done through communication that occurs in-person, by phone, or by video; written communication alone does not satisfy the requirement to confer where all parties raising the discovery matter are represented by counsel. The moving party bears the burden to "inform the

8

Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013).

If a court grants the motion to compel or if the disclosure or requested discovery is provided after the motion was filed, then the court <u>must</u> order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 26(c)(3) (applying Rule 37(a)(5) to expenses awarded when motion for protective order granted). The court must not award expenses if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).  If the motion to compel is granted in part and denied in part, the court <u>may</u> apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C).

### III.     DISCUSSION

Plaintiff presents several arguments against the 30(b)(6) deposition. First, Plaintiff argues that, to the extent the deposition seeks information for Defendant "to determine why it is being sued," Defendant's deposition notice is duplicative of information it already has, namely, Plaintiff's pre-suit demand letters and Plaintiff's written discovery responses and disclosures in the course of this litigation. Joint Statement at 5-6, 8 (ECF No. 89); Supp. Joint Statement (ECF No. 97). Second, Plaintiff argues that, to the extent the deposition seeks to investigate allegations that Defendant discharged pollutants into the Mokelumne River, it is irrelevant because "[w]hether or not Defendant's polluted stormwater discharges have degraded the Mokelumne River is not an element of proof

relating to any cause of action in [Plaintiff's] complaint." Joint Statement at 6-7. Third, Plaintiff argues that Defendant is withholding evidence, not Plaintiff. *Id.* at 7. Fourth, Plaintiff argues that the deposition is improper because none of Plaintiff's members have independent personal knowledge of the allegations in Plaintiff's complaint, and therefore, Defendant is necessarily seeking attorney-client privileged testimony, protected attorney work product, or premature expert testimony. *Id.* Fifth, Plaintiff argues that, to the extent the deposition seeks information about whether Defendant's facility discharges connect to a Water of the United States, that prematurely seeks expert testimony. *Id.* at 8.

Plaintiff further objects to each of the topics on the following grounds. First, Plaintiff objects to all nine topics as vague and overbroad. *Id.* at 9. Second, Plaintiff objects to Topics 1-7 and 9 as seeking attorney-client privileged information. *Id.* at 9-10. Third, Plaintiff objects to Topics 3-5 and 7 as seeking protected opinion work product. *Id.* at 10-11. Fourth, Plaintiff objects to Topics 4, 6, and 8 as irrelevant or seeking improper information as to Plaintiff's associational standing. *Id.* at 11-12. Fifth, Plaintiff objects to Topics 2, 3, 5, 6, 7, and 9 on grounds they seek premature expert testimony. *Id.* at 13. Sixth, Plaintiff objects to all nine topics as unreasonably cumulative or duplicative. *Id.* at 13-14. Seventh, Plaintiff objects to Topics 1-7 and 9 as outside Plaintiff's knowledge. *Id.* at 14-15.

**A.     Analysis**

Based on the Court's research, it appears that Rule 30(b)(6) depositions of plaintiff entities in Clean Water Act citizen suits are uncommon. *See, e.g., Conservation L. Found., Inc. v. Shell Oil Co.*, 2025 WL 842278 (D. Conn. Mar. 18, 2025) (permitting the Rule 30(b)(6) deposition of plaintiff entity to proceed, subject to the plaintiff's objections during the deposition); *Sierra Club v. BNSF Ry. Co.*, 2016 WL 4528452 (W.D. Wash. Aug. 30, 2016) (granting plaintiff entity a protective order as to a Rule 30(b)(6) deposition topic seeking information on "the factual bases for [plaintiff's] allegations" in certain paragraphs of its amended complaint).

Having considered the issues raised in the briefing, the record, and at the hearing,

the Court rules on each of Defendant's proposed Rule 30(b)(6) deposition topics as follows.

### 1.   Topics 3, 6, and 9

At the hearing, Defendant agreed to withdraw Topics 3, 6, and 9. Accordingly, as to Topics 3, 6, and 9, Defendant's motion to compel is DENIED as moot, and Plaintiff's motion for a protective order is DENIED as moot.

### 2.   Topic 1

Topic 1 seeks testimony on "[a]ny documentation, photographic, or videographic evidence in YOUR possession relating to conditions at the FACILITY alleged in the COMPLAINT." Novak Decl., Exh. A at 5. Plaintiff's objections to this topic are overruled in part and sustained in part. Defendant may examine the Rule 30(b)(6) witness as to the photographs referenced in Complaint ¶ 137 and Exhibit E, which are relevant to Plaintiff's claims. *See* Fed. R. Civ. P. 26(b)(1). Otherwise, this topic is overbroad and prematurely seeks expert discovery. For example, Defendant defines the term "YOU" and "YOUR" in its deposition notice to include Plaintiff and its "employees, members, agents, officers, directors, representatives, consultants, affiliates, and/or anyone acting or purporting to act on its behalf," which would include Plaintiff's experts. *See id.* at 4. The Court notes that expert disclosures have not yet been exchanged. Accordingly, as to Topic 1, Defendant's motion to compel is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion for a protective order is GRANTED IN PART and DENIED IN PART.

### 3.   Topic 2

Topic 2 seeks testimony on "[a]ny sampling, monitoring, inspection, or other investigative activities by YOU relating to the allegations in the COMPLAINT." Novak Decl., Exh. A at 5. The Court sustains Plaintiff's objection that this topic seeks premature expert testimony. *See Sierra Club*, 2016 WL 4528452, at *3 (granting protective order as to 30(b)(6) deposition topic seeking factual basis for plaintiff's Clean Water Act claims as seeking expert opinion); *Ecological Rts. Found. v. Hot Line Constr., Inc.*, 2022 WL

3574450, at *7 (C.D. Cal. July 27, 2022) (collecting cases disallowing Rule 30(b)(6) testimony where information sought is more properly expert testimony); *but see Conservation Law*, 2025 WL 842278, at *1-2 (D. Conn. Mar. 18, 2025) (overruling objections that 30(b)(6) deposition topics seek premature expert testimony as insufficient to withhold non-privileged factual information). Accordingly, as to Topic 2, Defendant's motion to compel is DENIED, and Plaintiff's motion for a protective order is GRANTED.

####    4.    Topic 4

Topic 4 seeks testimony on "[t]he basis of the claim YOUR members have been injured as alleged in the COMPLAINT." Novak Decl., Exh. A at 5. At the May 5, 2026 hearing, the parties appeared to agree that this topic may be addressed in depositions of Plaintiff's member(s) whom Plaintiff has identified or will identify for standing purposes of. Although Defendant expressed concern that Plaintiff may substitute new standing witnesses late in the litigation, that issue is speculative and not ripe. Accordingly, as to Topic 4, Defendant's motion to compel is DENIED without prejudice, and Plaintiff's motion for a protective order as to this topic is GRANTED. Defendant shall have the opportunity to renew its request for a Rule 30(b)(6) deposition as to this topic if it is not addressed in depositions of Plaintiff's standing witness(es).

####    5.    Topic 5

Topic 5 seeks testimony on "[t]he basis of the allegations in the COMPLAINT that SWEETENER DISCHARGES contaminated storm water." Novak Decl., Exh. A at 5. The Court sustains Plaintiff's objection that this topic seeks premature expert testimony. *See Sierra Club*, 2016 WL 4528452, at *3; *Ecological Rts.*, 2022 WL 3574450, at *7 (precluding Rule 30(b)(6) testimony of Clean Water Act defendant about storm water runoff as better reserved for expert discovery); *but see Conservation Law*, 2025 WL 842278, at *1-2. Accordingly, as to Topic 5, Defendant's motion to compel is DENIED, and Plaintiff's motion for a protective order is GRANTED.

####    6.    Topic 7

Topic 7 seeks testimony on "[t]he basis of the allegation in the COMPLAINT that

DISCHARGES of stormwater from the FACILITY reach a Water of the United States."
Novak Decl., Exh. A at 5. The term "waters of the United States" is a legal term of art under the Clean Water Act. *See* 33 U.S.C.A. § 1362(7); *Sackett v. Env't Prot. Agency*, 598 U.S. 651 (2023) (discussing what the Act means by "the waters of the United States"). Thus, this topic may seek testimony on what constitutes a "Water of the United States," and improperly seeks a legal conclusion. Further, the Court sustains Plaintiff's objection that this topic improperly seeks expert testimony because stormwater discharges fall within the purview of expert witnesses in Clean Water Act cases. *See Ecological Rts.*, 2022 WL 3574450, at *7. Accordingly, as to Topic 7, Defendant's motion to compel is DENIED, and Plaintiff's motion for a protective order is GRANTED.

### 7.      Topic 8

Topic 8 seeks testimony on "[t]he business purposes, mission, and organizational structure of YOUR organization, including membership of YOUR organization." Novak Decl., Exh. A at 6. Plaintiff objects that, to the extent this topic seeks information about Plaintiff's organization for standing purposes, it is irrelevant due to the Supreme Court's reasoning in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023). Joint Statement at 12-13. Plaintiff argues that *Students for Fair Admissions* holds that "where, as here, an organization has identifiable members and represents them in good faith; further scrutiny into how the organization operates is not permitted." *Id.* at 12 (emphasis omitted). Plaintiff's reading of *Harvard* is overstated. The Court in *Harvard* did not reject applying the three-part test for organizational standing articulated in *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333 (1977), namely, that an organization has standing to sue on behalf of its members if it demonstrates that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Students for Fair Admissions*, 600 U.S. at 199 (quoting *Hunt*, 432 U.S. at 343). Rather, the Court held that Students for Fair Admission

13

was entitled to rely on the organizational standing doctrine precisely because it had filed declarations by certain of the organization's members stating their membership and support of the organization's mission. *Id.* at 201. Likewise, in the district court case cited by Plaintiff, *Waste Action Project v. Girard Resources & Recycling, LLC.*, the Western District of Washington found that Defendant had no basis to request additional written discovery about the plaintiff's organization in light of the plaintiff's submitted declaration identifying one of its members. 2024 WL 1193859, at *4 (W.D. Wash. Feb. 12, 2024). Thus, Plaintiff's cited authority do not support its argument that discovery to assess Plaintiff's organizational standing should be barred, although the Court notes that organizational standing is typically established through declarations.

Defendant is therefore entitled to some discovery regarding Plaintiff's organizational standing under *Hunt*. However, Defendant also concedes that, under *Students for Fair Admissions*, "organizations that have identified their members and their representation of those members in good faith [may] avoid being challenged on how the organization operates." Joint Statement at 18-19. Thus, the Court rules that Defendants may seek Rule 30(b)(6) testimony about Plaintiff's business purpose and mission, but sustains Plaintiff's relevance objection as to testimony about Plaintiff's organizational structure and membership. Accordingly, as to Topic 8, Defendant's motion to compel is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion for a protective order is GRANTED IN PART and DENIED IN PART.

### B.   Attorney's Fees

Defendant seeks attorney's fees and costs for bringing its motion to compel and for responding to Plaintiff's motion for a protective order. Joint Statement at 17, 28. Under Rule 37, if a motion to compel is granted in part and denied in part, the court may apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, because the Court is granting-in-part and denying-in-part both motions, the Court declines to award any expenses. The parties shall bear their own fees and costs related to Defendant's motion to compel and Plaintiff's motion for a protective order.

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Defendant's motion to compel (ECF No. 35) is GRANTED IN PART and DENIED IN PART as set forth above;

2.   Plaintiff's motion for a protective order (ECF No. 65) is GRANTED IN PART and DENIED IN PART as set forth above; and

3.   Defendant's request for attorney's fees and costs (ECF No. 35) is DENIED.

Dated:  May 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, cent.0078.25.mtc.30b6

15