Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone: (310) 693-0775
Facsimile: (310) 627-0172
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, a California limited liability company

Plaintiff,

vs.

SWEETENER PRODUCTS, INC.

Defendant.

Case No.: 2:25-cv-00078-WBS-CSK

Assigned to Hon. William B. Shubb
Courtroom: 5, 14th Floor

**DECLARATION OF DEMETRIA MANTALIS IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SERVE WITNESS JASON ASTON THROUGH ALTERNATIVE SERVICE**

Hearing Date: May 26, 2026
Time: 1:30 p.m.

Action Filed: January 8, 2025
Trial Date: April 20, 2027

I, Demetria Mantalis, declare as follows:

1. I am an attorney licensed to practice in the State of California and admitted to practice before the United States District Court for the Eastern District of California. I am counsel for Defendant Sweetener Products, Inc. ("Sweetener") in this action. In that capacity, I have personal knowledge regarding the underlying actions, communications, and files in this matter. Unless otherwise stated, I make this declaration based upon my personal knowledge and am competent to testify to the facts discussed below.

2. On August 4, 2025, Plaintiff Central Valley Eden Environmental Defenders, LLC ("Plaintiff") disclosed Jason Aston as its standing witness and provided the following email address for him: jason706706@gmail.com.

3. On August 28, 2025, I emailed Mr. Aston at the jason706706@gmail.com email address.

4. A private investigator provided the following additional email addresses that she believes are associated with Jason Aston: jaston7676@gmail.com, j.aston7676@gmail.com, and jasonaston00@gmail.com

5. On April 15, 2026, I emailed Mr. Aston at the jason706706@gmail.com email address, in addition to the email addresses provided by the private investigator.

6. On April 16, 2026, I again emailed Mr. Aston at the jason706706@gmail.com email address, in addition to the email addresses provided by the private investigator.

7. I have checked my email and do not see any error messages to indicate that the above emails were not sent.

8. I have checked my phone records to confirm that I called the number provided by Plaintiff for Mr. Aston, (530)-309-4853, on April 15, 2026, and April 16, 2026.

9. I also called two numbers provided to us by a private investigator. This includes the telephone number (530)-648-8537, which I called on April 15, 2026, and

April 16, 2026. This also includes the telephone number (954)-549-4599, which I called on April 15, 2026.

10. Attached as Exhibit A is a true and correct copy of emails between Defense counsel and Plaintiff's legal team between March 19, 2026, and March 20, 2026.

11. Attached as Exhibit B is a true and correct copy of emails between Defense counsel and Plaintiff's legal team between April 3, 2026, and April 6, 2026.

12. Attached as Exhibit C is a true and correct copy of the Declaration of Shannon Brown re: Private Investigator License Number and Due Diligence.

13. Attached as Exhibit D is a true and correct copy emails from Defense counsel to email addresses associated with Jason Aston sent between August 28, 2025, and April 16, 2026.

14. Attached as Exhibit E is a true and correct excerpt of the Transcript of Motions Hearing Before The Honorable Chi Soo Kim heard on May 5, 2026. Dkt. 100.

I declare under penalty of perjury and the laws of the State of California that the above is true and correct.

Date: May 15, 2026                 LAW OFFICE OF JENNIFER F. NOVAK


 /s/ Demetria Mantalis
Demetria Mantalis

# EXHIBIT A

**Subject:** Eden v. Sweetener: Depositions
**Date:** Friday, March 20, 2026 at 9:23:35 AM Pacific Daylight Time
**From:** Pam Lewis
**To:** Demetria Mantalis, Jennifer Novak, Adam Brumm
**CC:** Natalie Marcin
**Attachments:** Nathan depo subpoena served.pdf

Jen:  Thank you for your email.  Our response is below.

1.  Per City policy, Mr. Nathan may only be deposed after the Lodi City Clerk is served with a subpoena; and the deposition dates must be coordinated with Mr. Nathan, his supervisor and the City Attorney.   On September 26, 2025, we served such a subpoena on the City Clerk (see attached), after coordinating the dates with the proper parties.  That subpoena has not been quashed, cancelled or withdrawn, and the City does not require a new subpoena to be served.  We plan to reschedule the deposition per Plaintiff's served subpoena, which has priority over any subpoena your office may be planning to serve on Mr. Nathan.  We have already communicated with Mr. Nathan, his supervisor and the City Clerk and Attorney's offices to request available dates for Eden's continued deposition.  FRCP 30 limits depositions to one per witness without a court order or stipulation of the parties, neither of which is in existence.  Several recent emails from Demetria indicated that your office had previously noticed Mr. Nathan's deposition. To our knowledge, Sweetener <u>has not</u> served a subpoena on Mr. Nathan  or otherwise noticed his deposition (although a notice of deposition would be ineffective for this deponent).  Please provide a copy of a served subpoena if this is not accurate.  Otherwise, we will object to your pending subpoena.

2.  Sweetener must personally serve Mr. Aston with a new subpoena.   Our office and Mr. Aston are both available on the following dates:  July 27, 28, 29, 30, 31.

3.  We plan to depose Kenny Cochrane, David Jones and Hector Morfiin on one day; and  Jessica Stacy, Steve Pechin , John Balobeck and the PMK for Diede Construction on the following day.  Please let us know which of the following dates work best for you:  May 4, 5, 6, 7, 8, 26, 27, 28, 29; June 1, 2, 3, 4, 5; 8, 9, 10, 11.  We will be happy to personally serve Cochrane, Jones and Morfin with new subpoenas once the dates are confirmed.

4.  Regarding rescheduling the pending discovery motions, Judge Kim's calendar clerk or courtroom deputy will need to be contacted to obtain her available dates, after which the parties would need to file amended notices.

*Pam Lewis*
*Paralegal to Adam D. Brumm*

## *Eden Environmental Defenders*

In-house Legal Department
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616

Telephone: (800) 545-7215

---

**From:** Jennifer Novak <novak@jfnovaklaw.com>
**Sent:** March 19, 2026 6:33 PM
**To:** Pam Lewis <pam@edendefenders.org>; Demetria Mantalis <demetria@jfnovaklaw.com>; Adam Brumm <adam@edendefenders.org>
**Cc:** Natalie Marcin <natalie@earthlawattorney.com>; Julio Gutierrez <jcgm@tubrujulalegal.net>
**Subject:** Re: Scheduling Depositions

Pam, please provide Eden's authority that only one party may subpoena and depose a third-party witness. Any party is entitled to depose a witness regardless of their theories or priorities. We don't need to quash Eden's subpoena in order to serve one as well.

Further, we are asking for the courtesy of having the parties coordinate on dates for depositions. This is to avoid unnecessary fights and motions. It is also the professional and civil thing to do.

I do not understand Eden's continued refusal to work with us.

Does your email also mean that we should not expect plaintiff to work with us to get Mr. Aston's deposition on calendar?

Get Outlook for iOS

---

**From:** Pam Lewis <pam@edendefenders.org>
**Sent:** Thursday, March 19, 2026 6:14:22 PM
**To:** Demetria Mantalis <demetria@jfnovaklaw.com>; Adam Brumm <adam@edendefenders.org>
**Cc:** Natalie Marcin <natalie@earthlawattorney.com>; Julio Gutierrez <jcgm@tubrujulalegal.net>; Jennifer Novak <novak@jfnovaklaw.com>
**Subject:** RE: Scheduling Depositions

On what grounds is Defendant notice the deposition of Sean Nathan when the Plaintiff has served a subpoena on him that has not been quashed? The parties in this case have different goals and priorities. Defendant's priorities are not Plaintiff's priorities. We would like to first receive dates to reschedule the depositions of Kenny Cochrane, David Jones and Hector Morfin, as they have all been lawfully served with Rule 45 subpoenas. Since Mr. Morfin has regular contacts with the Lodi facility, we decline to depose him remotely or in southern California.

We will also be contacting Mr. Nathan to resume the deposition under which he has been subpoenaed by the Plaintiff, as well as the deposition of Jessica Stacy.

# EXHIBIT B

| | |
|---|---|
| **Subject:** | Re: Request for Meet and Confer re: Motion to Serve Aston Through Alternative Method of Service |
| **Date:** | Monday, April 6, 2026 at 2:45:45 PM Pacific Daylight Time |
| **From:** | Julio Gutierrez |
| **To:** | Jennifer Novak |
| **CC:** | Pam Lewis, Adam Brumm, Natalie Marcin, Demetria Mantalis |
| **Attachments:** | OPPOSITION to Motion to Dismiss 1-31-25.pdf, MOTION for Protective Order Aston 3-24-26.pdf, NOTICE to reschedule MPO Aston 3-30-26.pdf, Supplemental Disclosures Plaintiff 7-28-25.pdf, Supplemental Disclosures Plaintiff 8-4-25.pdf, image004[97].png, image001[76].png, image002[83].png, image005[4].png |

Jennifer,

Thank you for your email. Please provide me with a few available time, preferable Wednesday or Friday. Unfortunately, those days are my earliest possible time. I can work around your schedule.

We will be discussing the following in more detail during the meet and confer, but I feel it is important to immediately address your stated grounds. Eden's responses are as follows (in Red):

1.  We have attempted to personally serve Mr. Aston with the subpoena at several locations connected to him and have not been able to do so;

    <span style="color:red">EDEN has provided Sweetener with the only address its counsel has ever possessed for Mr. Aston. (See EDEN's Third Supplemental Disclosure listing Mr. Aston's contact information, which was served on your office on August 4, 2025). Please provide us with any alternate addresses you have obtained.</span>

2.  We have an email address for Mr. Aston that Plaintiff provided to us and received confirmation in the past that he received an email we sent to him. <span style="color:red">Please provide us with the emails which were sent, along with the "confirmation" that he received the emails.</span>

3.  Therefore, if we email Mr. Aston a subpoena, it would be reasonably calculated to provide him with notice and there is past evidence that this method is likely to reach him. <span style="color:red">Please provide in advance of the meet and confer your statutory and/or other legal authority that service of a deposition subpoena on a non-party witness by email is an acceptable method of service.</span>

4.  Plaintiff's counsel has not agreed to accept a subpoena on his behalf. <span style="color:red">Correction: I personally agreed to accept service on behalf of Mr. Aston of a deposition subpoena previously issued by Sweetener before the Court-ordered stay. We have not been authorized by Mr. Aston to accept service of any further deposition subpoenas.</span>

5.  Plaintiff's counsel has previously provided to us an incorrect address for the witness and when we identified the correct address, the homeowner stated that Mr. Aston had not lived there in several months. <span style="color:red">We are confused by this assertion. EDEN's Third Supplemental Disclosure dated August 4, 2025, includes the <u>only</u> address that Plaintiff's</span>

counsel has ever provided to your office for Mr. Aston, as it is the <u>only</u> address which Plaintiff's counsel has ever possessed for Mr. Aston. You seemed to be suggesting that additional addresses for Mr. Aston were obtained by your office; and that when your server attempted to serve Mr. Aston at one or more of those addresses, he was not available. Again, please provide all additional addresses you have obtained for Mr. Aston, as well as the method you used to obtain the addresses.

6. Plaintiff has identified Mr. Aston as its only standing witness and we would suffer prejudice if we could not depose him, or could not do so in a timely fashion. Correction: Plaintiff has <u>never</u> indicated that Mr. Aston was its only standing witness. In fact, on July 28, 2025, EDEN's counsel served your office with Plaintiff's Second Supplemental Disclosure identifying three separate standing witnesses, which included detailed information about those witnesses. (See attached)

7. We believe Plaintiff is in contact with Mr. Aston, as its legal team has made representations as to his availability. A member of EDEN's legal team spoke with Mr. Aston on the phone immediately after the expiration of the stay to inform him that he would likely need to make himself available for a deposition, given that the case did not settle during the stay. At that time, Mr. Aston responded that due to a personal, family issue he could not make himself available for a deposition before mid-July of 2026.

8. We believe Plaintiff is in contact with Mr. Aston, as he is linked both personally and financially to a member of Plaintiff's legal team. EDEN's counsel has not had any further contact with Mr. Aston and denies that any member of its legal team is "linked personally and financially" to Mr. Aston. We are not aware of any document in the record of this matter (including any disclosure or discovery), nor of any public record, nor any admissible evidence in existence which would support Sweetener's unfounded claim. Noting that financial records are protected from disclosure by the Fair Credit Reporting Act, we request that your office provide us with any evidence in your possession to support this claim, along with the manner in which such "evidence" was obtained. This is a serious allegation.

9. Plaintiff has denied knowing Mr. Aston's whereabouts, therefore Plaintiff may be deliberately making Mr. Aston unavailable for deposition, especially given the above.

Neither EDEN nor any member of its legal team is "deliberately making Mr. Aston unavailable for deposition." There is no pending Motion to Dismiss. The discovery cut-off in this matter is October 13, 2026 and the dispositive motion filing deadline is December 7, 2026. We have explained that Mr. Aston is not available until mid-July 2026, due to personal issues. We are not at liberty to discuss Mr. Aston's personal issues with your office, due to privacy concerns. Sweetener will have ample opportunity to depose Mr. Aston or alternatively another of EDEN's standing witnesses, well before the fact discovery cut-off. We cannot agree to accept service of a subpoena on behalf of Mr. Aston without his approval, as he is not a party to this matter and is merely a volunteer associational member of Eden, as has been confirmed in other public filings. (See attached Declaration of Jason Aston, filed in the matter *Central Valley Eden Environmental Defenders v. Airgas USA, LLC*, (Opposition to Motion to Dismiss, p. 17), which we previously provided to your office)

Lastly, Sweetener may file a motion to compel before the protective order hearing currently

<span style="color:red">scheduled for July 28, 2026. See attached. However, since the disputed issues are identical, a court is unlikely to grant it. **I propose we agree to consolidate this dispute** for July 28, 2026 to **avoid further briefings.**</span>

Julio C. Gutierrez-Morales, Esq.
Tu Brújula Legal PC | Your Legal Compass PC
Oficina legal | Law Firm
6050 Commerce Blvd, Suite 204
Rohnert Park, CA 94928
O: 707-559-0085
C: 707-791-5659
jcgm@tubrujulalegal.net

-=-=-=-=-=-=-=-=-=-=-=-=-=-
*CONFIDENTIALITY NOTICE: The content of this email is confidential and may include information protected under the "work product doctrine." This email is intended only for the specified recipient. Unauthorized interception, review, use, or disclosure of its contents is against the law and may violate applicable laws including the Electronic Communications Privacy Act. If you received this message by mistake, please reply to this message and then delete it so I can ensure such a mistake does not occur in the future.*

On Fri, Apr 3, 2026 at 4:24 PM Jennifer Novak <novak@jfnovaklaw.com> wrote:

All,

I would like to schedule a meet and confer on Monday or Tuesday to discuss my planned Motion to Allow Alternative Method of Service for the deposition subpoena we have issued for Jason Aston.

While we can discuss this further during the meet and confer, here are my general grounds:

1. We have attempted to personally serve Mr. Aston with the subpoena at several locations connected to him and have not been able to do so;
2. We have an email address for Mr. Aston that Plaintiff provided to us and received confirmation in the past that he received an email we sent to him.
3. Therefore, if we email Mr. Aston a subpoena, it would be reasonably calculated to provide him with notice and there is past evidence that this method is likely to reach him.
4. Plaintiff's counsel has not agreed to accept a subpoena on his behalf.
5. Plaintiff's counsel has previously provided to us an incorrect address for the witness and when we identified the correct address, the homeowner stated that Mr. Aston had not lived there in several months.

6. Plaintiff has identified Mr. Aston as its only standing witness and we would suffer prejudice if we could not depose him, or could not do so in a timely fashion.
7. We believe Plaintiff is in contact with Mr. Aston, as its legal team has made representations as to his availability.
8. We believe Plaintiff is in contact with Mr. Aston, as he is linked both personally and financially to a member of Plaintiff's legal team.
9. Plaintiff has denied knowing Mr. Aston's whereabouts, therefore Plaintiff may be deliberately making Mr. Aston unavailable for deposition, especially given the above.

Please advise your availability to discuss or whether this motion can be avoided by either allowing us to serve Mr. Aston by email or simply accepting the subpoena for him.

Thank you.

--

Regards,

Jennifer F. Novak

**Law Office of Jennifer F. Novak**
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(626) 487-9762 cell
www.jfnovaklaw.com

Not sure what an environmental lawyer can do for you? To schedule a 15 min no cost consultation, click here:
https://scheduler.zoom.us/jennifer-novak-fdf668/15-minute-free-discovery-call



The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your representative immediately

and delete this message from your computer. Thank you.



# EXHIBIT C

Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:  (310) 693-0775
Facsimile:   (310) 627-0172
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.<br><br>Defendant. | Case No.: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br><br>**DECLARATION OF SHANNON BROWN RE: PRIVATE INVESTIGATOR LICENSE NUMBER AND DUE DILIGENCE**<br><br>Action Filed: January 8, 2025<br>Trial Date: April 20, 2027 |

I, Shannon Brown, declare:

1. I am over 18 years of age and am not a party to the above-entitled action.

2. My address is 836 57th Street, #458, Sacramento, CA 95819.

3. I have been a licensed private investigator for 16 years. My private investigator license number is 189325, which is under the corporate name. My private investigator license number as an individual is 26921.

4. I performed a skip trace search for JASON ASTON and obtained the most current addresses associated with JASON ASTON for credit and/or mail. There was no current work address associated with Mr. Aston. The search presented five addresses associated with Mr. Aston over the past 5 years, and did not provide a clear identifiable residence, which included:

    a. **2205 Longrus Pl, Woodland, CA 95776**

    b. **4448 G Street, Sacramento, CA 95819**

    c. **150 Apex Loop, Folsom, CA 95630**

    d. **568 Silverado Cir, Fairfield, CA 94534**

    e. **1516 S Street, Apt 414, Sacramento, CA 95811 which was associated with Mr. Aston's live-in partner at 568 Silverado Cir, Fairfield, CA 94534.**

5. I was asked to serve process on Mr. Aston and provided the following documents: SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION and NOTICE OF DEPOSITION AND SUBPOENA TO JASON ASTON.

6. I attempted personal service on Mr. Aston at the following dates and times, with the following results:

    a. **Residence Address: 2205 Longrus Pl, Woodland, CA 95776**

        i. I visited the property on March 28, 2026, at 2:00 PM to determine whether it was a possible address for Mr. Aston. After several hours, I did not see evidence of Mr. Aston at the address either through his presence or his vehicle.

ii. I returned to this address on April 10, 2026, at 3:49 PM and knocked on the door. There was no response.

iii. I returned to the address on April 12, 2026, at 3:25 PM and knocked on the door. There was no response.

iv. Since there was no sighting of Mr. Aston's person or vehicle at the residence, and the occupants inside the home were reluctant to answer the door, I determined that this address was not likely to be a current address for Mr. Aston or one where he could be served.

a. **Residence Address: 4448 G. Street, Sacramento, CA 95819**.

i. I visited this property on April 1, 2026, at 6:00 AM, and observed a resident and visitor come and go. I did not observe Mr. Aston or his vehicle.

ii. On April 9, 2026, at 12:39 PM, I knocked on the door and received no response.

iii. On April 10, 2026, at 11:13 AM, I spoke with the resident, who advised that Mr. Aston had not lived there in years and the resident currently had no contact with him.

iv. I concluded that Mr. Aston did not reside at this address.

b. **Residence Address: 150 Apex Loop, Folsom, CA 95630**

i. I visited this property on Apri l, 2026, at 12:00 PM. I did not see Mr. Aston or his vehicle. I knocked on the door of one of its units and the resident stated that he did not live in the building. I observed a package in plain view at the other unit; it did not bear Mr. Aston's name.

ii. I concluded that Mr. Aston did not reside at this address.

c. **Residence Address: 1516 S Street, Apt. 414, Sacramento, CA 95811**

i. I visited this property on April 9, 2026, at 1:42 PM. I did not observe Mr. Aston or his vehicle and he was not listed in the apartment's listed directory of residents.

ii. On April 9, 2026, at 1:48 PM, I called the known resident Michelle Corbett Kent, 53-year-old female, to determine whether Mr. Aston lived at the address or if the resident knew where he currently lived or worked. The resident returned my call at 9:09 PM to confirm that she knew Mr. Aston. The resident stated that they had previously resided together at **568 Silverado Cir, Fairfield, California, 94534,** but she had had no contact with him since 2020, when Mr. Aston was removed from their shared residence and she obtained a domestic violence restraining order against him.

iii. I concluded that Mr. Aston did not live at this address.

7. I can be personally served at 836 57th Street, Ste. 458, Sacramento, CA 95819, which is the corporate address listed on the Secretary of State website, to be served by mail or if you prefer personal service, please contact me at 1-877-302-7696 and I can arrange a time to meet for service.

I declare under penalty of perjury and the laws of the State of California that the above is true and correct.


Date: May 13, 2026

Shannon Brown (May 13, 2026 13:59:26 PDT)
SHANNON BROWN

# 2026.05.13_SPC_Dec SB re PI License and Service Attempts v2

Final Audit Report                                          2026-05-13

| | |
|---|---|
| Created: | 2026-05-13 |
| By: | Jaliyah Samuels (jaliyah@jfnovaklaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAa7oef9ThgA-OdcdPJL7iXLcrMPoarPj1 |

## "2026.05.13_SPC_Dec SB re PI License and Service Attempts v 2" History

🗅 Document created by Jaliyah Samuels (jaliyah@jfnovaklaw.com)
2026-05-13 - 7:11:48 PM GMT

✉ Document emailed to Shannon Brown (shannon@artemis-inc.com) for signature
2026-05-13 - 7:11:52 PM GMT

🗅 Email viewed by Shannon Brown (shannon@artemis-inc.com)
2026-05-13 - 7:36:05 PM GMT

✒ Document e-signed by Shannon Brown (shannon@artemis-inc.com)
Signature Date: 2026-05-13 - 8:59:26 PM GMT - Time Source: server - Signature Appearance Selected: MOBILE_DRAW

✅ Agreement completed.
2026-05-13 - 8:59:26 PM GMT

**Adobe Acrobat Sign**



# EXHIBIT D

**Subject:** Re: Best Way to Reach You - Following Up on Voicemail
**Date:** Thursday, April 16, 2026 at 11:09:58 AM Pacific Daylight Time
**From:** Demetria Mantalis
**To:** jaston7676@gmail.com, jason706706@gmail.com, j.aston7676@gmail.com, jasonaston00@gmail.com

Hi Jason,

I hope you are doing well today! I am following up on the below. Please let me know if these emails are coming through.

Thank you!

Regards,
Demetria Mantalis
Associate Attorney
**Law Office of Jennifer F. Novak**
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(412) 498 4415 cell
www.jfnovaklaw.com
Not sure what an environmental lawyer can do for you? To schedule a 15 min no cost consultation, click here:
https://scheduler.zoom.us/jennifer-novak-fdf668/15-minute-free-discovery-call
The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your representative immediately and delete this message from your computer. Thank you.

**From:** Demetria Mantalis <demetria@jfnovaklaw.com>
**Date:** Wednesday, April 15, 2026 at 9:24 AM
**To:** jason706706@gmail.com <jason706706@gmail.com>, jaston7676@gmail.com <jaston7676@gmail.com>, j.aston7676@gmail.com <j.aston7676@gmail.com>, jasonaston00@gmail.com <jasonaston00@gmail.com>
**Subject:** Re: Best Way to Reach You - Following Up on Voicemail

Hi Jason,

I hope this finds you well. I'm not sure if you remember me, but I had reached out to you a

few times last summer. I received your information from Central Valley Eden Environmental Defenders, LLC, who has listed you as a witness in an ongoing litigation matter against Sweetener Products, Inc. You may be aware that we are trying to serve you with a subpoena for a deposition in that matter.

Please let me know the best way to get the subpoena to you. We are happy to serve it personally to you at home, or at your workplace. We can also send it via email with your authorization. With your permission we can also serve the subpoena on an attorney. Please let me know which method you prefer.

Thank you!

Regards,
Demetria Mantalis
Associate Attorney
**Law Office of Jennifer F. Novak**
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(412) 498 4415 cell
www.jfnovaklaw.com
Not sure what an environmental lawyer can do for you? To schedule a 15 min no cost consultation, click here:
https://scheduler.zoom.us/jennifer-novak-fdf668/15-minute-free-discovery-call

The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your representative immediately and delete this message from your computer. Thank you.

---

**From:** Demetria Mantalis <demetria@jfnovaklaw.com>
**Date:** Thursday, August 28, 2025 at 12:42 PM
**To:** jason706706@gmail.com <jason706706@gmail.com>
**Cc:** Megan Meadows <megan@jfnovaklaw.com>
**Subject:** Best Way to Reach You - Following Up on Voicemail

Hi Jason,

I hope this finds you well. I received your contact information from Adam Brumm, the lawyer for Central Valley Eden Environmental Defenders, LLC. Mr. Brumm has listed you as a witness in a case. I have a few legal documents I need to get to you and am trying to figure out the easiest way to do so. Please let me know if you have a preferred method for

receiving the documents.  If you have any questions or concerns, please feel free to let me know here in e-mail, or call me at (412) 498—4415. I look forward to hearing from you!

Thank you!

Regards,
Demetria Mantalis
Associate Attorney
**Law Office of Jennifer F. Novak**
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(412) 498 4415 cell
www.jfnovaklaw.comNot sure what an environmental lawyer can do for you? To schedule a 15 min free consultation, click here: https://calendly.com/novakenvironmental/15-minute-free-discovery-callWant legal advice? To schedule an hour strategy session, click here: https://calendly.com/novakenvironmental/strategy-sessionThe information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your representative immediately and delete this message from your computer. Thank you.

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

CENTRAL VALLEY EDEN                  .
ENVIRONMENTAL DEFENDERS, LLC,        . Case No. 2:25-CV-00078-WBS-CSK
                                     .
             Plaintiff,              .
                                     .
      v.                             .
                                     .
SWEETENER PRODUCTS, INC.,            .
                                     .
             Defendant.              .
                                     . Tuesday, May 5, 2026
. . . . . . . . . . . . . . . . . .  . 10:13 A.M.


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE CHI SOO KIM
UNITED STATES MAGISTRATE COURT JUDGE


APPEARANCES:

For the Plaintiff:        Central Valley Eden Environmental
                            Defenders,LLC
                          BY: ADAM BRUMM, ESQUIRE
                          1520 East Covell Boulevard
                          Suite B5-611
                          Davis, California 95616

For the Defendant:        Law Office of Jennifer F. Novak
                          BY: JENNIFER FAYE NOVAK, ESQUIRE
                          500 Silver Spur Road, Suite 206
                          Rancho Palos Verdes, California 90275

Electronic Court
Recording Operator:       Janelle Murphy
                          Robert T. Matsui United States
                            Courthouse
                          501 I Street
                          Sacramento, California 95814

Transcription Service:    Liberty Transcripts
                          9107 Topridge Drive
                          Austin, Texas 78750
                          (847) 848-4907
                          DBPATEL1180@GMAIL.COM


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

MS. NOVAK: Correct.

THE COURT: So I want to make clear that, and it sounds like the parties, there's a separate deposition notice already for standing, a standing deposition. Is that right?

MS. NOVAK: There's a --

THE COURT: Or there's discussion of that? What's going on there?

MS. NOVAK: I filed a motion to be able to serve the standing witness through a means different than personal service because Plaintiff says they do not know where the standing witness currently is located and we cannot find him. So that motion is on calendar for later this month.

THE COURT: Okay. Mr. Brumm, you're going to have to figure that out. I mean, if anything, you would think Plaintiff would care most about that --

MR. BRUMM: Right, I --

THE COURT: -- because if you lose your standing witness, you're in real trouble.

MR. BRUMM: I think that --

THE COURT: But presumably you have more than one, but --

MR. BRUMM: We do, but I think that those conditions have changed and that Ms. Novak has not heard about the Plaintiff's recent contact with Mr. Astin and that his deposition will in fact be resolved. I don't believe that that

motion is actually going to be heard. I see that it's on calendar. You have an opposition to it that's due today that it's actually going to be filed by my office, also.

But what I think is that that deposition will go forward and that it will go forward, I believe, sooner than the previously proposed July date. I always had July available, but we have more court dates there at the end of July. So I am informing the Court now that I am in good contact with Mr. Astin. I just haven't had occasion to inform that -- or to try to resolve the issue of his deposition. We will be doing that and we'll be doing that prior to the hearing date to try to take that off the Court's calendar if we can.

THE COURT: Okay. So that would definitely be advisable. And just a note on service. You know, courts don't like when parties are arguing about service. Parties should be able to work that out. And I would presume that Plaintiff would prefer to not have to require a personal service of its individual standing representatives because you can provide it yourself. Certainly those individuals probably don't want to be surprised and served in person anyhow.

So I would hope also that the parties can work that out. It seems like it's in the best interest of everyone to work those types of issues out. If you can work it out, it may not necessitate the filing of an opposition. If the parties can reach an agreement and then file something saying the

So, again, this might not be the world's longest deposition, but it is being used very surgically to try to understand what is the evidence that is being alleged to support the violations, in addition to the issue relating to the associational membership standing.

And I would submit, Your Honor, that for a lot of these, the question isn't whether or not Plaintiff should provide a 30(b)(6) witness, it's whether or not these topics could be narrowed to a point where it's not overreaching. And I am more than happy, I have always been more than happy to have that conversation.

As we noted in our briefing, though, the conversation didn't go toward ever, could we narrow these down in a way that made Plaintiff more comfortable? We were being simply told you cannot have a 30(b)(6) at all.

And I'm sorry, Your Honor, I'm just going to respond to the comment from a moment ago. I had to hire a private investigator to try to find the standing witness. I got threatening emails from someone on the Plaintiff's side when they discovered that I had done that. And it's cost my client a lot of time and money to try to track down a witness that now I am being told for the first time in court, gee, I didn't have to bring a motion to alternatively serve him through email or some other means.

I really wish we'd be able to work these things out.

I would prefer that we can come to the Court for informal dispute resolution when we have these issues and not be in the position where we're constantly having to file motions or respond to motions.

THE COURT: So let me make a few notes. I do have a process for informal discovery conferences. It is much faster, two-page joint letter, no exhibits unless you meet the criteria for exhibits, and we do it by phone, and it's usually within 10 to 14 days of the request.

So definitely for issues that are less complex, I would highly recommend that. It saves everybody time and it is, and I almost always rule right there during the conference or within a day of the conference. So it's very fast. So especially for issues that are not very complex, but I've also dealt with 30(b)(6) and other issues in those. I would definitely recommend that.

I'm not going to -- this issue about the standing representative is not before me. So I'm not deciding that. I'm not even suggesting that I am. But I do want to note that if what Ms. Novak is saying is true, then Plaintiffs need to knock it off. Parties should be cooperative during litigation.

You know that standing representatives are going to be part of the litigation. Not providing how they can be located or making the other side hunt for it is not really appropriate. Hopefully that did not happen to the extent that

it's being raised. But even sharing this type of information for the first time now, that's a little hard for me to understand.

I understand you saying there's an opposition to you, but if the person was located, why isn't that information provided right away to the other side? I don't understand.

MR. BRUMM: I think that it's because that has happened just within the last 48 hours or so.

THE COURT: Okay.

MR. BRUMM: That that good contact was finally achieved.

THE COURT: Okay,

MR. BRUMM: So I had a period of time where I did not have good contact. I now have that good contact. That good contact is very recent in time. That is the reason why no one has heard about it. You also have the priority of this opposition, as well.

I would like to work all of that out. I am absolutely not hiding anyone from service, okay, but I do have some problems sometimes with, that's what happens with standing witnesses sometimes and what we call the rigors of litigation. I have been able to reestablish that contact.

That person is going to continue with their volunteer -- continue as a volunteer for that standing purpose and they are going to do that. Again, I can't guarantee the Court that

MS. NOVAK:  Thank you very much, Your Honor.

(Proceedings were adjourned at 11:49 a.m.)

* * * * *

CERTIFICATE

I, DIPTI PATEL, court approved transcriber, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and transcribed to the best of my ability.

_____

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

Liberty Transcripts                    Date:  May 9, 2026