UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, | Case No. 2:25-cv-00078-WBS-CSK |
| Plaintiff, | ORDER |
| v. | (ECF No. 87) |
| SWEETENER PRODUCTS, INC., | |
| Defendant. | |

Pending before the Court is Defendant's motion to serve a deposition subpoena upon witness Jason Aston through alternative service.[1] (ECF No. 87.) The Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Defendant's motion to serve Mr. Aston through alternative service.

I.    BACKGROUND

Plaintiff is an environmental group whose "organizational purpose is the protection, preservation and enhancement of the rivers, creeks, streams, lakes and oceans (and their tributaries) in California." Compl. ¶ 12 (ECF No. 1). Plaintiff pursues

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

this goal by litigating enforcement actions under the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and California's Industrial General Permit ("General Permit"). *Id.* ¶ 13. Plaintiff brings a citizen suit under the Clean Water Act, alleging that Defendant violated multiple standard conditions of the General Permit. *Id.* ¶¶ 103-165.

Plaintiff identified Jason Aston as its witness in support of Plaintiff's associational standing. Pl.'s Third Suppl. Disclosures, 4/20/2026 Declaration of Jennifer F. Novak, Exh. A (ECF No. 88-1). In August 2025, Defendant attempted to serve a deposition subpoena on Mr. Aston at the address provided in Plaintiff's initial disclosures: 8551 Sonia Avenue, Orangevale, CA 95662 (the "Orangevale address"). Declaration of Non-Service, 4/20/2026 Novak Decl., Exh. B (ECF No. 88-2). Eventually, Plaintiff's counsel agreed to accept service on Mr. Aston's behalf. 4/20/2026 Novak Decl., Exh. C at 1 (ECF No. 88-3); 4/20/2026 Novak Decl., Exh. D at 1 (ECF No. 88-4). Mr. Aston's deposition was scheduled for September 25, 2025, continued to October 22, 2025, and then was taken off calendar when the parties began settlement discussions in October 2025. 4/20/2026 Novak Decl. ¶¶ 6, 7.

On March 24, 2026, after settlement discussions failed, Defendant emailed Plaintiff to re-calendar Mr. Aston's deposition, whereupon Plaintiff informed Defendant that Mr. Aston would need to be personally served with another deposition subpoena; simultaneously, Plaintiff stated Mr. Aston would only be available on or after July 27, 2026. 4/20/2026 Declaration of Demetria Mantalis ¶¶ 6-7 (ECF No. 87-2); 4/20/2026 Novak Decl., Exh. E at 2 (ECF No. 88-5). Due to Plaintiff's retraction, Defendant then hired Shannon Brown, a private investigator who, during March and April 2026, performed a "skip trace search" to identify potential addresses associated with Mr. Aston. 4/20/2026 Declaration of Shannon Brown ¶ 5, 4/20/2026 Novak Decl., Exh. F (ECF No. 88-6). Ms. Brown then visited each of the five addresses identified by that investigation as having been associated with Mr. Aston over the past five years, to determine whether Mr. Aston could be served at any of those addresses. *Id.* ¶¶ 6-7. Defendant's counsel also attempted to contact Mr. Aston by the telephone numbers and

email addresses provided by Plaintiff and by Ms. Brown through her investigations. 4/20/2026 Mantalis Decl. ¶¶ 8-11. In opposition, Plaintiff offers a declaration by Mr. Aston, who contends he never received these emails or phone calls from Defendant's counsel. Declaration of Jason Aston ¶¶ 20-21 (ECF No. 94-2).

## II.   LEGAL STANDARDS

### A.   Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### B.   Depositions

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Depositions of non-parties are governed by Federal Rules of Civil Procedure 30 and 45. "Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).

## III.   DISCUSSION

Defendant brings this motion seeking to effect service of a deposition subpoena upon Mr. Aston through (1) email service to the email address provided by Plaintiff, *i.e.*, jason706706@gmail.com; (2) mailing the deposition subpoena to Mr. Aston's confirmed Orangevale address, *i.e.*, 8551 Sonia Avenue, Orangevale, CA 95662; and (3) service

on Plaintiff's counsel by email and overnight mail. Def. Mot. at 7-8 (ECF No. 87-1); Def. Reply at 7 (ECF No. 103).[2]

The Court first examines whether Defendant has been reasonably diligent in attempting to effectual personal service, and then examines alternative means of service. The Court finds Defendant has established good cause to effect alternative service through its proposed combined methods.

**A.     Reasonable Diligence**

"The majority rule is that Rule 45 requires personal service, as opposed to service by mail." *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, 2020 WL 4748324, at *5 (E.D. Cal. Aug. 17, 2020). "However, a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to a court order." *Id.* (collecting cases). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Id.* (quoting *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015)).

Here, Defendant has been reasonably diligent in attempting to effectuate personal service. Defendant initially attempted to serve its original deposition subpoena on Mr. Aston at the Orangevale address provided by Plaintiff, which failed after two attempts. *See* Declaration of Non-Service, 4/20/2026 Novak Decl., Exh. B (ECF No. 88-2). In addition, Plaintiff's counsel previously agreed to accept service on Mr. Aston's behalf, indicating that substitute service was acceptable though Plaintiff's counsel has since retracted his agreement. *See* 4/20/2026 Novak Decl., Exh. C at 1 (ECF No. 88-3); 4/20/2026 Novak Decl., Exh. D at 1 (ECF No. 88-4). As a result of Plaintiff's counsel retraction of his agreement, Defendant hired a private investigator who performed a "skip trace search" to uncover potential addresses associated with Mr. Aston. 4/20/2026 Declaration of Shannon Brown ¶ 5, 4/20/2026 Novak Decl., Exh. F (ECF No. 88-6). Ms.

---

[2]  Defendant added the request to serve by mail to the Orangevale address in its reply brief.

Brown then visited each of five addresses, some multiple times, attempting to either serve Mr. Aston or determine whether Mr. Aston currently resided at that address. *Id.* ¶¶ 7.a-7.d. Defendant has thus attempted to effect personal service on Mr. Aston a total of ten times. Further, Defendant asked if Plaintiff's counsel would accept service on Mr. Aston's behalf as previously agreed, but Plaintiff's counsel refused. 4/20/2026 Mantalis Decl. ¶¶ 6-7 (ECF No. 87-2); 4/20/2026 Novak Decl., Exh. E at 2 (ECF No. 88-5). Thus, Defendant has shown it made reasonably diligent efforts to personally serve Mr. Aston. *See Gnathonic, LLC v. Dingman*, 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (diligence established where plaintiff hired private investigator and made several good faith attempts to effect service at addresses obtained from investigation); *Kindermann v. Merz N. Am., Inc.*, 2026 WL 699815, at *2 (S.D. Cal. Mar. 12, 2026) (diligence established where defendant's process servers attempted five times to serve deponent, and deponent permitted former counsel to accept service but revoked his authorization).

Plaintiff disputes whether Defendant exercised reasonable diligence in attempting personal service on Mr. Aston, namely by raising several issues with the declaration of Defendant's private investigator, Shannon Brown. Plaintiff's arguments fail. For example, Plaintiff contends the declaration does not include Ms. Brown's private investigator license number and is "vague and contradictory."[3] *See* Pl. Opp'n at 6, 11 (ECF No. 94). Plaintiff incorrectly asserts that Ms. Brown's declaration "contains false statements." *Id.* at 6. Plaintiff does not challenge whether Ms. Brown actually attempted service at the addresses she identified in her skip trace search, but rather argues that Mr. Aston never resided at certain addresses listed in Ms. Brown's declaration. *See* Aston Decl. ¶¶ 23-24 (ECF No. 94-2). That does not render Ms. Brown's assertions false, but instead suggest that Ms. Brown attempted to locate Mr. Aston at addresses at which he did not reside.

---

[3]  In response to these purported defects, Defendant filed a supplemental Declaration of Shannon Brown with its reply, adding further detail such as Ms. Brown's license number, the time of day Ms. Brown visited each property, and the discovered identity of a resident at one address who knew Mr. Aston. *See* 5/13/2026 Declaration of Shannon Brown, 5/15/2026 Declaration of Demetria Mantalis, Exh. C (ECF No. 103-1).

Other than pointing out these purported defects, Plaintiff does not seriously dispute that Defendant has made good-faith, reasonable efforts to serve Mr. Aston. The Court concludes that Defendant has made reasonably diligent efforts to effectuate personal service on Mr. Aston. Though Defendant has made reasonable efforts to locate Mr. Aston, it appears that Plaintiff is not fully cooperating in discovery, leading to unnecessary motion practice and use of limited judicial resources.[4]

### B.    Alternative Means

Alternative means of service must be "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Delta Air Lines, Inc.*, 2023 WL 9018986, at *4 (C.D. Cal. Dec. 4, 2023) (citations omitted). Defendant requests to effect service by (1) email to Mr. Aston, (2) mail to Mr. Aston's Orangevale address, and (3) email and overnight mail to Plaintiff's counsel, Mr. Adam Brumm and Mr. Julio Guiterrez-Morales. Def. Reply at 7. Mr. Aston concedes in his declaration that the Orangevale address "was still a good mailing address," his email address is jason706706@gmail.com, and he receives email communications from Plaintiff's counsel. *See* Aston Decl. ¶¶ 8, 16-17, 22. Despite this, Plaintiff contends that email service on Mr. Aston would not provide actual timely notice to Mr. Aston because Mr. Aston did not receive Defendant counsel's prior emails and because Mr. Aston does not regularly check his email inbox. *See* Pl. Opp'n at 12. It is unclear what notice could be more timely than email notice to an email address that Plaintiff and Mr. Aston concede that Mr. Aston still uses. Mr. Aston's claim that he does not regularly check his email inbox is not well taken where he concedes that he still uses the email address at issue.

Plaintiff also argues that alternative service by email would be improper because none of Defendant's case law supports a means of alternative service "on an individual deponent by email alone to the individual's personal email address." Pl. Opp'n at 7

---

[4]   For example, it appears that Plaintiff is using service on Mr. Aston as a bargaining tactic where counsel previously agreed to accept service for Mr. Aston, counsel then retracted his agreement, and Mr. Aston is now willing to authorize counsel to accept service, but only on certain confirmed dates. *See* Aston Decl. ¶ 31; Pl. Opp'n at 11.

(emphasis in original). This argument fails on its face because Defendant does not propose alternative service by email alone. In addition, some courts have permitted alternative service of a deposition subpoena solely by email to the intended deponent. *See Kindermann*, 2026 WL 699815, at *3 ("Alternative service by e-mail is an effective and efficient method of providing notice.").

Plaintiff also argues alternative service is not appropriate unless the deponent appears to be "intentionally evading service," which it denies Mr. Aston is doing. Pl. Opp'n at 7. This is not a requirement for alternative service. The Court notes, however, that the record suggests Mr. Aston has not been cooperative and potentially evasive. Mr. Aston concedes he knows Defendant is attempting to serve him with a renewed deposition subpoena. Aston Decl. ¶ 17. Mr. Aston also concedes he was aware that a process server had previously attempted and failed to serve Mr. Aston at the Orangevale address, and that despite no longer residing there, he declined to provide an updated residential address for Defendant. *See id.* ¶¶ 7-9.

Plaintiff raises several other miscellaneous arguments and objections that fail. For example, Plaintiff argues that Defendant's motion "contains false statements and omissions of material fact" and violates Rule 11. Pl. Opp'n at 2. These accusations lack support in the record. Plaintiff has not identified specific misstatements or omissions by Defendant, nor has Plaintiff shown facts indicating that Defendant seeks to depose or schedule a deposition of Mr. Aston in bad faith. Plaintiff is cautioned against making accusations of false statements or Rule 11 violations without substantiation. Plaintiff also raises arguments that are not relevant to the issue of alternate service, including arguments regarding not receiving the intended deposition date, offering alternate deposition dates, receiving a copy of the subpoena, and having filed a pending motion for a protective order as to Mr. Aston's deposition.[5] *See* Pl. Opp'n at 2, 3, 11. The Court rejects these arguments as irrelevant to the issue of alternative service.

---

[5]   In addition, Plaintiff will have the opportunity to object to the deposition subpoena after Defendant serves it.

The Court concludes that the combined method of alternative service by email and regular mail to both Mr. Aston and Plaintiff's counsel is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Delta Air Lines*, 2023 WL 9018986, at *4. Plaintiff and Mr. Aston have conceded that Mr. Aston still uses his "jason706706@gmail.com" email address, that the Orangevale address is still a valid mailing address for Mr. Aston, and that Plaintiff's counsel has been in communication with Mr. Aston. The Court reminds Plaintiff of its obligations to cooperate in discovery and its ongoing obligation under Federal Rule of Civil Procedure 26(e) to supplement its disclosures and discovery responses. Mr. Aston is also on notice to regularly check his email inbox.

**IV.   CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1.   Defendant's motion to serve a deposition subpoena upon Jason Aston through alternative service (ECF No. 87) is GRANTED;

2.   Defendant may serve Mr. Aston through the following combined, alternative method:

   a.   Email to Mr. Aston's email address:  jason706706@gmail.com;

   b.   Regular mail to Mr. Aston at 8851 Sonia Avenue, Orangevale, California 95662;

   c.   Email to Plaintiff's counsel of record; **and**

   d.   Regular mail to the business address of Plaintiff's counsel of record.

Dated:  June 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, centr.0078.25

8