Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:  (310) 693-0775
Facsimile:   (310) 627-0172
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.<br><br>Defendant. | Case No.: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br><br>**DEFENDANT SWEETENER PRODUCTS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS - SET TWO**<br><br>Trial Date: April 20, 2027<br>Complaint Filed: January 8, 2025 |

**PROPOUNDING PARTY:**    Central Valley Eden Environmental Defenders, LLC

**RESPONDING PARTY:**    Sweetener Products, Inc.

**SET NO.:**    Two

## PRELIMINARY STATEMENT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Sweetener Products Inc. ("Defendant") submits the following responses and objections to Plaintiff Central Valley Eden Environmental Defenders, LLC's ("Plaintiff") Second Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's instructions and definitions as purporting to impose requirements different from and more extensive than those imposed by the Federal Rules of Civil Procedure for responses to discovery requests.

2.      Defendant objects to Plaintiff's definitions, instructions, and requests to the extent they seek to require Defendant to produce documents not within its possession, custody, or control.

3.      Defendant objects to Plaintiff's definition of "Document" on the grounds that it is unduly burdensome, oppressive, and exceeds the scope of permissible discovery. Defendant shall construe the definition of the term "Document" as the term "document" is described in Federal Rule of Civil Procedure 34(a).

4.      Defendant will agree to produce relevant, responsive, non-privileged documents located after a reasonably diligent search. Such an answer is not a representation that any such documents exist, only that Defendant agrees that if, after a reasonably diligent search, any such documents are located, Defendant will produce them.

5.      Defendant objects to these requests to the extent they seek documents that are available from public sources or third parties or are otherwise equally available to Plaintiffs.

6.      Defendant's investigation of these requests is ongoing.  Defendant responds to these requests with its current knowledge and reserves the right to amend or supplement its answers and responses if any additional documents or information are identified at a later time and to make additional objections as necessary.  The following objections and responses are given without prejudice to Defendant's right to produce evidence of any

subsequently discovered facts. Defendant also reserves the right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

7.    Defendant does not concede that any of its responses are or will be admissible evidence during litigation of this matter, and Defendant does not waive any objection, whether or not asserted herein, to the use of any such response at trial.

8.    Defendant objects to duplicative production as unduly burdensome. To the extent a single relevant, non-privileged document Defendant locates after a reasonably diligent search is responsive to more than one of Plaintiffs' requests, Defendant will produce only a single copy of the document.

9.    Defendant objects to all requests to the extent that they seek documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.  Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of any such available privilege or doctrine.

10.    To the extent Defendant agrees to produce documents responsive to these requests, they will be produced on a rolling basis.

11.    A privilege log will be produced at the appropriate time, if necessary.

## RESPONSES AND OBJECTIONS TO REQUESTS FORPRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 70**:

**ALL DOCUMENTS** RELATING TO INDUSTRIAL MATERIALS or INDUSTRIAL CHEMICALS purchased by YOU and/or delivered to YOU, from September 1, 2019, to the present, including bills of lading, invoices, shipping and receiving documents, and any other type of DOCUMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendant objects to this Request as it seeks documents and information that Defendant has produced in connection with its Initial Disclosures and prior discovery responses and thus is duplicative. Defendant further objects to this Request as it is overbroad and unduly burdensome, and requests documents subject to confidentiality

Defendant's Responses to
RFPD – Set Two
3
Case No.: 2:25-cv-00078-WBS-CSK

agreements. Subject to these objections, Defendant will produce non-privileged documents within its possession related to this request.

**DOCUMENT REQUEST NO. 71:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by the County of San Joaquin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant objects to this Request as overburdensome as it seeks publicly available documents that are equally available to Plaintiff. Defendant further objects to this Request on the ground that it contains no specific time period and is therefore overbroad and burdensome. Defendant further objects to this Request because it seeks information from third parties and not within its possession, custody, or control. Defendant further objects to this Request that it seeks information protected by the attorney-client privilege and work product doctrine. Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 72:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by the City of Lodi.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendant objects to this Request as overburdensome as it seeks publicly available documents that are equally available to Plaintiff. Defendant further objects to this Request on the ground that it contains no specific time period and is therefore overbroad and burdensome. Defendant further objects to this Request because it seeks information from third parties and not within its possession, custody, or control. Defendant further objects to this Request that it seeks information protected by the attorney-client privilege and work product doctrine.

**DOCUMENT REQUEST NO. 73:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by the Central Valley Regional Water Quality Control Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant objects to this Request as overburdensome as it seeks publicly available documents that are equally available to Plaintiff. Defendant further objects to this Request on the ground that it contains no specific time period and is therefore overbroad and burdensome. Defendant further objects to this Request because it seeks information from third parties and not within its possession, custody, or control. Defendant further objects to this Request that it seeks information protected by the attorney-client privilege and work product doctrine.   Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 74:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by the Environmental Protection Agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendant objects to this Request as overburdensome as it seeks publicly available documents that are equally available to Plaintiff. Defendant further objects to this Request on the ground that it contains no specific time period and is therefore overbroad and burdensome. Defendant further objects to this Request because it seeks information from third parties and not within its possession, custody, or control. Defendant further objects to this Request that it seeks information protected by the attorney-client privilege and work product doctrine.   Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 75:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by Network Environmental Solutions (NES).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendant objects to this Request as it seeks documents equally available to Plaintiff. Defendant further objects to this Request on the ground that it contains no specific time period and is therefore overbroad and burdensome. Defendant further objects to this Request because it seeks information from third parties and not within its possession, custody, or control. Defendant further objects to this Request that it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects to this Request on the ground that it is not proportional to the needs of the case under Federal Rule of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 76:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by Diede Construction, for the time period January 1, 1996, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control. Defendant further objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rule of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 77:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by Bauchman & Piazza, for the time period January 1, 1996, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control.  Defendant further objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rule of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 78:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by BSK Associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control. Defendant further objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rules of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 79:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any individual employed by Orkin.

Defendant's Responses to
RFPD – Set Two

7

Case No.: 2:25-cv-00078-WBS-CSK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome, contains no specific time period, and is therefore overbroad and burdensome.  Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control. Defendant further objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rules of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 80:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any contractor or subcontractor retained by YOU or YOUR representative with respect to storm water flow and/or drainage at YOUR FACILITY, for the time period January 1, 1996, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Defendant objects to this Request on the ground that it is overbroad and burdensome in terms of time and scope. As written, Defendant cannot respond to this request.

**DOCUMENT REQUEST NO. 81:**

**ALL DOCUMENTS** RELATING TO or referencing COMMUNICATIONS between YOU and any contractor or subcontractor retained by YOU or YOUR representative with respect to underground storm water connections and piping at YOUR FACILITY, for the time period January 1, 1996, to the present.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 81:**

Defendant objects to this Request on the ground that it is overbroad and burdensome in terms of time and scope. As written, Defendant cannot respond to this request.

**DOCUMENT REQUEST NO. 82:**

**ALL DOCUMENTS** RELATING TO or referencing plans, site maps, permits, inspections, inspection reports or violations issued or prepared by the County of San Joaquin for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, maps, and any other documents or records, for the time period January 1, 1996, to the present.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 82:**

Defendant objects to this Request as overly broad. Defendant objects on the ground that this request seeks information solely from third parties and is therefore equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome in terms of time and scope. Defendant objects to this Request on the ground that it seeks documents outside of Defendant's control.

**DOCUMENT REQUEST NO. 83:**

**ALL DOCUMENTS** RELATING TO or referencing plans, site maps, permits, inspections, inspection reports or violations issued or prepared by the City of Lodi for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, draft and final contracts, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, maps, and any other documents or records, for the time period January 1, 1996, to the present.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 83:**

Defendant objects to this Request as overly broad. Defendant objects on the ground that this request seeks information solely from third parties and is therefore equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome in terms of time and scope. Defendant objects to this Request on the ground that it seeks documents outside of Defendant's control.

**DOCUMENT REQUEST NO. 84:**

**ALL DOCUMENTS** RELATING TO or referencing inspections, inspection reports or violations issued or prepared by the Central Valley Regional Water Quality Control Board for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, maps, and any other documents or records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendant objects to this Request as overly broad. Defendant objects on the ground that this request seeks information solely from third parties and is therefore equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome in terms of time and scope. Defendant objects to this Request on the ground that it seeks documents outside of Defendant's control.

**DOCUMENT REQUEST NO. 85:**

**ALL DOCUMENTS** RELATING TO or referencing site maps, inspections, inspection reports, annual facility evaluation reports, storm water sampling analyses, General Permit compliance reports, issued or prepared by Network Environmental Solutions (NES) for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, draft and final contracts, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, maps, and any other documents or records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendant objects to this Request as overly broad and seeks information from a third party and therefore equally available to Plaintiff. Defendant further objects to this Request on the ground that it fails to identify any timeframe and is therefore overbroad

Defendant's Responses to
RFPD – Set Two

10

Case No.: 2:25-cv-00078-WBS-CSK

and burdensome. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control.

**DOCUMENT REQUEST NO. 86:**

ALL DOCUMENTS RELATING TO or referencing permits, plans, site maps, inspections, inspection reports, violation reports, issued or prepared by Diede Construction or any of Diede Construction's representatives, subcontractors or engineers for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, draft and final contracts, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, site maps, and any other documents or records, for the time period January 1, 1995, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome in terms of both time and scope. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control. Defendant furthers objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rules of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

**DOCUMENT REQUEST NO. 87:**

ALL DOCUMENTS RELATING TO or referencing permits, plans, site maps, inspections, inspection reports, violation reports, issued or prepared by Bauchman & Piazza or any of Bauchman & Piazza's employees, representatives, subcontractors or engineers for Sweetener Products, located at 1150 Thurman Street in Lodi, California, including but not limited to letters, memos, scheduling records, emails, photographs, texts, draft and final reports, draft and final contracts, inspections, opinions, FACILITY evaluations, drainage plans, notes, drawings, diagrams, permits, plans, invoices, site

maps, and any other documents or records, for the time period January 1, 1995, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Defendant objects to this Request as overly broad and seeks information equally available to Plaintiff. Defendant further objects to this Request on the ground that it is overbroad and burdensome. Defendant further objects to this Request on the ground that it seeks documents outside of Defendant's control. Defendant furthers objects to this Request on the grounds that it is not proportional to the needs of the case under Federal Rules of Civil Procedure, Rule 26(b)(1). Defendant is conducting a diligent search of its records and will produce any responsive documents it locates.

Defendant produces the following responsive documents, available via the following link which expires on April 17, 2026, password K4FEJ9: https://jfnovaklaw.synology.me:2605/d/s/17b2jSBuNx87tCUxjsUBy75VAayJgkpn/HoYkw-R4Ik28X3jbna9Or7nFWnG47-R--xb4AvUMuEw0

Date: March 27, 2026                LAW OFFICE OF JENNIFER F. NOVAK


 /s/ Demetria Mantalis
Demetria Mantalis
Attorney for Defendant Sweetener Products, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA            )
                                        )
COUNTY OF LOS ANGELES )

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My e-mail address is jaliyah@jfnovaklaw.com and my business address is 500 Silver Spur Road, Suite 206, Rancho Palos Verdes, CA 90275.

   On March 27, 2026, I served the following documents described as:

**DEFENDANT SWEETENER PRODUCTS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS - SET TWO; and**

**DEFENDANT SWEETENER PRODUCTS, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES – SET TWO**

[xx]   **BY E-MAIL OR ELECTRONIC TRANSMISSION**:  The parties have consented to accept electronic service. I therefore caused the above-described document to be electronically served on the person listed below.

Adam D. Brumm, Esq.
**Eden Environmental Defenders, LLC**                    Attorneys for Plaintiff
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
adam@edendefenders.org

Julio Cesar Guitierrez-Morales
**Tu Brujula Legal**
6050 Commerce Blvd, Ste 204
Rohnert Park, CA 94928
jcgm@tubrujulalegal.net

Natalie Marcin
**EarthLaw Attorney**
17158 Aileen Way
Grass Valley, CA 95949
natalie@earthlawattorney.com

   Executed on March 27, 2026, at Holiday, Florida.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jaliyah Samuels

PROOF OF SERVICE                         7              Case No.: 2:25-cv-00078-WBS-CSK