# EXHIBIT C

Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:  (310) 693-0775
Facsimile:   (310) 627-0172
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CENTRAL VALLEY EDEN
ENVIRONMENTAL DEFENDERS, a
California limited liability company

Plaintiff,

vs.

SWEETENER PRODUCTS, INC.

Defendant.

Case No.: 2:25-cv-00078-WBS-CSK
Courtroom: 5, 14th Floor

Assigned to Hon. William B. Shubb

**DEFENDANT SWEETENER PRODUCTS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS - SET THREE**

Trial Date: April 20, 2027
Complaint Filed: January 8, 2025

**PROPOUNDING PARTY:**    Central Valley Eden Environmental Defenders, LLC

**RESPONDING PARTY:**    Sweetener Products, Inc.

**SET NO.:**    Three

DEFENDANT'S SUPP RESPONSES TO
RFPD – SET THREE

1

Case No.: 2:25-cv-00078-WBS-CSK

## PRELIMINARY STATEMENT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Sweetener Products Inc. ("Defendant") submits the following supplemental responses and objections to Plaintiff Central Valley Eden Environmental Defenders, LLC's ("Plaintiff") Third Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's instructions and definitions as purporting to impose requirements different from and more extensive than those imposed by the Federal Rules of Civil Procedure for responses to discovery requests.

2. Defendant objects to Plaintiff's definitions, instructions, and requests to the extent they seek to require Defendant to produce documents not within its possession, custody, or control.

3. Defendant objects to Plaintiff's definition of "Document" on the grounds that it is unduly burdensome, oppressive, and exceeds the scope of permissible discovery. Defendant shall construe the definition of the term "Document" as the term "document" is described in Federal Rule of Civil Procedure 34(a).

4. Defendant objects to Plaintiff's definition of "Describe" on the grounds that it applies solely to interrogatories and is inapplicable and misleading when applied to these Requests for Production of Documents.

5. Defendant objects to Plaintiff's inclusion of Tim Simpson from GSI within the definition of "YOUR CONSULTANT(s)" as Mr. Simpson has not yet been designated as expert in this case. Accordingly, some documents and communications involving Mr. Simpson are protected by the attorney work product doctrine and/or attorney-client privilege at this time and are not subject to disclosure.

6. Defendant objects to Plaintiff's Instruction 1 to the extent that it seeks documents from the period of July 1, 2015, to the date of service, as this timeframe is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The time frame extends beyond the applicable BMP-related and monitoring record retention

period mandated by General Permit Section H.G(iii), which requires retention for a period of "at least five years." Furthermore, this time frame seeks documents which concern issues no longer relevant to the FACILITY'S current operations or the case.  (if they argue how we deserve to know what you got rid of, we say we don't know how are we meant to know)

7.    Defendant objects to Plaintiff's Instruction 2 to the extent that it defines "possession, custody, or control" to include documents Defendant has no legal right to obtain. Defendant does not have legal standing to obtain all documents it may theoretically be able to acquire, and objects to producing documents in the sole possession of third parties, as doing so is unduly burdensome and beyond Defendant's control.

8.    Defendant will agree to produce relevant, responsive, non-privileged documents located after a reasonably diligent search. Such an answer is not a representation that any such documents exist, only that Defendant agrees that if, after a reasonably diligent search, any such documents are located, Defendant will produce them.

9.    Defendant objects to these requests to the extent they seek documents that are available from public sources or third parties or are otherwise equally available to Plaintiffs.

10.    Defendant's investigation of these requests is ongoing.  Defendant responds to these requests with its current knowledge and reserves the right to amend or supplement its answers and responses if any additional documents or information are identified at a later time and to make additional objections as necessary.  The following objections and responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts. Defendant also reserves the right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

11.    Defendant does not concede that any of its responses are or will be admissible evidence during litigation of this matter, and Defendant does not waive any objection, whether or not asserted herein, to the use of any such response at trial.

12.    Defendant objects to duplicative production as unduly burdensome. To the extent a single relevant, non-privileged document Defendant locates after a reasonably

DEFENDANT'S SUPP RESPONSES TO    3
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

diligent search is responsive to more than one of Plaintiffs' requests, Defendant will produce only a single copy of the document.

13. Defendant objects to all requests to the extent that they seek documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege. Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of any such available privilege or doctrine.

14. To the extent Defendant agrees to produce documents responsive to these requests, they will be produced on a rolling basis.

15. A privilege log will be produced at the appropriate time, if necessary.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 88**:

**ALL DOCUMENTS** RELATING TO NES Environmental or any person acting on their behalf. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 88.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. As drafted, the Request may seek corporate documents of NES, documents that do not pertain to the FACILITY, or other documents to which Defendant has no legal right, including internal communications between members of NES. Furthermore, this Request seeks documents which are publicly available, including documents filed with the Secretary of State. Defendant further objects to this Request as it is not proportional to the needs of the case as it seeks documents that do not have a logical relationship to Defendant, the FACILITY, work at the FACILITY, or any issue in the case. Defendant further objects to this Request on the

DEFENDANT'S SUPP RESPONSES TO    4
RFPD – SET THREE                                Case No.: 2:25-cv-00078-WBS-CSK

grounds that it is overbroad as it seeks documents from anyone acting on NES' behalf which calls for speculation. Defendant is not in the position to determine who is and who is not acting on NES' behalf. Defendant further objects to this Request on the grounds that it is duplicative and seeks DOCUMENTS already produced by Defendant. Without waiving these objections, Defendant produces the following documents: SPC_RFP_1077-1083; SPC_RFP_1084-1100; SPC_RFP_1101-1117; SPC_RFP_1118-1119; SPC_RFP_1120-1121; SPC_RFP_1122-1123; SPC_RFP_1124-1125; SPC_RFP_1126-1127; SPC_RFP_1128-1129; SPC_RFP_1130-1131; SPC_RFP_1132-1143; SPC_RFP_1144-1155; SPC_RFP_1156-1170; SPC_RFP_1171-1189; SPC_RFP_1183.

**DOCUMENT REQUEST NO. 89:**

**ALL DOCUMENTS** RELATING TO communications between YOU and NES Environmental or any person acting on their behalf. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 89.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. As drafted, the Request may seek corporate communications of NES, communications that do not pertain to the FACILITY, or other DOCUMENTS to which Defendant has no legal right, including internal communications between members of NES. Defendant further objects to this Request on the grounds that it seeks communications with NES not related to the FACILITY or Defendant. Defendant further objects to this Request as it is not proportional to the needs of the case as it seeks COMMUNICATIONS that do not have a logical relationship to Defendant, the FACILITY, work at the FACILITY, or any issue in the case. Defendant further objects to

DEFENDANT'S SUPP RESPONSES TO    5
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

this Request on the grounds that it is overbroad as it seeks communications from anyone acting on NES' behalf which calls for speculation. Defendant is not in the position to determine who is and who is not acting on NES' behalf. Defendant further objects to this Request on the grounds that it is duplicative and seeks DOCUMENTS already produced by Defendant and by NES. Without waiving these objections, Defendant produces the following documents: SPC_RFP_0929 and SPC_RFP_0930; SPC_RFP_0967; SPC_RFP_0968; SPC_RFP_0969; SPC_RFP_0970-0974; SPC_RFP_0975-0976; SPC_RFP_0977-0978; SPC_RFP_0979; SPC_RFP_0980; SPC_RFP_0981; SPC_RFP_0982-0984; SPC_RFP_0986-0990; SPC_RFP_0991; SPC_RFP_0992-0993; SPC_RFP_0994-0995; SPC_RFP_0996; SPC_RFP_0997; SPC_RFP_0998-1002; SPC_RFP_1003-1007; SPC_RFP_1008-1009; SPC_RFP_1010; SPC_RFP_1011; SPC_RFP_1012-1013; SPC_RFP_1014-1017; SPC_RFP_1018-1021; SPC_RFP_1022-1025; SPC_RFP_1026-1029; SPC_RFP_1030-1033; SPC_RFP_1034-1037; SPC_RFP_1038-1040; SPC_RFP_1041-1044; SPC_RFP_1045-1048; SPC_RFP_1049-1053; SPC_RFP_1054-1059; SPC_RFP_1060-1063; SPC_RFP_1064-1066; SPC_RFP_1067; SPC_RFP_1068-1069; SPC_RFP_1070-1071; SPC_RFP_1072-1073; SPC_RFP_1074-1075; SPC_RFP_1076.

**DOCUMENT REQUEST NO. 90:**

**ALL DOCUMENTS** RELATING TO GSI Environmental or any person acting on their behalf. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 90.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. As drafted, the Request may seek corporate documents of GSI, documents that do not pertain to the FACILITY, or other documents

DEFENDANT'S SUPP RESPONSES TO    6
RFPD – SET THREE                                Case No.: 2:25-cv-00078-WBS-CSK

to which Defendant has no legal right, including internal communications between members of GSI. Furthermore, this Request seeks documents which are publicly available, including documents filed with the Secretary of State. Defendant further objects to this Request as it is not proportional to the needs of the case as it seeks documents that do not have a logical relationship to Defendant, the FACILITY, work at the FACILITY, or any issue in the case. Defendant further objects to this Request on the grounds that it is overbroad as it seeks documents from anyone acting on GSI's behalf which calls for speculation. Defendant is not in the position to determine who is and who is not acting on GSI's behalf. Defendant further objects to this Request to the extent that it seeks DOCUMENTS which would constitute the premature disclosure of Defendant's expert witness. Defendant further objects to this request to the extent that it seeks DOCUMENTS protected by attorney-client privilege and/or attorney-work product doctrine.  Without waiving these objections, Defendant produces the following documents: SPC_RFP_0931; SPC_RFP_0932-SPC_RFP_035; SPC_RFP_0936-SPC_RFP_0956; SPC_RFP_0957; SPC_RFP_0958-0965; SPC_RFP_0966; SPC_RFP_1610-SPC_RFP_1905; SPC_RFP_1530-SPC_RFP_1531; SPC_RFP_1906-SPC_RFP_1908; SPC_RFP_1544-SPC_RFP_1545; SPC_RFP_1547; SPC_RFP_1552-SPC_RFP_1553; SPC_RFP_1563; SPC_RFP_1584-SPC_RFP_1585; SPC_RFP_1587; SPC_RFP_1592-SPC_RFP_1593; SPC_RFP_1589_SPC_RFP_1591; SPC_RFP_1594; SPC_RFP_1597-SPC_RFP_1598.

**DOCUMENT REQUEST NO. 91:**

    **ALL DOCUMENTS** RELATING TO communications between YOU and GSI Environmental or any person acting on their behalf. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 91.

    Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are

DEFENDANT'S SUPP RESPONSES TO    7
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. As drafted, the Request may seek corporate communications of GSI, communications that do not pertain to the FACILITY, or other communications to which Defendant has no legal right, including internal communications between members of GSI. Defendant further objects to this Request as it is not proportional to the needs of the case as it seeks documents that do not have a logical relationship to Defendant, the FACILITY, work at the FACILITY, or any issue in the case. Defendant further objects to this Request on the grounds that it is overbroad as it seeks documents from anyone acting on GSI's behalf which calls for speculation. Defendant is not in the position to determine who is and who is not acting on GSI's behalf. Defendant further objects to this Request to the extent that it seeks DOCUMENTS which would constitute the premature disclosure of Defendant's expert witness. Defendant further objects to this request to the extent that it seeks DOCUMENTS protected by attorney-client privilege and/or attorney-work product doctrine.  Without waiving these objections, Defendant produces the following documents: SPC_RFP_1184-SPC_RFP_1186; SPC_RFP_1280-SPC_RFP_1281; SPC_RFP_1285-SPC_RFP_1290; SPC_RFP_1291-SPC_RFP_1295; SPC_RFP_1296-SPC_RFP_1297; SPC_RFP_1298-SPC_RFP_1299; SPC_RFP_1300-SPC_RFP_1301; SPC_RFP_1302-SPC_RFP_1303; SPC_RFP_1304; SPC_RFP_1305-SPC_RFP_1306; SPC_RFP_1307; SPC_RFP_1314-SPC_RFP-1319; SPC_RFP_1320-SPC_RFP_1323; SPC_RFP_1324-SPC_RFP_1326; SPC_RFP_1327-SPC_RFP_1332; SPC_RFP_1333-SPC_RFP_1334; SPC_RFP_1335-SPC_RFP-1337; SPC_RFP_1338-SPC_RFP_SPC_RFP_1341; SPC_RFP_1342-SPC_RFP_1343; SPC_RFP_1344-SPC_RFP_1345; SPC_RFP_1346-SPC_RFP_1351; SPC_RFP_1352-SPC_RFP_1353; SPC_RFP_1361-SPC_RFP_1363; SPC_RFP_1364-SPC_RFP_1366; SPC_RFP_1367-SPC_RFP_1370; SPC_RFP_1383-SPC_RFP_1386; SPC_RFP_1459-SPC_RFP_1464; SPC_RFP_1465-SPC_RFP_1470; SPC_RFP_1474-SPC_RFP_1475; SPC_RFP_1471-SPC_RFP_1473; SPC_RFP_1476; SPC_RFP_1477; SPC_RFP_1478-SPC_RFP_1479; SPC_RFP_1480-SPC_RFP_1482; SPC_RPF_1483-SPC_RFP_1486; SPC_RFP_1489-

SPC_RFP_1490; SPC_RFP_1492-SPC_RFP_1495; SPC_RFP_1499; SPC_RFP_1502-SPC_RFP_1507; SPC_RFP_1523-SPC_RFP1525; SPC_RFP_1526-SPC_RFP_1529

**DOCUMENT REQUEST NO. 92:**

**ALL DOCUMENTS** RELATING TO pesticides and/or insecticides ordered by YOU. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 92.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The term "ALL DOCUMENTS" is unduly burdensome as it could mean any type of document concerning pesticides/and or insecticides including fact sheets, internet webpages, or communications between third parties. Defendant further objects to this Request as unlikely to lead admissible evidence on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit.  Without waiving objects, Defendant states that responsive documents were produced to the Request in Defendant's Responses to Plaintiff's Requests for Production No. 48.

**DOCUMENT REQUEST NO. 93:**

**ALL DOCUMENTS** RELATING TO pesticides and/or insecticides delivered to YOUR FACILITY. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 93.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to

the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The term "ALL DOCUMENTS" is unduly burdensome as it could mean any type of document concerning pesticides/and or insecticides including fact sheets, internet webpages, communications between third parties, bills of lading, etc. Defendant further objects to this Request as unlikely to lead admissible evidence on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit.  Without waiving objects, Defendant states that responsive documents were produced to the Request in Defendant's Responses to Plaintiff's Requests for Production No. 48.

**DOCUMENT REQUEST NO. 94:**

ALL DOCUMENTS RELATING TO pesticide and/or insecticides applications at YOUR FACILITY by YOU or any third-party individual or company. <span style="color:red">In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 94.</span>

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The term "ALL DOCUMENTS" is unduly burdensome as it could mean any type of document concerning pesticides/and or insecticides including fact sheets, internet webpages, communications between third parties, bills of lading, etc. Defendant further objects to this Request on the grounds that it seeks information in the sole possession third party individuals or companies which Defendant has no legal right to obtain. Defendant further objects to this Request as

unlikely to lead admissible evidence on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objects, Defendant states that responsive documents were produced to the Request in Defendant's Responses to Plaintiff's Requests for Production No. 48.

**DOCUMENT REQUEST NO. 95:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on November 1, 2017. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 95.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 96:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on November 1, 2017, was accurate.

DEFENDANT'S SUPP RESPONSES TO  11
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 96.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 97:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on December 4, 2018. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 97.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be

responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 98:**

ALL DOCUMENTS YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on December 4, 2018, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 98.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

DEFENDANT'S SUPP RESPONSES TO  13
RFPD – SET THREE                                                    Case No.: 2:25-cv-00078-WBS-CSK

**DOCUMENT REQUEST NO. 99:**

ALL DOCUMENTS relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on January 26, 2022. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 99.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 99:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 100:**

ALL DOCUMENTS YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on January 26, 2022, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 100.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 100:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to

DEFENDANT'S SUPP RESPONSES TO   14
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 101:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on August 3, 2022. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 101.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 101:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

DEFENDANT'S SUPP RESPONSES TO  15
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

**DOCUMENT REQUEST NO. 102:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on August 3, 2022, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 102.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 103:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on May 1, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 103.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be

responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 104:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on May 1, 2024, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 104.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 105:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT(S) in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on November 12, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must

provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 105.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 106**:

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on November 12, 2024, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 106.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad

DEFENDANT'S SUPP RESPONSES TO  18
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 107:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the Site Map for YOUR FACILITY which was certified and submitted to SMARTS on October 4, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 107.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties.  Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, Defendant produces the following documents: SPC_RFP_0903-SPC_RFP_0924; SPC_RFP_0931; SPC_RFP_0932-SPC_RFP_035; SPC_RFP_0936-SPC_RFP_0956; SPC_RFP_0957; SPC_RFP_0958-0965; SPC_RFP_0966; SPC_RFP_1610-SPC_RFP_1905.

**DOCUMENT REQUEST NO. 108:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the Site Map for YOUR FACILITY submitted on October 4, 2025, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents

to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 108.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, Defendant produces the following documents: SPC_RFP_0903-SPC_RFP_0924; SPC_RFP_0931; SPC_RFP_0932-SPC_RFP_035; SPC_RFP_0936-SPC_RFP_0956; SPC_RFP_0957; SPC_RFP_0958-0965; SPC_RFP_0966; SPC_RFP_1610-SPC_RFP_1905.

### DOCUMENT REQUEST NO. 109:

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on November 1, 2017. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 109.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds

that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 110:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on November 1, 2017, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 110.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 111:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on July 17, 2018. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 111.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 112:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on July 17, 2018, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 112.

DEFENDANT'S SUPP RESPONSES TO    22
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 113:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on December 4, 2018. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 113.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for

DEFENDANT'S SUPP RESPONSES TO    23
RFPD – SET THREE                                Case No.: 2:25-cv-00078-WBS-CSK

speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 114:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on December 4, 2018, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this request as overbroad on the grounds that it seeks documents outside of the retention period mandated by General Permit Section H.G(iii). Defendant further objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the operations at issue in this lawsuit. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 115:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on January 26, 2022. In YOUR written response to Plaintiff's Third Set of

DEFENDANT'S SUPP RESPONSES TO    24
RFPD – SET THREE                                      Case No.: 2:25-cv-00078-WBS-CSK

Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 115.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 116:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on January 26, 2022, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 116.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad

DEFENDANT'S SUPP RESPONSES TO   25
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 117:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on August 3, 2022. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 117.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 117:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 118:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on August 3, 2022, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 118.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 118:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 119:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on November 12, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 119.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 119:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without

waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 120:**

**ALL DOCUMENTS** YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on November 12, 2024, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 120.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 121:**

**ALL DOCUMENTS** relied on or utilized by YOU and/or YOUR CONSULTANT in drafting the SWPPP for YOUR FACILITY which was certified and submitted to SMARTS on October 4, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 121.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are

sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant objects to this Request on the grounds that it calls for speculation and seeks information only known by third parties. Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, Defendant produces the following documents: SPC_RFP_0903-SPC_RFP_0924; SPC_RFP_0931; SPC_RFP_0932-SPC_RFP_035; SPC_RFP_0936-SPC_RFP_0956; SPC_RFP_0957; SPC_RFP_0958-0965; SPC_RFP_0966.

**DOCUMENT REQUEST NO. 122:**

ALL DOCUMENTS YOU relied on to support YOUR certification in SMARTS that the SWPPP for YOUR FACILITY submitted on October 4, 2025, was accurate. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 122.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is duplicative and seeks documents already produced by Defendant or Defendant's CONSULTANT(s). Defendant further objects to this Request as overbroad on the grounds that it seeks DOCUMENTS related to historical operations at the FACILITY and not the current operations. Without waiving objections, Defendant produces the following documents: SPC_RFP_0903-SPC_RFP_0924; SPC_RFP_0931; SPC_RFP_0932-SPC_RFP_035; SPC_RFP_0936-SPC_RFP_0956; SPC_RFP_0957; SPC_RFP_0958-0965; SPC_RFP_0966; SPC_RFP_1495-SPC_RFP_1905.

**DOCUMENT REQUEST NO. 123:**

**ALL DOCUMENTS** RELATING TO or referencing the subsurface storm water conveyance system at YOUR FACILITY. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 123.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Defendant incorporates by reference its general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. ALL DOCUMENTS RELATING TO the subsurface storm water conveyance system at the FACILITY could mean sampling reports, the DOCUMENTS produced in this lawsuit, City of Lodi DOCUMENTS, and other public agency DOCUMENTS. Defendant further objects to this Request on the grounds that it seeks DOCUMENTS unknown to Defendant and in the sole possession, custody, or control of third parties. Defendant further objects to this Request on the grounds that it seeks DOCUMENTS that would cause premature expert witness disclosure. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 124:**

**ALL DOCUMENTS** RELATING TO or referencing any storm water flow and drainage studies conducted by YOU, YOUR CONSULTANT(S), or any individual or entity of PROPERTY and/or FACILITY. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 124.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Defendant incorporates by reference its general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be

DEFENDANT'S SUPP RESPONSES TO    30
RFPD – SET THREE                                          Case No.: 2:25-cv-00078-WBS-CSK

responsive, making it unduly burdensome. ALL DOCUMENTS RELATING TO could mean sampling reports, the DOCUMENTS in this lawsuit, City of Lodi DOCUMENTS, and other public agency DOCUMENTS. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request on the grounds that it seeks DOCUMENTS unknown to Defendant in the sole possession, custody, or control of third parties. Defendant further objects to this Request on the grounds that it seeks DOCUMENTS that would cause premature expert witness disclosure. Without waiving objections, Defendant states that no responsive documents have been found.

**DOCUMENT REQUEST NO. 125:**

**ALL DOCUMENTS** RELATING TO or referencing the location of storm water drain inlets at YOUR PROPERTY and/or YOUR FACILITY. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 125.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. The location storm water drain inlets at both the PROPERTY and the FACILITY could refer to inlets surrounding the PROPERTY on the street that are not subject to the terms of the GENERAL PERMIT. Defendant objects to

this Request to the extent that it seeks DOCUMENTS Defendant is no longer required to retain under the GENERAL PERMIT's five-year retention period. Without waiving objections, Defendant produces the following documents: SPC_RFP_0936; SPC_RFP_0944; SPC_RFP_1610; SPC_RFP-1696; SPC_RFP_1624; SPC_RFP_1638; SPC_RFP_1640; SPC_RFP_1659.

**DOCUMENT REQUEST NO. 126:**

**ALL DOCUMENTS** RELATING TO or referencing the exact locations where YOU have collected storm water samples at YOUR FACILITY. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 126.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request to the extent that it seeks DOCUMENTS Defendant is no longer required to retain under the GENERAL PERMIT's five-year retention period. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 127:**

**ALL DOCUMENTS** RELATING TO or referencing any storm water samples collected or intended to be collected from YOUR PROPERTY and/or YOUR FACILITY which were intended to be analyzed for the parameter of Zinc. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU

must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 127.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 127:

Defendant incorporates by reference all general objections. Defendant objects to this Request to the extent that it seeks DOCUMENTS Defendant is no longer required to retain under the GENERAL PERMIT's five-year retention period. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

### DOCUMENT REQUEST NO. 128:

**ALL DOCUMENTS** RELATING TO or referencing storm water samples collected from YOUR PROPERTY and/or YOUR FACILITY which were analyzed for the parameter of Zinc. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 128.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Defendant incorporates by reference its general objections. Defendant objects to this Request to the extent that it seeks DOCUMENTS Defendant is no longer required to retain under the GENERAL PERMIT's five-year retention period. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, no responsive documents were found.

### DOCUMENT REQUEST NO. 129:

**ALL DOCUMENTS** RELATING TO or referencing analytical data (laboratory reports) for storm water samples collected from YOUR PROPERTY and/or YOUR

DEFENDANT'S SUPP RESPONSES TO    33
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

FACILITY which have not been certified and submitted to SMARTS. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 129.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Defendant incorporates by reference its general objections. Defendant objects to this Request to the extent that it seeks DOCUMENTS Defendant is no longer required to retain under the GENERAL PERMIT's five-year retention period. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request on the grounds that it is duplicative of previous Requests submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 130:**

**ALL DOCUMENTS** RELATING TO or referencing all industrial materials and chemicals purchased by YOU for use at YOUR PROPERTY and/or YOUR FACILITY since January 1, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 130

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Defendant incorporates by reference its general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. ALL DOCUMENTS could entail reviews, internal documents of the materials and chemicals suppliers, text

messages between drivers, and online discussions regarding the materials. Without waiving objects, Defendant states that responsive documents were produced to the Request in Defendant's Responses to Plaintiff's Requests for Production Nos. 5,6,7, and 70. Defendant further produces SPC_RFP_1909.

**DOCUMENT REQUEST NO. 131:**

**ALL DOCUMENTS** RELATING TO or referencing all industrial materials and chemicals delivered to YOUR PROPERTY and/or YOUR FACILITY since January 1, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 131.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. ALL DOCUMENTS could entail reviews, internal documents of the materials and chemicals suppliers, text messages between drivers, and online discussions regarding the materials. Without waiving objects, Defendant states that responsive documents were produced to the Request in Defendant's Responses to Plaintiff's Requests for Production Nos. 5, 6, 7, and 70. Defendant further produces SPC_RFP_1909.

**DOCUMENT REQUEST NO. 132:**

**ALL DOCUMENTS** RELATING TO or referencing each in-person visit YOUR employee Hector Morfin made to YOUR Lodi facility, including the length of the visit and the tasks Hector Morfin completed during each visit. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 132.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Defendant incorporates by reference all of its general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it seeks DOCUMENTS that if disclosed would violate the right to privacy of Hector Morfin. Defendant further objects to this Request on the grounds that it seeks employment Mr. Morfin's employment records. Defendant further objects to this Request on the grounds that it is vague and ambiguous. ALL DOCUMENTS could include Mr. Morfin's private records, as well as milage records, hotel bills, plane tickets, etc. Defendant further objects to this Request on the grounds that it seeks information regarding Mr. Morfin's tasks and length of stay not likely to lead to admissible evidence on issues in the case.

**DOCUMENT REQUEST NO. 133:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that there is only one discharge location at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025, for the 2024-25 reporting period. In YOUR written response Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 133.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously

submitted by Plaintiff. Without waiving objections, Defendant states that responsive documents were produced in Defendant's Response to Plaintiff's Request for Production No. 67.

**DOCUMENT REQUEST NO. 134:**

**ALL DOCUMENTS** YOU relied on to support the claim that YOUR FACILITY qualified for a Sampling Frequency Reduction Certification during the 2024-25 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 134.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 135:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that Zinc is not present at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 135.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 135:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to

the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 136:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted sampling event visual observations every time a storm water sample was collected at YOUR FACILITY during the 2024-25 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 136.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 136:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 137:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted monthly visual observations every month during the 2024-25 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 137.

DEFENDANT'S SUPP RESPONSES TO    38
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 137:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. The phrase "relied on" calls for speculation. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced. Defendant is conducting a diligent review of its record.

**DOCUMENT REQUEST NO. 138:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that all storm water samples collected at YOUR FACILITY during the 2024-25 reporting period were collected in accordance with General Permit Section XI.B, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. <span style="color:red">In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 138.</span>

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it seeks document in the possession, custody, or control of third parties, including internal communications of Defendant's laboratory. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 139:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted an ANNUAL COMPREHENSIVE FACILITY COMPLIANCE EVALUATION (Annual

DEFENDANT'S SUPP RESPONSES TO  39
RFPD – SET THREE                                  Case No.: 2:25-cv-00078-WBS-CSK

Evaluation) of YOUR FACILITY on April 14, 2025, as certified in YOUR Annual Report YOU submitted to SMARTS on June 19, 2025. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 139.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 140:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that there is only one discharge location at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024, for the 2023-24 reporting period. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 140.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, Defendant states that responsive

documents were produced in Defendant's Response to Plaintiff's Request for Production No. 67.

**DOCUMENT REQUEST NO. 141:**

**ALL DOCUMENTS** YOU relied on to support the claim that YOUR FACILITY qualified for a Sampling Frequency Reduction Certification during the 2023-24 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 141.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 142**:

**ALL DOCUMENTS** YOU relied on to support YOUR claim that Zinc is not present at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 142.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be

DEFENDANT'S SUPP RESPONSES TO   41
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 143:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted sampling event visual observations every time a storm water sample was collected at YOUR FACILITY during the 2023-24 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 143.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 144:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted monthly visual observations every month during the 2023-24 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 144.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 145:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that all storm water samples collected at YOUR FACILITY during the 2023-24 reporting period were collected in accordance with General Permit Section XI.B, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 145.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it seeks document in the possession, custody, or control of third parties, including internal communications of Defendant's laboratory. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 146:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted an Annual Evaluation of YOUR FACILITY on April 11, 2024, as certified in YOUR Annual Report YOU submitted to SMARTS on June 5, 2024. In YOUR written response

DEFENDANT'S SUPP RESPONSES TO    43
RFPD – SET THREE                    Case No.: 2:25-cv-00078-WBS-CSK

to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 146.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 147:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that there is only one discharge location at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023, for the 2022-23 reporting period. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 147.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, Defendant states that responsive documents were produced in Defendant's Response to Plaintiff's Request for Production No. 67.

**DOCUMENT REQUEST NO. 148:**

**ALL DOCUMENTS** YOU relied on to support the claim that YOUR FACILITY qualified for a Sampling Frequency Reduction Certification during the 2022-23 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 148.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, Defendant states that responsive documents were produced in Defendant's Response to Plaintiff's Request for Production No. 67.

**DOCUMENT REQUEST NO. 149:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that Zinc is not present at YOUR FACILITY, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 149.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be

DEFENDANT'S SUPP RESPONSES TO   45
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

responsive, making it unduly burdensome. Defendant further objects to this Request as it requires Defendant to speculate on DOCUMENTS used by third parties. Defendant further objects to this Request on the grounds that it is duplicative of Requests previously submitted by Plaintiff. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 150:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted sampling event visual observations every time a storm water sample was collected at YOUR FACILITY during the 2022-23 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 150.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 151:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted monthly visual observations every month during the 2022-23 reporting period, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 151.

DEFENDANT'S SUPP RESPONSES TO    46
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 152:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that all storm water samples collected at YOUR FACILITY during the 2022-23 reporting period were collected in accordance with General Permit Section XI.B, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 152.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome. Defendant objects to this Request on the grounds that it seeks document in the possession, custody, or control of third parties, including internal communications of Defendant's laboratory. Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

**DOCUMENT REQUEST NO. 153:**

**ALL DOCUMENTS** YOU relied on to support YOUR claim that YOU conducted an Annual Evaluation of YOUR FACILITY on March 8, 2023, as certified in YOUR Annual Report YOU submitted to SMARTS on June 13, 2023. In YOUR written

DEFENDANT'S SUPP RESPONSES TO  47
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

<span style="color:red">response to Plaintiff's Third Set of Requests for Production of Documents to Defendant, YOU must provide the exact Bates-Stamped page numbers which are being produced in response to Request No. 153.</span>

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 153:</u>**

Defendant incorporates by reference all general objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad, particularly as to the scope of "ALL DOCUMENTS" as it does not specify which type of documents are sought or the parameters for inclusion when many types of DOCUMENTS could be responsive, making it unduly burdensome.  Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.

Please use the following link to find the responsive documents: https://NovakLaw-RS3621RPxs.quickconnect.to/d/s/18QWTV9LIqiuo0KRzSPCfD0esSSkMjxs/rk8qrcisgVfUL62mM7rTmbp_qyk-RtJ2-vLVg2ckmSA0

Password: LkW619

Expires: July 17, 2026

Date: June 17, 2026                    LAW OFFICE OF JENNIFER F. NOVAK


 /s/ Demetria Mantalis
Demetria Mantalis
Attorney for Defendant Sweetener Products, Inc.

DEFENDANT'S SUPP RESPONSES TO  48
RFPD – SET THREE                                    Case No.: 2:25-cv-00078-WBS-CSK

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My e-mail address is (jaliyah@jfnovaklaw.com) and my business address is 500 Silver Spur Road, Suite 206, Rancho Palos Verdes, CA 90275

    On June 17, 2026, I served the following documents described as:

**DEFENDANT SWEETENER PRODUCT INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS – SET THREE**

on all interested parties in this action by placing the [ ] original [ ] a true copy thereof enclosed in a sealed envelope, addressed as follows, or [ xx] by electronic service sent to the following e-mail addresses:

Adam D. Brumm, Esq.                                    Attorney for Plaintiffs
**Eden Environmental Defenders**
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
adam@edendefenders.org


[xx]  **BY E-MAIL OR ELECTRONIC TRANSMISSION**:  By virtue of the requirement by the Court for e-filing, the parties have consented to accept electronic service. I therefore caused the above-described document(s) to be electronically served on the person(s) at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    Executed on June 17, 2026, at Canonsburg, PA

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Demetria Mantalis*
Demetria Mantalis

PROOF OF SERVICE                    7            Case No.: 2:25-cv-00078-WBS-CSK