Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:   (310) 693-0775
Facsimile:    (310) 627-0172
Attorneys for Sweetener Products, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.<br><br>Defendant. | Case No.: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br><br>**DECLARATION OF JENNIFER F. NOVAK IN SUPPORT OF DEFENDANT'S PORTION OF THE JOINT STATEMENT RE: DISCOVERY DISPUTES ON WRITTEN DISCOVERY**<br><br>Action Filed: January 8, 2025<br>Trial Date: April 20, 2027<br><br>Hearing Date: August 11, 2026<br>Hearing Time: 10:00 a.m. |

I, Jennifer F. Novak, declare as follows:

1.     I am an attorney licensed to practice in the State of California and admitted to practice before the United States District Court for the Eastern District of California. I am lead counsel for Defendant Sweetener Products, Inc. ("Defendant") in

Declaration of Jennifer Novak ISO Joint Statement                1                Case No.: 2:25-cv-00078-WBS-CSK

this action. In that capacity, I have personal knowledge regarding the underlying actions, communications and files in this matter. Unless otherwise noted, I make this declaration based upon my personal knowledge.  I am competent to testify to the facts discussed below in support of Defendant's opposition to Plaintiff Central Valley Eden Environmental Defenders, LLC's ("Plaintiff") Motions to Compel Further Responses to Requests for Productions Sets One, Two, and Three and Requests for Admission Set One.

2.      Shortly after Plaintiff served Defendant with a 60-day Notice of Intent to Sue under the Clean Water Act, Defendant retained my office to evaluate Plaintiff's claims, engage Plaintiff in settlement negotiations, and defend any ensuing lawsuit.

3.      Defendant introduced our office to its consultants at Network Environmental Solutions, Inc. ("NES") who assisted the company with its environmental compliance and had several years of experience with the facility's monitoring, storm water sampling, reporting, management practices, its Storm Water Pollution Prevention Plan, and overall knowledge of the facility that we needed to know. We requested and received information from NES to help with our litigation defense.  Where we believed our communications with NES to fall within litigation privileges, we have identified those documents and included them in a privilege log.

4.      On September 4, 2025, we retained GSI Environmental, Inc. ("GSI"), to assist us in litigation, with the possibility for GSI to serve as an expert witness.  We regularly consulted with its staff on permit requirements to assist with settlement discussions, shape litigation strategies, and to advise our client.  I met with GSI staff at the facility and have been working with Tim Simpson of GSI in anticipation of expert disclosures.

5.      Certain personnel of GSI assisted in a non-litigation capacity by revising the Storm Water Pollution Prevention Plan ("SWPPP") for the Defendant's facility.  We have produced documents related to this work.

---

Declaration of Jennifer Novak ISO          2          Case No.: 2:25-cv-00078-WBS-CSK
Joint Statement

6.      Expert disclosures are due August 14, 2026 and any work by GSI that falls within that designation will be subject to disclosure.  In other words, Plaintiff will be able to review GSI's work in less than a month.

7.      Based both on contemporaneous events and subsequent knowledge, I am not aware that any member of my firm reached out to any third party other than NES in response to Plaintiff's subpoena requests.  We did not instruct anyone to withhold documents and, as Plaintiff notes, NES had its own counsel assist with its document production.  I am also unaware of Defendant asking any third-parties to withhold documents. Of note, other than for NES, Plaintiff's subpoenas were issued to a variety of vendors—not environmental consultants—who performed work such as pest control, fire sprinkler supplies and management, structural engineering, and similar work.  We did not object to them, nor move to quash them, because not only did they generally lack relevance but we saw no reason to prevent their disclosure.

8.      Plaintiff's portion of the Joint Statement references a "drainage study" and this appears to be a foundation for multiple attacks on defense counsel, made in multiple documents whereby Plaintiff accuses our firm and our consultants of hiding information.

9.      Plaintiff's fixation on a drainage study is likely my fault.

10.     Three major issues came to light during settlement discussions.  These are:

    a.      Plaintiff has alleged that Defendant's facility discharges storm water across its driveway and into the street, but this does not appear on its maps nor does Defendant sample at the alleged discharge location;

    b.      Plaintiff has alleged that a drain under a cooling tower should be mapped and treated as part of the storm sewer system; and

    c.      An old construction design document suggests that another drain connects to the storm sewer system that is not mapped.

11.     Plaintiff was represented by attorney Craig Brandt in our settlement negotiations.  I discussed a variety of evidence with him that would show Plaintiff's

Declaration of Jennifer Novak ISO
Joint Statement
    3    Case No.: 2:25-cv-00078-WBS-CSK

allegations to be incorrect. I also offered to have our consultants meet any consultant for Plaintiff and to have Plaintiff come to Defendant's facility to look at the infrastructure, drainage, and connections. Mr. Brandt declined to have Plaintiff physically come to the site or hear from our consultants about their conclusions.

12. Because Mr. Brandt advised that Plaintiff was not accepting our offers of proof nor our explanations, I suggested that GSI Environmental could perform its own investigation of the drainage issues and share its results. Similarly, we could consider hiring someone to scope all of the lines onsite to determine which drain to the sewer system and which drain to the storm sewer system. He thought this type of information could help.

13. After multiple discussions, consideration of video and photographic evidence, review of documents (produced to Plaintiff) and after GSI spoke with the engineering company about the old document, I ultimately decided that we had more than sufficient evidence to support GSI's conclusions that Plaintiff was wrong about its drainage allegations. I provided Mr. Brandt with at least some of this video and photographic evidence and other documentation. We also went so far as to summarize GSI's statements for Plaintiff's consideration. Mr. Brandt seemed persuaded by some of this evidence, and we continued our settlement discussions. After the parties stopped negotiations, Plaintiff and its other counsel have resumed these assertions.

14. I have chosen to waive these work product issues because otherwise I am in quite the "Catch-22": if I argue that any drainage study is currently considered both attorney work product and falls within attorney-client privilege, Plaintiff will assume a study exists. When I have repeatedly stated that there is no study, Plaintiff (obviously) does not believe me. And if my expert ultimately provides a report and testifies as to the basis for any opinions on drainage, but does not discuss a "study," Plaintiff has already advised that this means the expert is lying and unlawfully withholding documents. I do not know of another way to be more explicit on this issue than to put it into a declaration and submit it to the Court.

Declaration of Jennifer Novak ISO          4          Case No.: 2:25-cv-00078-WBS-CSK
Joint Statement

15. I am aware that my associate Demetria Mantalis met and conferred telephonically with Plaintiff's counsel, Adam Brumm regarding Requests for Productions Sets 2 and 3, and other discovery disputes, on June 17, June 18, June 24, and June 29.

16. My associate Demetria Mantalis and I attended a meet and conferred with Plaintiff's counsel Julio Gutierrez-Morales regarding Request for Productions Set 1 on April 8, 2026. During the call, I explained that Defendant did not have documents responsive to Requests 61, 62, and 63, and offered to amend the responses to reflect that statement.

17. In a follow up email on April 12, 2026, Mr. Guiterrez-Morales stated that amending the responses to make that representation would not suffice for Plaintiff.

18. We have obtained declarations from our client representatives outlining their efforts to locate and find documents responsive to Plaintiff's requests. We removed those declarations from this filing to comply with the Court's orders limiting each side to one declaration. Should the Court wish to see these declarations, we can provide them.

19. Having reviewed the declarations provided by our client representatives, I am satisfied with their efforts to locate, find, and produce responsive documents.

20. Should the Court wish to ask me questions on this issue, I will gladly discuss it at the hearing on these motions to compel.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed at Rancho Palos Verdes, CA.

Date: July 17, 2026

/s/ Jennifer F. Novak
Jennifer F. Novak
Attorney for Sweetener Products, Inc.

Declaration of Jennifer Novak ISO
Joint Statement
5
Case No.: 2:25-cv-00078-WBS-CSK