Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:  (310) 693-0775
Facsimile:   (310) 627-0172
Attorneys for Sweetener Products, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.<br><br>Defendant. | Case No.: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br>Courtroom: 5<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER STAYING CASE PENDING RESOLUTION OF PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE CHI SOO KIM**<br><br>Action Filed: January 8, 2025<br>Trial Date: April 20, 2027 |

## I.   INTRODUCTION

Defendant Sweetener Products, Inc. ("Defendant") opposes Plaintiff Central Valley Eden Environmental Defenders, LLC's ("Plaintiff") ex parte application to stay this case. Dkt. 127. After more than eighteen months of litigation, with deadlines only a few weeks away, Plaintiff seeks a stay pending the resolution of its Motion to Disqualify Magistrate Judge Chi Soo Kim as an eleventh-hour attempt to delay proceedings in this case. Dkt. 126. Moreover, setting aside the tactical purpose of this request, Plaintiff has not met its burden to establish that it is entitled to ex parte relief or a stay. Therefore, Defendant respectfully requests that this Court deny Plaintiff's ex parte application.

## II.   LEGAL ARGUMENT

As the Court knows, "[t]he opportunities for legitimate ex parte applications are extremely limited." *Contreras v. Broomfield,* 2022 WL 17904396, *1 (E.D. Cal. 2022); citing *In re Intermagnetics America, Inc.,* 101 B.R. 191, 193 (C.D. Cal. 1989). A proper ex parte application requires the moving party to show that "good cause" exists because: (1) they will be irreparably prejudiced if the motion is heard under regular motion procedures and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred because of excusable neglect. *Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F. Supp. 488. In this case, Plaintiff has not met its burden to establish that "good cause" exists.

Here, Plaintiff makes an ex parte request for a stay pending resolution of its Motion to Disqualify Magistrate Judge Chi Soo Kim ("Judge Kim"). Plaintiff alleges that it will be harmed absent a stay because it has discovery motions in front of Judge Kim on August 11, 2026. Dkt 127, pg. 3, ¶¶ 23-26. However, this alone does not justify a stay of the proceedings overall. The proper remedy for Plaintiff is to request that the hearings on its discovery motions be continued pending resolution of its disqualification motion. Because it has not established that an irreparable harm exists, Plaintiff cannot prove that this situation is the type which has "good cause" justifying ex parte relief.

Even if Plaintiff were entitled to ex parte relief, it has not met its burden to show that it is entitled to a stay of this case. When ruling on a request to stay, the court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 426 (2009). The party requesting the stay bears the burden of showing the above factors have been met. *Francis v. Luna,* 2025 WL 4803577, *1 (C.D. Cal. 2025).  Here, Plaintiff has not presented evidence that this situation meets these four factors.

Plaintiff's Motion for Disqualification of Judge Kim is unlikely to succeed. The statements within Plaintiff's motion create a one-sided record which does not accurately represent the facts of this case. For example, Plaintiff claims that Judge Kim's rulings have been to its detriment, including her page limit rule for the joint statement on Plaintiff's discovery motions. Dkt. 126-1, pgs. 14-17. However, this page limit applied to both parties equally. Plaintiff was no more at a disadvantage than Defendant. Furthermore, Judge Kim's ruling on the deposition of Plaintiff's 30(b)(6) witness granted portions of Plaintiff's Protective Order and denied portions of Defendant's Motion to Compel. Dkt. 102. Moreover, Plaintiff's Motion to Disqualify appears to be based on its displeasure with Judge Kim's rulings, which is an insufficient ground upon which to justify a motion to disqualify. See *Liteky v. United States,* 510 U.S. 540, 555 (1994) (stating that unfavorable judicial rulings alone do not constitute a valid basis for disqualification).

Plaintiff has not shown that it will be irreparably injured absent a stay. Given that Plaintiff's concern seems to be its pending discovery motions currently set for hearing in front of Judge Kim, the proper remedy is for Plaintiff to continue the hearing on those motions. Dkt. 127, pg. 4, ¶¶ 1-2. Plaintiff faces no prejudice from allowing this case to proceed as scheduled given that fact discovery does not close until October. A

full-stop of litigation in this matter is unnecessary, especially with expert disclosures due in just over two weeks. Dkt. 68.

A stay will substantially prejudice Defendant, who has tried to move this matter along for months, and who is preparing to submit expert disclosures in the coming weeks. While Plaintiff argues that extending deadlines would remedy any prejudice to Defendant, this ignores the already protracted history of this case. Dkt. 127, pg. 4, ¶¶ 8-9. Plaintiff filed this Complaint in January of 2025, and the matter was stayed for six months while the parties unsuccessfully explored settlement. Dkts. 1; 54; and 62. Despite litigation commencing eighteen months ago, Plaintiff has not deposed Defendant's employees or consultants. Plaintiff has neither inspected Defendant's facility nor arranged for its expert to do so, even though disclosures are due in sixteen days. Plaintiff should not be permitted to halt the proceedings at the very moment its evidentiary obligations come due. Granting a stay under these circumstances would substantially prejudice Defendant by further delaying the resolution of this case.

Finally, the public interest weighs against a stay. The only matters currently pending before Judge Kim are Plaintiff's discovery motions, which Plaintiff can continue the hearing on. There is no public benefit to delaying litigation of this matter.

## III.   <u>CONCLUSION</u>

Plaintiff's ex parte application to stay this case is merely its latest attempt to delay proceedings in this matter. Plaintiff has not met its burden to establish that it is entitled to ex parte relief or a stay. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's ex parte application to stay the case.

Date: July 29, 2026                    LAW OFFICE OF JENNIFER F. NOVAK


                                       ___/s/ Demetria Mantalis_____
                                       Demetria Mantalis
                                       Attorney for Sweetener Products, Inc.