Adam D. Brumm, Esq. SB#257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
Telephone: (800) 545-7215, Extension 906
Email: adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:25-CV-00078-WBS-CSK<br><br>**OBJECTION TO DEFENDANT'S MOTION TO COMPEL (ECF NO. 140); REQUEST TO STRIKE AND/OR SUMMARILY DENY MOTION WITH PREJUDICE**<br><br>Date: September 22, 2026<br>Time: 10:00 am<br>Ctrm: 25<br>Judge: Honorable Chi Soo Kim |

Plaintiff Central Valley Eden Environmental Defenders ("EDEN") hereby OBJECTS to the Motion to Compel filed by Defendant Sweetener Products, Inc. ("Defendant") on September 1, 2026 (ECF No. 140), on the basis that it was filed in violation of FRCP 37(b) and this Court's May 15, 2026 Protective Order.

Specifically, Defendant seeks to compel further responses from EDEN to its Third Set of Requests for Production of Documents and Requests for Admissions and its Second Set of Interrogatories, which Defendant served on August 4, 2026, and to which EDEN responded on August 25, 2026. EDEN's responses to Defendant's August 4, 2026 discovery are attached hereto.

A review of the attached discovery confirms that Defendant's counsel inserted "YOUR BUSINESS PURPOSE AND MISSION" at the end of each of the requests in a disingenuous attempt to comply with the Protective Order. However, each of the 22 requests clearly seeks information about EDEN's members and about how EDEN operates.

Specifically, Defendant defines "YOU" and "YOUR" as including EDEN's members. The requests seek information and documents about EDEN's funding and resources, its non-litigation activities, its internal policies, communications with its members (such as annual reports, surveys, questionnaires, newsletters, etc.) as well as other information about how EDEN operates.

EDEN also OBJECTS on the basis that Defendant's counsel did not meet and confer before filing the Motion. Instead, Defendant filed its Motion one day before the scheduled meet and confer, as indicated in its Motion.

For the reasons set forth herein, Plaintiff requests that the Court strike Defendant's Motion to Compel filed on September 1, 2026, at ECF No. 140. Alternatively, Plaintiff requests that the Court summarily deny Defendant's Motion with prejudice.

Dated: September 2, 2026

Respectfully,

By: *__/S/ Adam D. Brumm__________*
Adam D. Brumm
Attorney for Plaintiff

Adam D. Brumm, Esq. SB#257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
Telephone: (800) 545-7215, Extension 906
Email: adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:25-CV-00078-WBS-CSK<br><br>Hon. William B. Shubb<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT SWEETENER PRODUCT'S INTERROGATORIES, SET TWO**<br><br>Trial Date: None Set<br>Complaint Filed: January 8, 2025 |

PROPOUNDING PARTY: Defendant SWEETENER PRODUCTS, INC.

RESPONDING PARTY: Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC

SET NO.: TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC ("EDEN"), by and through its attorneys of record, hereby submits its response to the Second Set of Interrogatories of Defendant SWEETENER PRODUCTS, INC. ("Defendant") as follows.

## PRELIMINARY STATEMENT

EDEN's investigation and development of all facts and circumstances relating to this action is ongoing. The following responses and objections are made without prejudice to, and are not a waiver of, EDEN's right to rely on other facts or documents at trial.

By making the accompanying responses and objections to Defendant's Interrogatories, EDEN does not waive, and hereby expressly reserves its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including but not limited to competency, relevancy, materiality, and privilege.

Further, EDEN makes the responses and objections herein without in any way implying that it considers the interrogatories, and responses to the interrogatories, to be relevant or material to the subject matter of this action.

EDEN expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## GENERAL OBJECTIONS

EDEN objects to Defendant's "Definitions" to the extent that the instructions seek to enlarge, modify or ignore the law regarding such matters. Discovery in Federal lawsuits is subject to the express provisions of the Federal Rules of Civil Procedure and not Defendant's proposed Definitions.

Specifically, EDEN objects to Defendant's definition No. 1 ("YOU" and "YOUR") to the extent that it purports to include EDEN's employees, agents, attorneys and consultants.

EDEN does not have sufficient control over its agents, attorneys and consultants such that those individuals or entities could properly and lawfully be considered synonymous with EDEN; and EDEN has no employees.

Further, EDEN objects to the inclusion of "anyone acting or purporting to act on its behalf" as impermissibly overbroad as to scope and time frame.

**RESPONSES TO DEFENDANT'S INTERROGATORIES**

**INTERROGATORY NO. 14**

Describe YOUR core NON-LITIGATION ACTIVITY business activities from January 1, 2021, to the present.

**RESPONSE TO INTERROGATORY NO. 14**:

EDEN objects to this Interrogatory on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Interrogatory is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Interrogatory to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing, EDEN will not respond to this Interrogatory and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**INTERROGATORY NO. 15:**

Describe all NON-LITIGATION ACTIVITY, projects, or EVENTS, undertaken by YOU to further YOUR BUSINESS PURPOSE AND MISSION within the past five years, including:

(a) The nature, date, and location of each EVENT;

(b) The extent to which people participated in each EVENT; and

(c) The method by which people were notified of the EVENT

**RESPONSE TO INTERROGATORY NO. 15**:

EDEN objects to this Interrogatory on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Interrogatory is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Interrogatory to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing, EDEN will not respond to this Interrogatory and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**INTERROGATORY NO. 16:**

Describe how YOUR BUSINESS PURPOSE AND MISSION has been funded from January 1, 2021, to the present.

**RESPONSE TO INTERROGATORY NO. 16:**

EDEN objects to this Interrogatory on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Interrogatory is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Interrogatory to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing, EDEN will not respond to this Interrogatory and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**INTERROGATORY NO. 17**

Describe what resources have supported YOUR NON-LITIGATION ACTIVITIES from January 1, 2021, to the present.

**RESPONSE TO INTERROGATORY NO. 17:**

EDEN objects to this Interrogatory on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Interrogatory is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Interrogatory to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing, EDEN will not respond to this Interrogatory and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Date: August 25, 2026

By: __*/s/ Adam D. Brumm*__________
Adam D. Brumm
Attorney for Plaintiff

**PROOF OF SERVICE**

I, Adam D. Brumm, hereby declare:

My business address is 1520 E. Covell Blvd, Suite B5-611, Davis, CA 95616

On August 25, 2026, I served the following document described as

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES, SET TWO**

By email to counsel for Defendant as follows:

Jennifer F. Novak — Email: novak@jfnovaklaw.com
Megan Meadows — Email: megan@jfnovaklaw.com
Demetria Mantalis — Email: demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone: (310) 693-0775

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2026

By: *__/s/ Adam D. Brumm__________*
Adam D. Brumm

Adam D. Brumm, Esq. SB# 257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
Telephone: (800) 545-7215, Extension 906
Email: adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:25-CV-00078-WBS-CSK<br><br>Hon. William B. Shubb<br><br>**PLAINTIFF'S RESPONSE DEFENDANT'S REQUESTS FOR ADMISSION, SET THREE**<br><br>**FED. R. CIV. P. 26 and 36** |

PROPOUNDING PARTY: Defendant SWEETENER PRODUCTS, INC.

RESPONDING PARTY: Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC

SET NO.: THREE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC ("EDEN"), by and through its attorneys of record, hereby responds pursuant to the Third Set of Requests for Admission of Defendant SWEETENER PRODUCTS, INC. ("Defendant") as follows.

**PRELIMINARY STATEMENT**

EDEN's investigation and development of all facts and circumstances relating to this action is ongoing. The following responses and objections are made without prejudice to, and are not a waiver of, EDEN s right to rely on other facts or documents at trial.

By making the accompanying responses and objections to Defendant's Requests for Admission, EDEN does not waive, and hereby expressly reserves its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including but not limited to competency, relevancy, materiality, and privilege.

Further, EDEN makes the responses and objections herein without in any way implying that it considers the Requests, and responses to the Requests, to be relevant or material to the subject matter of this action.

EDEN expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

**GENERAL OBJECTIONS**

EDEN objects to Defendant's "Definitions" to the extent that the instructions seek to enlarge, modify or ignore the law regarding such matters. Discovery in Federal lawsuits is subject to the express provisions of the Federal Rules of Civil Procedure and not Defendant's proposed Definitions.

Specifically, EDEN objects to Defendant's definition No. 1 ("YOU" and "YOUR") to the extent that it purports to include EDEN's employees, agents, attorneys and consultants.

EDEN does not have sufficient control over its agents, attorneys and consultants such that those individuals or entities could properly and lawfully be considered synonymous with EDEN; and EDEN has no employees.

Further, EDEN objects to the inclusion of "anyone acting or purporting to act on its behalf" as impermissibly overbroad as to scope and time frame.

Based on the foregoing, EDEN will not respond to Defendant's Requests for Admission which request information about EDEN's employees, affiliates, attorneys or consultants.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have not conducted any NON-LITIGATION ACTIVITY gatherings, assemblies, town halls, or public forums in furtherance of YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU did not utilize surveys, questionnaires, polling, or similar information gathering methods when determining YOUR BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU do not utilize surveys, questionnaires, polling, or similar information gathering methods to determine how to achieve YOUR BUSINESS PURPOSE AND MISSION..

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU did not host, sponsor, or organize, any NON-LITIGATION ACTIVITY educational programs, workshops, conferences, or public EVENTS in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2026, to the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**<u>REQUEST FOR ADMISSION NO. 32</u>:**

Admit that YOU have not adopted or published any strategic plan, policy agenda, or written priorities, describing how YOU intend to advance YOUR BUSINESS PURPOSE AND MISSION.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 32</u>:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**<u>REQUEST FOR ADMISSION NO. 33</u>:**

Admit that YOU have not maintained any NON-LITIGATION ACTIVITY program or initiative dedicated to carrying out YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to the present.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 33:</u>**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU did not publish or disseminate newsletters, reports, annual reports, policy updates, or other similar materials describing activities undertaken in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2021, to the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU do not have established written procedures or publicly available policies governing how YOU achieve the goals of YOUR BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU have not engaged in any NON-LITIGATION ACTIVITY lobbying, legislative advocacy, public education, community outreach, or other public activities in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2026, to the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Based on the foregoing objections, EDEN cannot admit or deny this Request, and on that basis DENIES the Request.

Date: August 25, 2026

By: __*/s/ Adam D. Brumm*__________
Adam D. Brumm
Attorney for Plaintiff

**PROOF OF SERVICE**

I, Adam D. Brumm, hereby declare:

My business address is 1520 E. Covell Blvd, Suite B5-611, Davis, CA 95616

On August 25, 2026, I served the following document described as

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION, SET THREE**

By email to counsel for Defendant as follows:

Jennifer F. Novak — Email: novak@jfnovaklaw.com
Megan Meadows — Email: megan@jfnovaklaw.com
Demetria Mantalis — Email: demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone: (310) 693-0775

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2026

By: *__/s/ Adam D. Brumm__________*
Adam D. Brumm

Adam D. Brumm, Esq. SB# 257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA 95616
Telephone: (800) 545-7215, Extension 906
Email: adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWEETENER PRODUCTS, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:25-CV-00078-WBS-CSK<br><br>Hon. William B. Shubb<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET THREE** |

PROPOUNDING PARTY: Defendant SWEETENER PRODUCTS, INC.

RESPONDING PARTY: Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC

SET NO.: THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC ("EDEN"), by and through its attorneys of record, hereby responds pursuant to the Third Set of Requests for Production of Documents of Defendant SWEETENER PRODUCTS, INC. ("Defendant") as follows.

**PRELIMINARY STATEMENT**

EDEN's investigation and development of all facts and circumstances relating to this action is ongoing. The following responses and objections are made without prejudice to, and are not a waiver of, EDEN's right to rely on other facts or documents at trial.

By making the accompanying responses and objections to Defendant's Request for Production of Documents, EDEN does not waive, and hereby expressly reserves its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including but not limited to competency, relevancy, materiality, and privilege.

Further, EDEN makes the responses and objections herein without in any way implying that it considers Defendant's document Request, and EDEN's responses to the Requests for Production of Documents, to be relevant or material to the subject matter of this action.

EDEN expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

**GENERAL OBJECTIONS TO ALL REQUESTS**

EDEN objects to Defendant's "Definitions" to the extent that the instructions seek to enlarge, modify or ignore the law regarding such matters. Discovery in Federal lawsuits is subject to the express provisions of the Federal Rules of Civil Procedure and not Defendant's proposed Definitions.

Specifically, EDEN objects to Defendant's definition No. 1 ("YOU" and "YOUR") to the extent that it purports to include EDEN's employees, agents, attorneys and consultants.

EDEN does not have sufficient control over its agents, attorneys and consultants such that those individuals or entities could properly and lawfully be considered synonymous with EDEN.

Further, EDEN objects to the inclusion of "anyone acting or purporting to act on its behalf" as impermissibly overbroad as to scope and time frame.

In addition, EDEN does not have employees.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS that show any public meetings, assemblies, town halls, public forums, or similar EVENTS conducted by YOU from January 1, 2021, to the present, in furtherance of YOUR BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that show any surveys, questionnaires, polling, or similar information-gathering methods utilized by YOU from January 1, 2021, to the present, in determining how to carry out YOUR BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS establishing any NON-LITIGATION ACTIVITY educational programs, workshops, conferences, seminars, public EVENTS, or similar activities organized, sponsored, or hosted by YOU from January 1, 2021, to the present, in furtherance of YOUR BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS, including, policy agendas, annual plans, work plans, mission statements, by-laws, or similar DOCUMENTS, describing how YOU advance YOUR BUSINESS PURPOSE AND MISSION with NON-LITIGATION ACTIVITIES from January 1, 2021, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS, including, policy agendas, annual plans, work plans, mission statements, by-laws, or similar DOCUMENTS, describing YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**:

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS identifying any NON-LITIGATION ACTIVITY programs, initiatives, campaigns, or projects undertaken by YOU, from January 1, 2021, to the present in furtherance of your BUSINESS PURPOSE AND MISSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**:

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

**REQUEST FOR PRODUCTION NO. 78:**

All newsletters, annual reports, activity reports, policy papers, educational materials, press releases, website content, or similar publications created or disseminated by YOU from January 1, 2021, to the

present, concerning activities undertaken in furtherance of YOUR BUSINESS PURPOSE AND MISSION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 78</u>**:

EDEN objects to this Request on the basis that it violates this Court's May 15, 2026, Protective Order.

EDEN further objects that this Request is outside the scope of FRCP 26(b)(1).

EDEN further objects to this Request to the extent that it seeks discovery of information protected by the attorney-client privilege.

Based on the foregoing objections, EDEN will not produce any documents responsive to this Request and places Defendant on notice that EDEN intends to seek Rule 37 sanctions against Defendant and its counsel for willfully violating a discovery order.

Date: August 25, 2026

By: __*/s/ Adam D. Brumm*__________
Adam D. Brumm
Attorney for Plaintiff

**PROOF OF SERVICE**

I, Adam D. Brumm, hereby declare:

My business address is 1520 E. Covell Blvd, Suite B5-611, Davis, CA 95616

On August 25, 2026, I served the following document described as

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET THREE**

By email to counsel for Defendant as follows:

Jennifer F. Novak — Email: novak@jfnovaklaw.com
Megan Meadows — Email: megan@jfnovaklaw.com
Demetria Mantalis — Email: demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone: (310) 693-0775

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August25, 2026

By: *__/s/_Adam D. Brumm_*__________
Adam D. Brumm