UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC,<br>Plaintiff,<br>v.<br>SWEETENER PRODUCTS, INC.,<br>Defendant. | Case No. 2:25-cv-00078-WBS-CSK<br><br>ORDER<br>(ECF Nos. 67, 81, 82) |

Pending before the Court are the following discovery motions submitted by Plaintiff Central Valley Eden Environmental Defenders, LLC: (1) Plaintiff's amended motion to compel further responses to Plaintiff's first set of requests for admission ("RFA") to Defendant Sweetener Products, Inc. (ECF No. 67); (2) Plaintiff's motion to compel further responses to Plaintiff's first set of requests for production ("RFP") to Defendant (ECF No. 81); and (3) Plaintiff's motion to compel further responses to Plaintiff's second set of requests for production to Defendant (ECF No. 82).[1] Plaintiff additionally seeks to compel further responses to Plaintiff's third set of requests for

[1] The docket text entries for ECF Nos. 81 and 82 incorrectly identify Plaintiff's motions to compel interrogatory responses, rather than RFPs, an inadvertent error by Plaintiff in its CM/ECF filing, which the Court here corrects.

production to Defendant. (ECF No. 124.)

A hearing was held on August 11, 2026. Adam Brumm appeared as counsel for Plaintiff; Jennifer Novak appeared as counsel for Defendant. (ECF No. 134.)

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motions to compel further responses to Plaintiff's RFPs (ECF Nos. 81, 82, 124); DENIES Plaintiff's request for a forensic examination (ECF No. 124); DENIES Plaintiff's motion to compel further responses to Plaintiff's first set of requests for admissions (ECF No. 67); and DENIES Plaintiff's request for attorney's fees and costs.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff is an environmental group whose "organizational purpose is the protection, preservation and enhancement of the rivers, creeks, streams, lakes and oceans (and their tributaries) in California." Compl. ¶ 12 (ECF No. 1). Plaintiff pursues this goal by litigating enforcement actions under the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and California's Industrial General Permit ("General Permit"). *Id.* ¶ 13. The General Permit, which is issued by the California Water Board, sets general requirements for how industrial facilities in California may discharge storm water pursuant to the Clean Water Act's regulatory framework for industrial storm water discharges—that is, the National Pollutant Discharge Elimination System. *Id.* ¶¶ 24-25, 31, 36. Plaintiff is composed of volunteer members who reside throughout Northern California. *Id.* ¶¶ 14-15.

Plaintiff alleges Defendant owns a facility that manufactures and distributes food products and beverage ingredients, including sweeteners. *Id.* ¶ 93; Joint Statement at 3 (ECF No. 89). Plaintiff alleges Defendant is required to obtain coverage under, and comply with, the General Permit. Compl. ¶ 99. Plaintiff alleges Defendant's facility ejects storm water that enters the Mokelumne River, a tributary of the Sacramento-San Joaquin River Delta Waterways. *Id.* ¶¶ 15, 100. Plaintiff makes this allegation "[b]ased on Plaintiff's investigation, including but not limited to a review of the Defendant's Notice of

Intent to Comply with the Terms of the Industrial General Permit ("NOI"); SWPPP and Site Map, aerial photography and drone footage; federal, state and local regulatory agency mapping tools; and eyewitness reports." *Id.* ¶ 100. Plaintiff alleges the Mokelumne River is a "navigable Water of the United States." *Id.* Plaintiff alleges that some of its members reside, work, or recreate near the Mokelumne River and that these members' "use and enjoyment of these natural resources has been and continues to be adversely impaired by Defendant's failure to comply with the procedural and substantive requirements of the Industrial General Permit and the CWA." *Id.* ¶ 15.

Plaintiff brings a citizen suit under the Clean Water Act, alleging that Defendant violated multiple standard conditions of the General Permit. *Id.* ¶¶ 103-165. Plaintiff brings the following causes of action, each of which assert violations of the General Permit and the Act: (1) failure to prepare, implement, review, and update an adequate Storm Water Pollution Prevention Plan; (2) failure to develop and implement an adequate monitoring and reporting program for Defendant's facility; (3) submission of false annual reports to the Regional Water Board; (4) failure to implement Best Available Treatment and Best Conventional Treatment technologies and Best Management Practices at Defendant's facility for its discharges of pollutants; (5) discharge of contaminated storm water; (6) failure to comply with required Exceedance Response Actions; and (7) failure to properly train and establish a Pollution Prevention Team. *Id.* ¶¶ 171-74, 176-79, 181-83, 184-88, 190-98, 200-03, 205-07. Plaintiff seeks declaratory and injunctive relief, civil penalties accounted per violation per day, and attorney's fees and costs. *Id.* at Relief Requested.

Defendant answered the Complaint on January 30, 2025. (ECF No. 5.)

**B. Background Relating to Discovery Disputes**

Plaintiff filed a motion to compel further responses to Plaintiff's first set of requests for admission on September 19, 2025. (ECF No. 32.) Plaintiff filed an amended motion to compel on September 20, 2025. (ECF No. 34.) On October 23, 2025, the parties stipulated to stay the case pending settlement discussions. (ECF No. 51.) Settlement

discussions failed and this litigation resumed. (ECF No. 63.) On March 24, 2026, Plaintiff filed a second amended motion to compel further responses to Plaintiff's first set of requests for admission, noticing it for hearing on June 9, 2026. (ECF No. 67.) On March 30, 2026, Plaintiff filed a notice to reschedule this hearing for July 28, 2026. (ECF No. 72.)

On April 15, 2026, Plaintiff filed a motion to compel further responses to Plaintiff's first set of requests for production, set for hearing on July 7, 2026. (ECF No. 81.) The same day, Plaintiff filed a motion to compel further responses to Plaintiff's second set of requests for production, also set for hearing on July 7, 2026. (ECF No. 82.) Plaintiff also filed motions to compel further responses to Plaintiff's first and second sets of interrogatories to Defendant. (ECF Nos. 83, 84.)

On June 22, 2026, the Court reset the hearings on Plaintiff's motions to compel responses to Plaintiff's written discovery requests (ECF Nos. 67, 81, 82, 83, 84) and Plaintiff's motions for protective order regarding depositions (ECF Nos. 66, 85) to July 28, 2026. 6/22/2026 Order (ECF No. 112). The Court further ordered the parties to file separate discovery dispute joint statements so that all disputes concerning depositions would be addressed in one joint statement, and all disputes concerning written discovery would be addressed in another joint statement. *Id.* The Court also stated that "If ANY OTHER discovery disputes arise before the July 14, 2026 deadline for the Joint Statements that are not identified in the 7 motions above, the parties may include these issues in the appropriate Joint Statement (depositions or written discovery) <u>only</u> if there has been a sufficient meet and confer as to the issue." *Id.* The Court ordered the joint statements due on July 14, 2026. *Id.* On July 9, 2026, Plaintiff withdrew its motions to compel further responses to Plaintiff's first and second set of interrogatories to Defendant (ECF Nos. 83, 84). (ECF Nos. 117, 118.)

On July 14, 2026, Plaintiff filed its portion of the discovery dispute joint statement regarding Plaintiff's requests for production and requests for admission, stating that Defendant had failed to provide its portion of the joint statement and had confirmed at

2:55 PM that Defendant would not be providing its portion. (ECF No. 120); Declaration of Adam D. Brumm ¶ 5 (ECF No. 120-1). That same day, Defendant filed an ex parte application to continue the July 28, 2026 hearing on Plaintiff's motions to compel or alternatively to extend the deadline to submit the discovery dispute joint statement. (ECF No. 121.) Defendant requested an extension of time because Plaintiff had provided a revised version of its portion of the joint statement at 10:22 AM, which Defendant alleged prevented it from having adequate time to review and respond to the revisions by the 5:00 PM filing deadline. (ECF No. 121); Declaration of Demetria Mantalis ¶ 6 (ECF No. 121-1). On July 15, 2026, the Court granted an extension to file the joint statement by July 17, 2026, and the Court continued the July 28, 2026 hearing to August 11, 2026. 7/15/2026 Order (ECF No. 122). Plaintiff filed objections to the Court's July 15, 2026 minute order. (ECF No. 123.) The parties filed the joint statement with both parties' portions on July 17, 2026. Jt. Stmt. (ECF No. 124).

The hearing on Plaintiffs' motions and Plaintiff's additional request regarding its third set of requests for production was held on August 11, 2026. (ECF No. 134.) At the hearing, the Court granted Plaintiff's request for leave to submit additional documents in support of its motions to compel within seven days of the hearing, and ordered that Plaintiff's submission must include substantiation for Plaintiff's claims of discovery misconduct by Defendant and defense counsel (*see* Jt. Stmt. At 2-12 (ECF No. 124)). (ECF No. 134.) Defendant was provided with an opportunity to respond within 14 days from Plaintiff's submission. (ECF No. 134.) Plaintiff filed its supplemental brief and exhibits on August 18, 2026, and Defendant filed its response and exhibits on September 1, 2026. (ECF Nos. 137, 139.) Briefing is now complete.

## II. LEGAL STANDARDS

### A. Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "Parties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**B. Requests for Production**

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). A party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

**C. Requests for Admission**

A party may serve requests for admission on any matters within the scope of Rule

26(b)(1) relating to “facts, the application of law to fact, or opinions about either”; and “the genuineness of any described documents.” Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

**D. Discovery Motions**

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251. This Court’s standing orders[2] further require that conferring regarding discovery disputes must be done through communication that occurs in-person, by phone, or by video; written communication alone does not satisfy the requirement to confer where all parties raising the discovery matter are represented by counsel. The moving party bears the burden to “inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.” *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013).

If a court grants the motion to compel or if the disclosure or requested discovery is provided after the motion was filed, then the court must order the party “whose conduct necessitated the motion . . . to pay the movant’s reasonable expenses incurred in making the motion, including attorney's fees.” Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 26(c)(3) (applying Rule 37(a)(5) to expenses awarded when motion for protective order granted). The court must not award expenses if (1) “the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action”; (2) “the opposing party's nondisclosure, response, or objection was substantially

[2] Judge Kim’s Civil Standing Orders are available on Judge Kim’s webpage on the district court’s website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

justified”; or (3) “other circumstances make an award of expenses unjust.” Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). If the motion to compel is granted in part and denied in part, the court may apportion the “reasonable expenses” for the motion. Fed. R. Civ. P. 37(a)(5)(C).

## III. DISCUSSION

### A. Plaintiff’s Motions to Compel Production of Documents

Plaintiff moves to compel production of documents on the general grounds that (1) Defendant has intentionally withheld non-privileged documents that are responsive to certain RFPs; and (2) Defendant has improperly withheld responsive documents based on incorrect claims of attorney-client privilege. Jt. Stmt. at 5-6. Plaintiff further argues that Defendant has failed to identify documents that Defendant already produced where it objects to a RFP as duplicative, and that Defendant has failed to identify responsive documents that it has withheld. *Id.* at 7. Plaintiff seeks a court order permitting forensic access to Defendant’s servers and electronically stored information. *Id.* at 4.

The Court addresses the issues as organized and presented by the parties in their Joint Statement: (1) failure to produce documents, RFP Nos. 61-63, 71-74, 75-87, 95-106, 109-120, 123-124, 126-129, 132-153; (2) Defendant’s consultants NES and GSI, RFP Nos. 8-11, 88-91; (3) documents Defendant relied upon for General Permit Compliance, RFP Nos. 95-106, 109-120, 123-124, 126-129, 132-153; (4) failure to indicate whether responsive documents were withheld, RFP Nos. 1-153; (5) misconduct allegations by Plaintiff; and (6) Plaintiff’s forensic examination request.

#### 1. Alleged Failure to Produce Documents, RFP Nos. 61-63, 71-87, 95-106, 109-120, 123-124, 126-129, 132-153

Plaintiff requests that the Court order Defendant to produce or supplement its production of documents as to RFPs where Defendant stated it would search for and produce responsive documents, but Plaintiff argues Defendant failed to produce any or

"all" responsive documents. Jt. Stmt. at 2-3, 5 (RFP Nos. 61-63, 71-87, 95-106, 109-120, 123-124, 126-129, and 132-153). Defendant responds that, as to these requests, Defendant stated that it has conducted or is still conducting reasonable searches, and that Defendant has produced—or will produce, if any are found—all responsive, non-privileged documents within Defendant's possession, custody, or control. *Id.* at 15.

The Court has reviewed the additional briefing and exhibits submitted by the parties. (*See* ECF Nos. 137, 139.) "A court cannot order a party to produce documents that do not exist. Plaintiffs' mere suspicion that additional documents exist does not justify a motion to compel." *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011). "[T]he moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." *Bos. v. ClubCorp USA, Inc.*, 2019 WL 1873293, at *8 (C.D. Cal. Mar. 11, 2019); *see also Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 2011 WL 2623458 at *1 (S.D. N.Y. June 1, 2011) ("The burden is on the party seeking to compel discovery to cast doubt on the responding party's assertion that it does not have the requested information.").

Though not required to do so, Defendant offered to identify and list the bates numbers for its responses indicating that responsive documents were already produced. To the extent Defendant has not supplemented its responses to identify the bates numbers as offered, to indicate that no responsive documents exist, or to indicate that the search is complete and no further responsive documents were found, Defendant is ordered to supplement its RFP responses. The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel as to this category.

2. Defendant's Consultants NES and GSI, RFP Nos. 8-11 and 88-91

Plaintiff seeks documents relating to and communications with Defendant's environmental consultants, NES Environmental Health & Safety ("NES") and GSI Environmental ("GSI"). Defendant argues that its documents and communications with NES are protected as work product under Rule 26(b)(3)(A) to the extent Defendant consulted with NES to assist with the defense of Plaintiff's threatened litigation. Jt. Stmt.

at 17; Novak Decl. ¶ 3. Defendant argues that it only withheld documents and communications with NES in response to Plaintiff's notice of intent to sue and with regard to Defendant's defense of this lawsuit. Jt. Stmt. at 18; Novak Decl. ¶ 3. Defendant produced a privilege log identifying all responsive documents that Defendant withheld or redacted on privilege grounds. Jt. Stmt. at 17-18. Plaintiff requests that the Court order Defendant to produce all documents on its privilege log to the Court for *in camera* review to determine whether Defendant's privilege claims have merit. *Id.* at 7.

To justify *in camera* review, "the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992); *see also Sacramento Downtown Arena LLC v. Factory Mut. Ins. Co.*, 2023 WL 5516288, at *2 (E.D. Cal. Aug. 25, 2023). The district court's discretion is based on the following factors: (1) the amount of material to be reviewed, (2) the relevance of the material to the case, and (3) the likelihood that in camera review will reveal evidence establishing that the material is not privileged. *In re Grand Jury Investigation*, 974 F.2d at 1075 (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

Here, Plaintiff has not provided a factual basis to support a reasonable, good faith justification for *in camera* review. Plaintiff has not challenged the sufficiency of any entries in Defendant's privilege log, and instead asserts general challenges. Thus, because Plaintiff only makes generalized arguments against Defendant's assertions of privilege, which fail, Plaintiff has not made a sufficient evidentiary showing to justify *in camera* review. Accordingly, the Court denies Plaintiff's motion to compel as to RFP Nos. 88-89. *See Sacramento Downtown Arena*, 2023 WL 5516288, at *3 (denying request to grant *in camera* review where party did not challenge privilege log and relied only on argument and disagreement with privilege characterization); *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (holding

district court's denial of *in camera* review not abuse of discretion where "Rock River's belief that the documents are not privileged appears to be based on little more than unfounded suspicion"); *Herman v. Hillstone Rest. Grp., Inc.*, 2026 WL 712942, at *5 (C.D. Cal. Jan. 30, 2026) (same). Accordingly, the Court denies Plaintiff's motion to compel as to RFP Nos. 88-89 regarding NES.

As to the requests regarding GSI, Defendant states it withheld documents protected by attorney-client privilege, settlement evaluation, or work product protections. Jt. Stmt. at 17. Defendant also states that Plaintiff's discovery requests prematurely seek expert discovery and that Plaintiff may examine documents Defendant has withheld as work product or attorney-client privileged after Defendant designates GSI as its expert witness by the August 14, 2026 expert disclosure deadline. *Id.* at 17; Novak Decl. ¶ 6. Therefore, the Court denies Plaintiff's motion to compel as to RFP Nos. 90-91 regarding GSI as moot.

The Court also rejects Plaintiff's argument that because it obtained documents from NES, Defendant must have withheld document. Plaintiff fails to explain how documents it obtained from NES might also be within Defendant's possession, custody, or control because Plaintiff does not specify what those documents are, and Defendant verified that it has produced all documents within its possession, custody, or control. *See MGA Ent.*, 2011 WL 4550287, at *2 (rejecting argument that documents produced by third parties suggest defendants have additional responsive documents where defendants are not in possession, custody, or control of third-party documents).

Plaintiff also argues that Defendant has failed to produce "the results of a drainage study conducted by GSI in conjunction with Defendant's employees." Jt. Stmt. at 4 n.1. Defendant has explained in its filings and in its prior communications with Plaintiff before the Joint Statement was filed, that no such drainage study exists and Plaintiff's mistaken belief is based on a miscommunication. *See id*. at 14; 7/17/2026 7Declaration of Jennifer F. Novak ¶¶ 13-14 (ECF No. 124-6) (submitted under penalty of perjury). As stated above, "[a] court cannot order a party to produce documents that do

not exist. Plaintiffs' mere suspicion that additional documents exist does not justify a motion to compel." *MGA Ent., Inc.*, 2011 WL 4550287, at *2. Plaintiff's continued argument regarding this issue does not demonstrate any merit, and instead reflects Plaintiff's refusal to accept Defendant's reasonable explanation. The Court denies Plaintiff's motion to compel as to this issue.

3. <u>General Permit Compliance Documents, RFP Nos. 95-106, 109-120, 123-124, 126-129, 132-153</u>

Plaintiff seeks to compel this category of documents because Defendant responded that it previously produced responsive documents, but did not identify those documents by bates numbers. As previously stated, Defendant was not required in its discovery responses to identify the bates numbers of its prior productions. Though not required to do so, Defendant offered to identify and list the bates numbers for its responses indicating that responsive documents were already produced. To the extent Defendant has not supplemented its responses to identify the bates numbers as offered, Defendant is ordered to supplement its RFP responses. The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel as to this category.

4. <u>Alleged Failure to Indicate Whether Responsive Documents Withheld, RFP Nos. 1-153</u>

Plaintiff challenges Defendant's responses to all of its RFPs as not indicating whether Defendant withheld responsive documents. Rule 34(b)(2)(C) requires that in a response to a RFP, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." But Plaintiff fails to meet its burden on a motion to compel to identify which specific RFP responses are at issue, instead listing all of its RFPs when clearly all RFP responses are not at issue.

In addition, from the Court's cursory review, it appears that most of Defendant's responses to Plaintiff's RFPs do not even fall within this category. *See, e.g.,* Def. Responses to RFP Nos. 92, 140, 147-148, ("Without waiving object[ion]s, Defendant states that responsive documents were produced to the Request in Defendant's

Responses to Plaintiff's Requests for Production No. ….”); Def. Responses to RFP Nos. 95-106, 109- 120, 123, 126-127, 129, 134-139, 141-146, 149-153 (“Without waiving objections, to the best of Defendant's belief all responsive documents have been produced.”); Def. Responses to RFP No. 128 (“Without waiving objections, no responsive documents were found.”). It is not this Court's job to go through Plaintiff's three sets of discovery to identify which RFP responses are actually at issue.

Because Plaintiff fails to meet its burden on its motion to compel and because Plaintiff has improperly challenged all of Defendant's responses without basis, the Court denies Plaintiff's motion to compel as to this issue.

5. Plaintiff's Misconduct Allegations

As the Court noted at the August 11, 2026 hearing, Plaintiff raises serious allegations of misconduct by Defendant and defense counsel in the Joint Statement, which need to be carefully considered and reviewed by the Court. *See* Jt. Stmt. at 2. Plaintiff has accused defense counsel of evidence tampering, Defendant and defense counsel of obstructing Plaintiff's access to evidence, and other discovery abuses by Defendant and defense counsel. *See id*. (“Defendant and its counsel have responded to EDEN's discovery requests in bad faith, engaging in repeated discovery abuses that have obstructed EDEN's access to admissible evidence.” and “Even worse, Defendant's counsel appears to have tampered with evidence relating to production of communications between Defendant and its environmental consultants.”).

As the Court also noted at the hearing, such serious allegations of misconduct should not be made without substantiation as doing so raises potential Federal Rule of Civil Procedure 11 concerns. *See* Fed. R. Civ. P. 11(b). The Joint Statement contained Plaintiff's allegations and argument regarding misconduct, but did not include substantiation, which the Court ordered at the hearing that Plaintiff submit. (*See* ECF No. 134.) The Court also granted Plaintiff's request to submit additional documentation to support its motions to compel.

The Court has carefully reviewed Plaintiff's allegations, what Plaintiff has

submitted as substantiation of its misconduct allegations against Defendant and defense counsel, and Defendant and defense counsel's response. The Court concludes that Plaintiff has failed to substantiate its misconduct allegations against Defendant and defense counsel. To substantiate its misconduct claims, Plaintiff submitted a declaration from Plaintiff's counsel with attachments. First, it was not improper for defense counsel to communicate with Defendant's consultants regarding Plaintiff's subpoenas and to be involved in the process of reviewing potentially responsive documents. *See Gen. Elec. Co. v. United States*, 119 F. Supp. 3d 17, 20 (D. Conn. 2015). Second, Plaintiff and Plaintiff's counsel's suspicion and speculation of misconduct are not substantiation of misconduct. The Court also notes that Plaintiff's counsel's declaration was not submitted under penalty of perjury and repeatedly states "I am aware…" of various assertions. *See* 8/18/2026 Declaration of Adam D. Brumm (ECF No. 137-1). Though the declaration refers to and attaches communications by Plaintiff's counsel's paralegal Pam Lewis, no declaration was submitted by Ms. Lewis. *See* Pl. Supp. Stmt.

As defense counsel noted at the hearing, this is not the first time Plaintiff has publicly raised serious allegations of misconduct against Defendant and defense counsel. On March 26, 2026, Plaintiff filed a motion to disqualify defense counsel, which Plaintiff proceeded to withdraw only after Defendant filed its opposition. (ECF Nos. 69, 73, 80, 86.)

Plaintiff is warned that if it continues to make allegations of misconduct against Defendant or defense counsel, Plaintiff must simultaneously submit its substantiation of its allegations, including declarations submitted under penalty of perjury by the individuals with direct knowledge of or actual involvement in the underlying event, communication, or issue, including potentially Plaintiff's counsel, Plaintiff's counsel's paralegal Pam Lewis, and other individuals identified to substantiate Plaintiff's claims of misconduct. Plaintiff should be prepared to address any such future allegations of misconduct at an evidentiary hearing by presenting the declarants to testify in court under oath.

The Court repeats its admonition regarding Rule 11. Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Though Defendant requests leave of court to seek sanctions, Defendant need not request or receive leave to file a motion for sanctions. *See* Def. Supp. Br. at 5 (ECF No. 139). Despite the Court's concerns regarding Plaintiff's unsubstantiated allegations of misconduct by Defendant and defense counsel and what appears to be a litigation tactic by Plaintiff, the Court generally discourages the filing of motions for sanctions unless such a motion is absolutely necessary. The use of sanctions motions as a litigation practice or tactic is strongly discouraged.

6. <u>Forensic Examination</u>

In the Joint Statement, Plaintiff requests different remedies that are unclear regarding ESI and "forensic access to Defendant's servers." At the hearing, in response to the Court's questions to clarify what remedy Plaintiff was seeking and whether Plaintiff was actually seeking a forensic examination, Plaintiff's responses were unclear and somewhat inconsistent. In an abundance of caution, the Court interprets Plaintiff's

request broadly as a request for a forensic examination of "Defendant's servers." Jt. Stmt. at 12-13.

"A forensic examination of an opposing party's computer is considered an extraordinary remedy." *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, 2012 WL 12886446, at *2 (C.D. Cal. Jan. 26, 2012). "In determining if a forensic examination of an electronic device is warranted, courts consider whether the examination will reveal relevant information that is proportional to the needs of the case given any possible privacy or confidentiality concerns." *Est. of Mario Solis, v. Cnty. of Riverside*, 2025 WL 1090945, at *2 (C.D. Cal. Mar. 11, 2025). "Though the Ninth Circuit has not articulated a standard for ordering a forensic examination, district courts across the country have consistently held that mere suspicion or speculation that an opposing party may be withholding discoverable information is insufficient to support such an intrusive examination." *Juul Labs, Inc. v. Chou*, 2022 WL 2161062, at *2 (C.D. Cal. Apr. 19, 2022) (citation modified). "Many courts within the circuit look to whether the party requesting a forensic examination has made a showing that the responding party intentionally destroyed relevant electronic discovery or committed other improper discovery conduct." *Id.*

Here, Plaintiff fails to make a showing to justify the "extraordinary remedy" of a forensic examination into Defendant's servers because, as discussed above, Plaintiff has not presented any evidence that Defendant engaged in improper discovery conduct, let alone "intentionally destroyed relevant electronic discovery." *See Juul Labs,* 2022 WL 2161062, at *2. Accordingly, Plaintiff's request for a forensic examination is denied.

**B. Motion to Compel Further Responses to Requests for Admission**

Plaintiff moves to compel further responses to Plaintiff's RFAs on grounds that (1) certain of Defendant's answers are evasive or non-responsive; (2) certain of Defendant's denials to Plaintiff's RFAs are factually incorrect; and (3) certain of Defendant's objections are invalid. Jt. Stmt. at 7-12. The Court first notes that where Plaintiff served over 700 RFAs, the sheer volume of Plaintiff's RFAs in a case of this size raises serious concerns regarding proportionality and burden. *See* Fed. R. Civ. P.

26(b)(1). Defendant has not, however, moved for a protective order based on this, and instead has elected to respond to Plaintiff's voluminous RFAs and meet and confer with Plaintiff as to Plaintiff's challenges to over 500 of Defendant's responses.

Turning to Plaintiff's motion to compel further responses to its RFAs, Plaintiff's arguments fail. Defendant's responses were not evasive or non-responsive. The fact that Plaintiff disagrees with or does not like Defendant's responses does not warrant compelling further responses. Rule 36 allows for qualifying statements in good faith. Fed. R. Civ. P. 36(a)(4). "[T]he validity of a qualified answer to an RFA must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit." *Perrotte v. Boulton*, 2024 WL 4405243, at *3 (C.D. Cal. Aug. 29, 2024) (citation modified).

Plaintiff's challenge to certain RFA responses as contradicted by external evidence also fails. "Rule 36 does not authorize a court to make a factual determination about the responding party's denial, nor does it allow the court to determine the accuracy of a denial." *Athwal v. Cnty. of Stanislaus*, 2023 WL 2895350, at *6 (E.D. Cal. Apr. 11, 2023); *Owens v. Degazio*, 2019 WL 4929812, at *5 (E.D. Cal. Oct. 7, 2019) (holding that court not authorized to make factual determination about responding party's denial); *Dennis Fugnetti Photography Tr. v. Bird B Gone, Inc.*, 2021 WL 3660755, at *2 (C.D. Cal. July 14, 2021) (same).

Finally, Defendant raised proper objections. *See* Jt. Stmt. at 22. Plaintiff argues that Defendant's responses contain invalid objections to Plaintiff's use of certain terms in its requests for admission, namely: "FACILITY," "INDUSTRIAL ACTIVITIES," "INDUSTRIAL CHEMICALS," "POLLUTANT," and "FALSE." *See* Jt. Stmt. at 11, 22-23. Defendant responds that its objections were based on Plaintiff's misuse of terms of art in a Clean Water Act case, which are well taken objections. *See* Jt. Stmt. at 22-23. In addition, "Defendants are free to object to terminology, as long as they make reasonable inquiry and answer." *Motley v. Covello*, 2025 WL 3640690, at *6 (E.D. Cal. Dec. 16, 2025). Because Defendant has answered the RFAs with an admittance or denial

notwithstanding having made objections, "[t]he court cannot compel defendant[] to change their responses." *Hash v. Rallos*, 2024 WL 4367660, at *5 (E.D. Cal. Oct. 1, 2024); *see also Vaden v. Summerhill*, 2008 WL 822152, at *2 (E.D. Cal. Mar. 27, 2008) (motion to compel not appropriate where defendants admitted or denied requests for admission while interposing objections); *Salas v. Facultatieve Techs. the Am.'s Inc.*, 2018 WL 2010522, at *8 (E.D. Cal. Apr. 30, 2018) (same). Plaintiff has not established any grounds to compel a different or additional response where Defendant admits or denies Plaintiff's RFAs despite having raised objections. Accordingly, Plaintiff's motion to compel further responses to its RFAs is denied.

### C. Attorney's Fees

Plaintiff seeks attorney's fees and costs for bringing its motions to compel. (ECF Nos. 67, 81, 82, 124 at 13.) Under Rule 37, if a motion to compel is granted in part and denied in part, the court may apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, because the Court is granting-in-part and denying the majority of Plaintiff's motions to compel, the Court declines to award Plaintiff any expenses. Plaintiff shall bear its own fees and costs related to Plaintiff's motions to compel.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel further responses to Plaintiff's requests for production (ECF Nos. 81, 82, 124) are GRANTED IN PART and DENIED IN PART as set forth above;
2. Plaintiff's motion to compel further responses to Plaintiff's first set of requests for admission (ECF No. 67) is DENIED as set forth above;
3. Plaintiff's request for a forensic examination (ECF No. 124) is DENIED;
4. Plaintiff's request for attorney's fees and costs (ECF Nos. 67, 81, 82, 124) is DENIED; and
5. The Clerk is directed to correct the docket text entry for ECF No. 81 as

"MOTION to COMPEL Further Responses to Plaintiff's First Set of Requests for Production"; and ECF No. 82 as "MOTION to COMPEL Further Responses to Plaintiff's Second Set of Requests for Production."

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/8, cent.0078.25