UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC,

Plaintiff,

v.

SWEETENER PRODUCTS, INC.,

Defendant.

No. 2:25-cv-00078 WBS CSK

ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION

----oo0oo----

Plaintiff requests reconsideration of the magistrate judge's September 15, 2026 discovery order. (Req. (Docket No. 152); Order (Docket No. 150).)

Upon timely objection, a district judge must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Here, plaintiff argues that the magistrate judge's order was contrary to law on five separate grounds. The court addresses each of those grounds in turn.

I. Defendant's Communications With Consultants

First, plaintiff argues that the magistrate judge erred when she concluded that defense counsel could communicate with defendant's consultants regarding plaintiff's subpoenas and be involved with reviewing potentially responsive documents. (Req. at 4; Order at 12-15.) It contends that she erroneously relied on non-binding, factually distinct precedent, and she should have concluded that such communications are categorically prohibited. (Req. at 7-8.)

The magistrate judge's conclusion, however, was not contrary to law. A party may communicate with a subpoenaed third party about potentially responsive documents, although it may not persuade the third party to withhold discoverable material. See Handloser v. HCL Am., Inc., No. 19-CV-01242-LHK (VKD), 2020 WL 6460986, at *5 (N.D. Cal. Nov. 3, 2020); Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 290 (N.D. Cal. 2015). The magistrate judge was therefore correct to conclude that such communications are not always improper.

Nor did the magistrate judge err in finding that plaintiff failed to substantiate its allegations of subpoena interference. (Order at 14.) Plaintiff relied solely on its counsel's declaration, which was not made under penalty of perjury as 28 U.S.C. § 1746 requires. (Id.; see Brumm Decl. (Docket No. 137-1).) Even apart from that defect, the declaration was purely speculative and thus failed to prove plaintiff's allegations. Accordingly, the magistrate judge's conclusion was not clear error.

II. Denial of Motion to Compel Further Responses to RFPs

Next, plaintiff challenges the magistrate judge's denial of its motion to compel further responses to its requests for production. (Req. at 9-11; Order at 12-13.) It argues that it was erroneous for the magistrate judge to deny the motion on the basis that plaintiff did not identify "which specific RFP responses [were] at issue," because "all of Defendant's responses [were] at issue."[1] (Req. at 10; Order at 12.) Plaintiff then contends that the magistrate judge incorrectly found some of defendant's responses compliant with Rule 34(b)(2)(C). (Req. at 10.)

An RFP objection "must state whether any responsive materials are being withheld" because of that objection. Fed. R. Civ. P. 34(b)(2)(C).

The magistrate judge did not err. Defendant reserved its objections and stated that "all responsive documents have been produced," or "no responsive documents were found." (Req. at 10; Order at 13.) Plaintiff infers from defendant's reservations that it may have withheld responsive material. Defendant's responses, however, were categorical and unambiguous. See Harris v. Kernan, No. 2:17-cv-0680 TLN KJN P, 2019 WL 3500515, at *4 (E.D. Cal. Aug. 1, 2019) (denying motion to compel where defendant cabined its no-documents response with objections

[1] Plaintiff also argues the magistrate judge contradicted herself by stating "it is not this Court's job to go through Plaintiff's three sets of discovery to identify which RFP responses are actually at issue," and then examining the discovery anyway. (Req. at 10; Order at 13.) Plaintiff mistakes the magistrate judge's diligence for error. Her examination of discovery responses that plaintiff failed to adequately address was not an inconsistency and certainly does not justify reconsideration.

because "[d]efendant cannot be compelled to produce a document that does not exist"); cf. O'Brien v. Said, No. 1:18-cv-00741-NONE-SAB (PC), 2020 WL 3058092, at *5 (E.D. Cal. June 9, 2020) (Boone, M.J.) (rejecting challenge to facially sufficient no-documents response based on distrust and suspicion). The magistrate judge therefore did not err in concluding that these responses satisfied Rule 34(b)(2)(C) and that plaintiff's blanket challenge failed to identify which responses were actually deficient.

III. Denial of Motion to Compel Further Responses to RFAs

Plaintiff also challenges the magistrate judge's denial of its motion to compel further responses to its requests for admission. (Req. at 11-15; Order at 16-18.) It contends that defendant's responses were "non-responsive and evasive" because "[d]efendant admitted something other than what was asked." (Req. at 12.) According to plaintiff, the magistrate judge conflated qualifying a response with "rewriting the request to admit an entirely different proposition." (Id.)

A party may qualify its RFA responses in good faith. Fed. R. Civ. P. 36(a)(4). Nonetheless, a qualified response must still address the substance of the original request. See Turner v. Cal. Forensic Med. Grp., No. 2:09-CV-3040-GEB-CMK, 2013 WL 1281785, at *3 (E.D. Cal. Mar. 26, 2013) (Kellison, M.J.); Berster Techs., LLC v. Christmas, No. CIV 2:11-CV-1541-KJM, 2011 WL 4710801, at *3 (E.D. Cal. Oct. 4, 2011) (Moulds, M.J.); Univ. Dyeing & Printing, Inc. v. Zoetop Bus. Co., No. CV 22-3741 FLA (RAOx), 2023 WL 9004983, at *20 (C.D. Cal. June 23, 2023).

Plaintiff's examples do not establish error. For

instance, plaintiff asked defendant to admit that all information in an exhibit was true and correct. (Req. at 13.) Defendant responded that it "submitted and certified [the exhibit] as true and correct to the best of its knowledge and belief." (Id.) Read as a qualified admission of the exhibit's accuracy, that response complied with the rule.

Next, plaintiff asked defendant to admit that "pesticides have been present at YOUR FACILITY." (Id. at 14.) Defendant denied "pesticides are applied" but admitted "that a company comes onsite and maintains covered bait boxes." (Id.) Plaintiff suggests that "applied" is meaningfully different from "present," but it does not explain how. (Id.) Accordingly, the magistrate judge did not err in finding this minor shift in verbiage to be inconsequential.

In another RFA, plaintiff requested defendant admit that an exhibit contained a false statement. (Id.) Defendant objected that "false" implied that "inaccurate information was provided intentionally." (Id.) Plaintiff argues that "'false' objectively means 'untrue' or 'contrary to fact.'" (Id.) Plaintiff's "objective" definition, however, is not the only one. See False, Black's Law Dictionary (12th ed. 2024) ("Deceitful; lying"). Plaintiff's preferred definition provides no basis to disturb the magistrate judge's ruling.

Because none of plaintiff's examples violated Rule 36(a)(4), the magistrate judge was correct to deny its motion.

IV. Denial of Request for Monetary Sanctions

Plaintiff next objects to the magistrate judge's refusal to award it Rule 37 sanctions. (Req. at 16-17; Order at

18.) It first argues that this denial rested on her erroneous rulings on its motions to compel. (Req. at 16.) It also contends that sanctions were warranted because the order required defendant "to identify Bates numbers for documents previously produced" and "to indicate that no responsive documents exist or that the search is complete." (Id.)

Upon granting a motion to compel, a court must generally award reasonable expenses and attorney's fees to the movant. Fed. R. Civ. P. 37(a)(5)(A). There are three exceptions to Rule 37 sanctions, however: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Additionally, when a motion is only partially granted, a court may apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C).

First, as discussed above, the magistrate judge's rulings on plaintiff's motions were not erroneous. Therefore, plaintiff was not entitled to an award on that basis.

Second, the magistrate judge correctly denied an award for the supplementation of Bates numbers. The order noted that "[d]efendant was not required in its discovery responses to identify the bates numbers of its prior productions," but defendant offered to do so anyway. (Order at 12.) It would have been unjust to sanction defendant for failing to provide information it was not required to supply in the first place.

Third, the magistrate judge reasonably declined to

award expenses given plaintiff's limited success on its motions. The order required defendant to clarify whether its searches were complete and whether any responsive documents remained to be produced. (Id. at 9.) As she explained, that relief was minor relative to everything plaintiff sought. (Id. at 18.)

Accordingly, the magistrate judge did not err in denying plaintiff's request for Rule 37 sanctions.

V. Omission of RFP Supplementation Deadline

Plaintiff's final objection is that the magistrate judge erred by failing to specify a deadline for defendant to supplement its RFP responses with Bates numbers. (Req. at 18-19; Order at 12.) However, a court is not required to set a specific deadline when ordering supplementation. Under Rule 26(e)(1), a party may supplement an RFP response "in a timely manner" or "as ordered by the court." Fed. R. Civ. P 26(e)(1)(A)-(B). This objection accordingly fails.

VI. Conclusion

This is the second time in recent months that this court has had to deal with meritless objections to the assigned magistrate judge's discovery rulings in this case. By this court's count, the magistrate judge has also had to enter eighteen written orders, and has had to consolidate duplicative motions or filings on two separate occasions, in ruling on the parties' unnecessary discovery disputes. This is not to mention plaintiff's frivolous request for a writ of mandamus because this court delayed four days in ruling on its meritless motion to

recuse the magistrate judge.[2]

This scorched-earth approach to pretrial discovery must be toned down. The magistrate judge has been correct on each point and should be commended, not criticized, for her diligence and patience in dealing with these petty disputes. Repeated collateral challenges of this nature consume valuable judicial resources and frustrate the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; see also id. advisory committee's note to 2015 amendment ("Effective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure."). The parties need to focus their efforts on resolving this Clean Water Act suit's merits rather than multiplying collateral discovery disputes.

IT IS THEREFORE ORDERED that plaintiff's request for reconsideration (Docket No. 152) be, and the same hereby is, DENIED.

Dated: October 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

[2] The Ninth Circuit promptly denied that petition. (Docket No. 133.)