UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SWEETENER PRODUCTS, INC.,<br><br>Defendant. | Case No. 2:25-cv-00078-WBS-CSK<br><br>ORDER<br><br>(ECF Nos. 140, 141) |

Pending before the Court are (1) Defendant Sweetener Products, Inc.'s motion to compel further responses to written discovery from Plaintiff Central Valley Eden Environmental Defenders, LLC (ECF No. 140); and (2) Defendant's motion to compel further topics from Plaintiff's Rule 30(b)(6) witness (ECF No. 141).[1] On the Court's own motion, the Court submitted the motions upon the record and briefs on file and vacated the September 22, 2026 hearing. 9/9/2026 Order (ECF No. 149).

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to compel further responses to written discovery, GRANTS Defendant's motion to compel further topics from Plaintiff's Rule 30(b)(6) witness, and

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

DENIES Plaintiff's request for attorney's fees and evidentiary sanctions.

## I. BACKGROUND

The Court refers to and incorporates the background provided in its May 15, 2026 and September 15, 2026 discovery orders, and limits this background section to providing updates occurring after these orders. *See* 5/15/2026 Order (ECF No. 102); 9/15/2026 Order (ECF No. 150).

On August 4, 2026, Defendant served additional sets of requests for admission ("RFA"), requests for production ("RFP"), and interrogatories to Plaintiff. Jt. Stmt. re Pl.'s Written Responses, Declaration of Demetria Mantalis, Exhs. 2, 3, 4 (ECF No. 146-1). On August 5, 2026, Plaintiff served blanket objections to Defendant's new RFAs, RFPs, and interrogatories on grounds that Defendant's supplemental discovery requests violated the Court's May 15, 2026 discovery order. *Id.*, Mantalis Decl., Exh. 5 (ECF No. 146-1). Plaintiff served similar objections and responses to each of Defendant's discovery requests on August 25, 2026. *Id.*, Mantalis Decl., Exhs. 6, 7, 8 (ECF No. 146-1). Although the parties were scheduled to meet and confer on September 2, 2026, Plaintiff canceled the meeting. *Id.* at 2; Jt. Stmt. re Pl.'s 30(b)(6) Dep. Topics at 2 (ECF No. 147); Jt. Stmt. re Pl.'s 30(b)(6) Dep. Topics, Declaration of Demetria Mantalis, Exh. 1 (ECF No. 147-1).

On September 1, 2026, Defendant filed its motion to compel further responses to written discovery and its motion to compel further topics from Plaintiff's Rule 30(b)(6) witness. (ECF Nos. 140, 141.) Plaintiff filed objections to both motions on September 2, 2026. (ECF Nos. 142, 143.) On September 3, 2026, Plaintiff also filed an ex parte application for a ruling on Plaintiff's objections; Defendant filed an opposition the following day. (ECF Nos. 144, 145.) The parties filed joint statements regarding each of Defendant's motions on September 8, 2026. Jt. Stmt. re Pl.'s Written Responses; Jt. Stmt. re Pl.'s 30(b)(6) Dep. Topics. Plaintiff filed objections to the exhibits in both joint statements. (ECF No. 148.) On September 9, 2026, the Court submitted Defendant's motions on the record and briefs on file and vacated the September 22, 2026 hearing.

9/9/2026 Order.

## II. LEGAL STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation modified). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery. . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). A party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Further, the responding party must supplement a response if the

information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Rule 33(b) requires verification by the person who is responding (the party) to the interrogatory, not just a signature from the attorney. Fed. R. Civ. P. 33(b). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1).

The Federal Rules also grant a party the power to depose "one or more officers, directors, or managing agents" of an organization "[or] other persons who consent to testify on its behalf," as designated by the organization. Fed. R. Civ. P. 30(b)(6). This Rule requires the organization to "set out the matters on which each person designated

will testify," and after a 2020 amendment, also requires the parties to confer about the matters for examination. *Id.*

Rule 30(b)(6) provides that the deposing party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "While 30(b)(6) topics cannot be vague, 'the reasonable particularity requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition.'" *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, 2019 WL 246628, at *2 (E.D. Cal. Jan. 17, 2019) (quoting *UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007)). Nonetheless, "[b]ecause Rule 30(b)(6) places substantial responsibilities and burdens on corporate designees, for the rule to function effectively, a requesting party must 'designate with painstaking specificity, the particular subject areas that intended to be questioned.'" *Verduzco v. Con Agra Foods Packaged Foods, LLC*, 2024 WL 1796080, at *1 (E.D. Cal. Apr. 25, 2024) (quoting *Preservation Techs. LLC v. MindGeek USA, Inc.*, 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020)). "At the same time, a party responding to discovery has an obligation to construe discovery requests in a reasonable manner. . . . Therefore, a 30(b)(6) topic is not objectionable to the extent that it may be reasonably construed to seek relevant information capable of being addressed in a deposition." *Luna v. Universal City Studios LLC*, 2015 WL 13655668, at *6 (C.D. Cal. Feb. 10, 2015) (citation modified).

"The law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition." *Sheikh v. Spinnaker Ins. Co.*, 2025 WL 1768090, at *4 (E.D. Cal. June 26, 2025) (citation modified). "It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." *Garcia v. LQ Mgmt., LLC*, 2022 WL

1115207, at *8 (C.D. Cal. Mar. 29, 2022). "If the entity no longer employs anyone knowledgeable about the designated matter, it must prepare a representative, using documents, former employees or other sources, to testify at the deposition." *Id.*; *see also* *Sunterra Corp. v. Perini Bldg. Co.*, 2009 WL 453054, at *2 (E.D. Cal. Feb. 23, 2009) ("Plaintiffs are not exonerated from their need to designate [Rule 30(b)(6) witnesses] simply because certain persons are no longer within Plaintiffs' control.").

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251.

The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel or if the disclosure or requested discovery is provided after the motion was filed, then the court must order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See* *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## III. DISCUSSION

Before addressing Defendant's motions to compel, the Court first addresses Plaintiff's objections filed before and after the parties' joint statements. (ECF Nos. 142, 143, 148.)

### A. Plaintiff's Objections

On September 2, 2026, Plaintiff filed objections to each of Defendant's motions to compel. (ECF Nos. 142, 143.) First, Plaintiff objects to Defendant's motions on grounds that they were filed in violation of Federal Rule of Civil Procedure 37(b) and the Court's May 15, 2026 Order, which limited the topics for the Rule 30(b)(6) deposition of Plaintiff. (ECF No. 142 at 1; ECF No. 143 at 1.) Second, Plaintiff objects that Defendant's counsel failed to meet and confer with Plaintiff when Defendant filed its motions one day before the parties' scheduled meet and confer. (ECF No. 142 at 2; ECF No. 143 at 2.)

Plaintiff's objections lack merit. First, as discussed in greater detail below, Defendant's motions do not violate the Court's May 15, 2026 Order. The Court also notes that the May 15, 2026 Order relates to Rule 30(b)(6) deposition topics, and it is unclear how a motion to compel written discovery could violate that Order. Second, this district's local rules require that a discovery motion "shall not be <u>heard</u> unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." E.D. Cal. L.R. 251(b) (emphasis added); *see also* E.D. Cal. L. R. 251(c). "Counsel for all interested parties shall confer in advance of the filing of the motion <u>or in advance of the hearing of the motion</u> in a good faith effort to resolve the differences that are the subject of the motion." E.D. Cal. L.R. 251(b) (emphasis added). Here, both parties confirmed that they had scheduled to meet and confer on September 2, 2026, which was before the September 22, 2026 hearing date on Defendant's motions. (*See* ECF Nos. 140 at 2; 141 at 3; 142 at 2; 143 at 2.) Thus, Defendant's motions are not procedurally improper on the basis that Defendant filed them before the parties were scheduled to meet and confer. The parties also do not dispute that it was Plaintiff who

canceled the parties' September 2, 2026 meet and confer. Accordingly, the Court overrules Plaintiff's meet-and-confer objections and finds it appropriate to proceed to the parties' arguments in their joint statements.

Plaintiff also filed an ex parte application requesting the Court rule on these objections before the parties filed their joint statements. (ECF No. 144.) Because the parties have already prepared and filed joint statements, Plaintiff's application is denied as moot.

Finally, Plaintiff filed an objection after the parties submitted their joint statements, arguing that the exhibits attached to the Declarations of Demetria Mantalis (ECF Nos. 146-1, 147-1) violate the Court's May 5, 2026 Order requiring the parties in future discovery disputes to attach "one (1) set of joint exhibits submitted with the motion." (ECF No. 148); *see also* 5/5/2026 Order (ECF No. 93). Although the Court notes that the exhibits are attached to the Mantalis Declarations rather than as separate attachments to the joint statements themselves, Plaintiff's objection does not indicate that Plaintiff was prevented from proposing its own exhibits to be submitted with the parties' joint statements. Therefore, the Court overrules Plaintiff's objection and will consider the exhibits.

**B. Defendant's Motion to Compel Further Written Discovery**

Defendant moves to compel Plaintiff's further responses to Defendant's third set of RFAs, second set of interrogatories, and third set of RFPs. Jt. Stmt. re Pl.'s Written Responses at 3-6. Defendant asserts that these written discovery requests seek information related to Plaintiff's "business purposes and mission," which is relevant to assess Plaintiff's Article III organizational standing to bring this action. *Id.* at 3, 7. Defendant maintains that none of its requests violate the Court's May 15, 2026 Order. *Id.* at 8-9. Defendant also challenges Plaintiff's attorney-client privilege objections. *Id.* at 10.

In opposition, Plaintiff contends that the requests violate the Court's May 15, 2026 Order by seeking information about Plaintiff's operations and members rather than its business purpose and mission. *Id.* at 14. Plaintiff argues it has already provided

sufficient information about its business purpose and mission to satisfy its burden on standing pursuant to *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977). *Id.* at 14-18. According to Plaintiff, Defendant's requests are irrelevant because the information sought does not support a legitimate basis to challenge Plaintiff's standing. *Id.* at 18-20.

To invoke organizational standing[2] under Article III, "an organization must demonstrate that '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. at 343). In *Students for Fair Admissions*, the Supreme Court clarified the holding in *Hunt*, which in turn involved a suit brought by a state agency. *Students for Fair Admissions*, 600 U.S. at 200-01 (citing *Hunt*, 432 U.S. at 336-44). Because the state agency did not have traditional membership, the Court in *Hunt* examined whether the organization possessed "indicia of membership" to qualify for organizational standing. *Students for Fair Admissions*, 600 U.S. at 200-01 (citing *Hunt*, 432 U.S. at 336-44). However, in *Students for Fair Admissions*, the Court held that "[t]he indicia of membership analysis employed in *Hunt* has no applicability" where a plaintiff organization "is indisputably a voluntary membership organization with identifiable members." *Students for Fair Admissions*, 600 U.S. at 201. Thus, "[w]here . . . an organization has identified members and represents them in good faith," the Court did not "require further scrutiny into how the organization operates." *Id.*

Accordingly, the Court stated in its May 15, 2026 Order:

---

[2] For purposes of this Order, "organizational standing" is interchangeable with "associational standing" or "representational standing." *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (an organization's "standing solely as the representative of its members. . . . is known as representational or organizational standing") (citation modified).

> Defendant is therefore entitled to some discovery regarding Plaintiff's organizational standing under *Hunt*. However, Defendant also concedes that, under *Students for Fair Admissions*, "organizations that have identified their members and their representation of those members in good faith [may] avoid being challenged on how the organization operates." [Citation omitted.] Thus, the Court rules that Defendant[] may seek Rule 30(b)(6) testimony about Plaintiff's business purpose and mission, but sustains Plaintiff's relevance objection as to testimony about Plaintiff's organizational structure and membership.

5/15/2026 Order at 14.

The Court applies the foregoing standard in its May 15, 2026 Order to the discovery requests sought in Defendant's instant motion to compel further responses to written discovery. As a result, Defendant's motion to compel is denied in part as to requests that seek information about Plaintiff's "organizational structure and membership" or "how the organization operates"; and Defendant's motion to compel is granted in part as to written discovery regarding Plaintiff's "business purpose and mission."

Before proceeding, the Court notes that its May 15, 2026 Order relied on the assumption that Plaintiff has identified its members and represents them in good faith pursuant to *Students for Fair Admissions*. *See* 5/15/2026 Order at 14; *Students for Fair Admissions*, 600 U.S. at 201. That assumption is now being challenged in Defendant's pending motion to dismiss for lack of Article III standing. (*See* ECF No. 151 at 2-3, 9-12.) It appears Defendant did not raise this contention in the parties' discovery dispute joint statement regarding Defendant's motion to compel further written discovery. *See* Jt. Stmt. re Pl.'s Written Responses. However, in light of Defendant's arguments in the pending motion to dismiss, the Court's denial of certain requests as set forth below is without prejudice to renewal should the district judge later determine, on review of Defendant's motion to dismiss, that Plaintiff has not identified members whom Plaintiff represents in good faith, or if the district judge determines that Defendant is entitled to additional discovery related to standing.

/ / /

1. Discovery Requests Related to Plaintiff's Business Purpose and Mission

The Court GRANTS Defendant's motion to compel as to the following requests, which seek information about Plaintiff's business purpose and mission:

> Interrogatory No. 16: Describe how YOUR BUSINESS PURPOSE AND MISSION has been funded from January 1, 2021, to the present.
>
> RFA No. 29: Admit that YOU did not utilize surveys, questionnaires, polling, or similar information gathering models when determining YOUR BUSINESS PURPOSE AND MISSION.
>
> RFA No. 30: Admit that YOU do not utilize surveys, questionnaires, polling, or similar information to determine how to achieve YOUR BUSINESS PURPOSE AND MISSION.
>
> RFA No. 32: Admit that YOU have not adopted or published any strategic plan, policy agenda, or written priorities, describing how YOU intend to advance YOUR BUSINESS PURPOSE AND MISSION.
>
> RFA No. 35: Admit that YOU do not have established written procedures or publicly available policies governing how YOU achieve the goals of YOUR BUSINESS PURPOSE AND MISSION.
>
> RFP No. 73: ALL DOCUMENTS that show any surveys, questionnaires, polling, or similar information-gathering methods used by YOU from January 1, 2021, to the present, in determining how to carry out YOUR BUSINESS PURPOSE AND MISSION.
>
> RFP No. 75: All DOCUMENTS including, policy agendas, annual plans, work plans, mission statements, by-laws, or similar DOCUMENTS describing how YOU advance YOUR BUSINESS PURPOSE AND MISSION with NON-LITIGATION ACTIVITIES from January 1, 2021, to the present.
>
> RFP No. 76: All DOCUMENTS including, policy agendas, annual plans, work plans, mission statements, by-laws, or similar DOCUMENTS, describing YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to the present.

Jt. Stmt. re Pl.'s Written Responses at 3, 4, 6. These requests are permissible because they seek information about Plaintiff's business purpose and mission. *See* 5/15/2026 Order at 14; *Students for Fair Admissions*, 600 U.S. at 201. Although Plaintiff objected to these requests on the basis of attorney-client privilege, Plaintiff has not established that

any of these requests categorically seek privileged communications. *See Greer v. County of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025) ("Generally, a party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication.") (citation modified). Plaintiff has therefore not met its burden to establish privilege.

Accordingly, Plaintiff is ordered to produce responsive documents by October 21, 2026.

2. Discovery Requests Related to Plaintiff's Operations

The Court DENIES Defendant's motion to compel as to the following requests, which seek information as to activities and events, going to Plaintiff's operation:

> RFA No. 28: Admit that YOU have not conducted any NON-LITIGATION ACTIVITY gatherings, assemblies, town halls, or public forums in furtherance of YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to present.

> RFA No. 31: Admit that YOU did not host, sponsor, or organize, any NON-LITIGATION ACTIVITY educational programs, workshops, conferences, or public EVENTS in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2026, to the present.

> RFA No. 33: Admit that YOU have not maintained any NON-LITIGATION ACTIVITY program or initiative dedicated to carrying out YOUR BUSINESS PURPOSE AND MISSION from January 1, 2021, to the present.

> RFA No. 34: Admit that YOU did not publish or disseminate newsletters, reports, annual reports, policy updates, or other similar materials describing activities undertaken in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2021, to the present.

> RFA No. 36: Admit that YOU have not engaged in any NON-LITIGATION ACTIVITY lobbying, legislative advocacy, public education, community outreach, or other public activities in furtherance of YOUR BUSINESS PURPOSE AND MISSION, from January 1, 2026, to the present.

> Interrogatory No. 14: Describe YOUR core NON-LITIGATION ACTIVITY business activities from January 1, 2021, to the present.

> Interrogatory No. 15: Describe all NON-LITIGATION ACTIVITY, projects, or EVENTS, undertaken by YOU to further YOUR BUSINESS PURPOSE AND MISSION within the past five years, including: (a) The nature, date,

> and location of each EVENT; (b) The extent to which people participated in the each EVENT; and (c) The method by which people were notified of the EVENT.
>
> Interrogatory No. 17: Describe what resources have supported YOUR NON-LITIGATION ACTIVITIES from January 1, 2021, to the present.
>
> RFP No. 72: ALL DOCUMENTS that show any public meetings, assemblies, town halls, public forums, or similar EVENTS conducted by YOU from January 1, 2021, to the present, in furtherance of YOUR BUSINESS PURPOSE AND MISSION.
>
> RFP No. 74: All DOCUMENTS establishing any NON-LITIGATION ACTIVITY educational programs, workshops, conferences, seminars, public EVENTS, or similar activities organized, sponsored, or hosted by YOU from January 1, 2021, to the present, in furtherance of YOUR BUSINESS PURPOSE AND MISSION.
>
> RFP No. 77: All DOCUMENTS identifying any NON-LITIGATION ACTIVITY programs, initiatives, campaigns, or projects undertaken by YOU, from January 1, 2021, to the present in furtherance of your BUSINESS PURPOSE AND MISSION.
>
> RFP No. 78: All newsletters, annual reports, activity reports, policy papers, educational materials, press releases, website content, or similar publications created or disseminated by YOU from January 1, 2021, to the present, concerning activities undertaken in furtherance of YOUR BUSINESS PURPOSE AND MISSION.

Jt. Stmt. re Pl.'s Written Responses at 3-4, 5-6.

These requests seek discovery relating to Plaintiff's operations through Plaintiff's activities and events. Defendant argues that the Court's May 15, 2026 Order permits Defendant to seek information about Plaintiff's business purpose and mission, which includes "whether and how Plaintiff pursues the purpose and mission it claims." *See* Jt. Stmt. re Pl.'s Written Responses at 7-9. Taken to its logical conclusion, however, Defendant's argument could permit discovery into almost any facet of Plaintiff's organization because of the ability to relate or connect most issues to an organization's business purpose and mission. The Court draws the line at activities and events, which are more fairly attributed to an organization's operations. As noted above, the Court's denial is without prejudice to renewal should the district judge determine that Plaintiff has

not identified members whom Plaintiff represents in good faith or that Defendant is entitled to additional discovery related to standing.

### C. Defendant's Motion to Compel Further Rule 30(b)(6) Deposition Topics

Defendant seeks to modify the May 15, 2026 Order and compel Plaintiff to produce a Rule 30(b)(6) witness to address the following deposition topics that the Court previously denied in the May 15, 2026 Order:

> Topic 2: Any sampling, monitoring, inspection, or other investigative activities by YOU relating to the allegations in the Complaint.
>
> Topic 5: The basis of the allegations in the COMPLAINT that SWEETENER DISCHARGES contaminated storm water.
>
> Topic 7: The basis of the allegations in the COMPLAINT that DISCHARGES of stormwater from the FACILITY reach a Water of the United States.

Jt. Stmt. re Pl.'s 30(b)(6) Dep. Topics at 3.

"A district court has the power to modify or lift a protective order that it has entered." *Tumbling v. Merced Irr. Dist.*, 2010 WL 1131172, at *1 (E.D. Cal. Mar. 24, 2010) (citing *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995)). "[T]here must be good cause shown before a protective order can be vacated." *Tumbling*, 2010 WL 1131172, at *2.

Previously, the Court's May 15, 2026 Order denied Defendant's motion to compel and granted Plaintiff's motion for a protective order as to these topics because they constituted premature expert discovery. 5/15/2026 Order at 11-13. This conclusion was based on Plaintiff's representation that Plaintiff "[would] be disclosing its expert witness(es) and reports on or before the due date of August 14, 2026, after which Defendant may notice the deposition of EDEN's expert(s) to obtain testimony[.]" (ECF No. 89 at 8 (emphasis in original); *see also id.* at 13.) As further example, at the May 5, 2026 hearing on the Rule 30(b)(6) deposition of Plaintiff, Plaintiff's counsel stated that "the sampling, the monitoring, and the inspection in Number 2 is absolutely going to be

something that the Plaintiff's expert is going to testify to." 5/5/2026 Mot. Hr'g Tr. at 32:9-12 (ECF No. 100). Plaintiff likewise stated that Topic 5 and Topic 7 related to expert opinion. *Id.* at 32:16-17, 33:23-34:3. However, Defendant argues, because the deadline to designate an expert witness has now passed and Plaintiff has failed to designate an expert witness, Defendant is entitled to obtain deposition testimony on these topics from Plaintiff's Rule 30(b)(6) witness. Jt. Stmt. re Pl.'s 30(b)(6) Dep. Topics at 4-5. The Court agrees and, finding good cause to modify its May 15, 2026 Order, concludes that Defendant may depose Plaintiff as to Topics 2, 5, and 7.

Plaintiff's one-page opposition in the parties' discovery dispute joint statement provides cursory arguments. First, Plaintiff argues that Defendant's motion to compel is "procedurally improper" because "[a] Protective Order limiting discovery under Rule 26 cannot be 'compelled.'" *Id.* at 6. Plaintiff also refers to its prior objections to Defendant's motion at ECF No. 143. *Id.* It is unclear what Plaintiff is trying to argue. In any event, the Court construes Defendant's motion as a motion to modify the Court's May 15, 2026 Order, which is procedurally proper for Defendant to bring. *See id.* at 3-5 (Defendant discussing standard to modify protective orders).

Second, Plaintiff objects to the substance of Topics 5 and 7 as improper expert testimony. *Id.* However, as discussed above, Plaintiff has forfeited its ability to rely on an expert witness and can no longer object that the deposition topics prematurely seek expert testimony.

Third, Plaintiff argues it has already provided documentary discovery pertaining to Topic 2. *Id.* This argument fails because Defendant "has a right to verify and explore information produced during discovery through a 30(b)(6) deposition." *Valdez v. Leeds*, 2019 WL 316818, at *2 (E.D. Cal. Jan. 24, 2019).

**D. Attorney's Fees**

Plaintiff requests attorney's fees pursuant to Rule 37(a)(5)(B) and Rule 37(b)(2)(C), apparently assuming the Court would deny Defendant's motion to compel additional written discovery. Jt. Stmt. re Pl.'s Written Responses at 20. Plaintiff also

seeks "an evidentiary sanction that Defendant is precluded from seeking further discovery related to EDEN's associational standing." *Id.* Defendant does not appear to seek expenses for either of its motions to compel.

Under Rule 37, if a motion to compel is granted in part and denied in part, a court may apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C). A court may also impose sanctions, including attorney's fees and evidentiary sanctions, for failure to comply with a court order. Fed. R. Civ. P. 37(b)(2).

Here, because the Court is granting-in-part and denying-in part Defendant's motion to compel additional written discovery, the Court declines to award expenses to either party on that motion. Further, Defendant has not violated any court order to justify monetary or evidentiary sanctions pursuant to Rule 37(b)(2). Therefore, the parties shall bear their own fees and costs related to Defendant's motions.

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for a ruling on Plaintiff's objections to Defendant's motions to compel (ECF No. 144) is DENIED as moot.
2. Defendant's motion to compel further responses to written discovery (ECF No. 140) is GRANTED IN PART and DENIED IN PART as set forth above. Plaintiff must produce responsive documents ordered by October 21, 2026.
3. Defendant's motion to compel further topics from Plaintiff's Rule 30(b)(6) witness (ECF No. 141) and modify the Court's May 15, 2026 Order as to Topics 2, 5, and 7 is GRANTED.
4. Plaintiff's request for attorney's fees and evidentiary sanctions (ECF No. 146) is DENIED.

Dated: October 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, cent.0078.25