UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SWEETENER PRODUCTS, INC.,<br><br>Defendant. | No. 2:25-cv-00078 WBS CSK<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u> |

----oo0oo----

Defendant has moved to dismiss plaintiff's Clean Water Act suit against it, arguing that plaintiff lacks associational standing. (Mot. (Docket No. 151-1).)

On October 7, 2026, plaintiff requested an order terminating its attorney of record. (Req. for Order Terminating Att'y of R. (Docket No. 162).) It also requested a 14-day stay of the entire action or, alternatively, a continuance of all impending due dates. (Id.) On October 14, the court denied those requests because plaintiff had not complied with Local Rule

182(d)'s noticed-motion requirements. (Docket No. 166.) Later that same day, plaintiff's counsel submitted notice that his California bar license is inactive. (Notice of Inactive State Bar License (Docket No. 167).)

Because plaintiff is not a natural person, it may appear only through counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); L.R. 183(a). Its attorney of record cannot practice law before this court while his license is inactive. L.R. 180(b)-(c). More than a month has now passed since plaintiff requested a 14-day stay to retain new counsel and it has still made no successful effort to do so. (Req. for Order at 2.)[1]

No opposition to defendant's motion has been filed on behalf of plaintiff to defendant's motion, and no appearance was made on its behalf at the November 9, 2026 hearing. (Notice of Failure to File Opposition (Docket No. 168); Hr'g Minutes (Docket No. 170).) The court considers the lack of any opposition to the motion to constitute a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Moreover, from the court's review of the moving papers, defendant's motion appears to have merit. It is not for the court to independently research the

[1] On October 10, defendant requested judicial notice of a document indicating that plaintiff had dissolved itself on October 7. (Req. for Judicial Notice Ex. A (Docket No. 163).) Nevertheless, under California law, a dissolved LLC "continues to exist for the purpose of winding up its affairs," and "[n]o action or proceeding to which a limited liability company is a party abates by the filing of a certificate of cancellation for the limited liability company or by reason of proceedings for its winding up and dissolution." Cal. Corp. Code § 17707.06(a)-(b). The law of the forum state determines an LLC's capacity to sue in federal court. Fed. R. Civ. P. 17(b)(3).

issues to find if any meritorious arguments might be made in opposition to the motion.

IT IS THEREFORE ORDERED that defendant's unopposed motion to dismiss (Docket No. 151) be, and the same hereby is, GRANTED. This action is DISMISSED. The Clerk of Court shall enter judgment accordingly and close the case.

Dated: November 12, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE